ORIGINAL

PETER S. DICKINSON (Bar No. 139495)
pdickinson@bushgottlieb.com
DAVID AHDOOT (Bar No. 245133)
dahdoot@bushgottlieb.com
BUSH GOTTLIEB SINGER LÓPEZ KOHANSKI
ADELSTEIN & DICKINSON, A Law Corporation
3500 West Olive Avenue, Suite 1100
Burbank, California 91505-4657
Telephone: (818) 973-3200
Facsimile: (818) 973-3201

Attorneys for Defendant ROBERT F. KENNEDY
FARM WORKERS MEDICAL PLAN

FILED
08 APR 24 PM 4:29
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

PIONEERS MEMORIAL HEALTHCARE DISTRICT, a California nonprofit corporation,

   Plaintiff,

v.

ROBERT F. KENNEDY FARM WORKERS MEDICAL PLAN, a California health plan; and DOES 1 through 12, inclusive,

   Defendants.

Case No. '08 CV 0747 WQH CAB

Superior Court Case No. ECU04190

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) [FEDERAL QUESTION]**

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that Defendant ROBERT F. KENNEDY FARM WORKERS MEDICAL PLAN ("RFK Plan") give notice of the removal of this action from the Superior Court of the State of California for the County of Imperial, pursuant to 28 U.S.C. § 1441. Defendant RFK Plan alleges as follows:

1.  On or about February 5, 2008, an action commenced in the Superior Court of California For the County of Imperial entitled <u>Pioneers Memorial Healthcare District, a California nonprofit corporation v. Robert F. Kennedy Farm Workers Medical Plan, a California health plan</u>, Case No. ECU04190. A true and

117616.1  11970-15006

NOTICE OF REMOVAL OF ACTION
CASE NO. ECU04190

1 correct copy of the Complaint is attached as Exhibit A and incorporated by reference
2 herein as though set forth at length. The above-described document represents all
3 pleadings, process and orders received by the RFK Plan in this action.

4    2.    The first date upon which the Defendant RFK Plan received a copy of
5 the complaint was on or about March 28, 2008, when the RFK Plan was served with
6 a copy of the complaint and summons.

7    3.    This Court has original jurisdiction under 28 U.S.C. §1331, and this
8 action is one which may be removed to this Court by Defendant pursuant to the
9 provisions of 28 U.S.C. §1441(b) in that it arises under Employee Retirement Income
10 Security Act ("ERISA"), (29 U.S.C. §1001, *et seq*.). Because Plaintiff's claim is for
11 denial of benefits under this plan, it is pre-empted by ERISA and properly removed to
12 this Court. Gibson v. Prudential Insurance Co. of America, 915 F.2d 414 (9th Cir.
13 199); Metropolitan Life v. Taylor, 481 U.S. 58 (1987).

14    4.    This action is a civil action which involves a claim for benefits of which
15 this Court has original jurisdiction under 29 U.S.C. §185(a) and under ERISA, 29
16 U.S.C. §1132(a), (e) and (f) and is one which may be removed to this Court by the
17 RFK Plan pursuant to 28 U.S.C. §1441(a) and (b), in that:

18        a.    Based on the allegations of the Complaint, Plaintiff, Pioneers,
19 under a Contract with Community Care Network ("CCN") agreed to provide
20 medically necessary services, supplies, and/or equipment covered by the RFK Plan's
21 health plan for eligible participants.

22        b.    The RFK Plan is an employee welfare plan within the meaning of
23 29 U.S.C. §1002(1) and a joint labor-management fringe benefit trust organized
24 pursuant to 29 U.S.C. §186(c)(5), engaged in collecting, investing and disbursing
25 payments from employers in an industry affecting commerce for the exclusive benefit
26 of employees covered by collective bargaining agreements between labor
27 organization and the employers from whom the payments are collected.

28 5.    This Complaint artfully alleges a cause of action for benefits payable, if at all,

1  under the terms of an employee benefit plan sponsored by the United Farm Workers
2  and various employers in the agriculture industry.
3         a.    Thus, this action is a civil action of which this Court has original
4  jurisdiction under 28 U.S.C. § 1331 and is one which may be removed to this Court
5  by Defendant RFK Plan pursuant to the provisions of 28 U.S.C. § 1441(b).
6         b.    This Notice of Removal is timely in that it is filed within thirty
7  (30) days of the first receipt of a copy of the Complaint by Defendant RFK Plan.

DATED: April 23, 2008

PETER S. DICKINSON
BUSH GOTTLIEB SINGER LÓPEZ
KOHANSKI ADELSTEIN & DICKINSON
A Law Corporation

By _____
Peter S. Dickinson
Attorneys for Defendant

BUSH GOTTLIEB SINGER LÓPEZ KOHANSKI ADELSTEIN & DICKINSON
3500 West Olive Avenue, Suite 1100
Burbank, California 91505-4657

Case 3:08-cv-00747-WQH-CAB    Document 1    Filed 04/24/2008    Page 4 of 17

```
 1  STEPHENSON, ACQUISTO & COLMAN
    JOY Y. STEPHENSON, ESQ.
 2  BARRY SULLIVAN, ESQ.              (SBN 113755)
    KARLENE J. ROGERS-ABERMAN, ESQ.   (SBN 136571)
 3                                    (SBN 237883)
 4  303 N. Glenoaks Blvd., Suite 700
    Burbank, CA 91502
 5
    Telephone:  (818) 559-4477        Assigned for all purposes to Judge
 6  Facsimile:  (818) 559-5484        including trial
 7                                         JEFFREY B. JONES
    Attorneys for Plaintiff
 8  PIONEERS MEMORIAL HEALTHCARE DISTRICT
```

**ENDORSED** FEB -5 2008
SUPERIOR COURT
IMPERIAL COUNTY
JOSE O. GUILLEN, CLERK
BY ADRIAN A. GARCIA
DEPUTY

## SUPERIOR COURT OF CALIFORNIA
## FOR THE COUNTY OF IMPERIAL
## UNLIMITED JURISDICTION

| | |
|---|---|
| PIONEERS MEMORIAL HEALTHCARE DISTRICT, a California nonprofit corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ROBERT F. KENNEDY FARM WORKERS MEDICAL PLAN, a California health plan; and DOES 1 THROUGH 12, INCLUSIVE,<br><br>Defendants. | Case No.: ECU04190<br><br>COMPLAINT FOR DAMAGES FOR:<br><br>1. BREACH OF WRITTEN CONTRACT;<br><br>2. BREACH OF ORAL CONTRACT; and<br><br>3. NEGLIGENT MISREPRESENTATION; and<br><br>4. COMMON COUNTS. |

///
///
///
///
///

complaint
01/25/2008 05:49 PM

- 1 -

COMPLAINT FOR DAMAGES

## PARTIES

1. Plaintiff Pioneers Memorial Healthcare District ("Pioneers") is a nonprofit corporation organized and existing pursuant to the laws of the State of California. Pioneers has its principal place of business in the City of Brawley, County of Imperial, State of California. Pioneers renders medically necessary care to patients.

2. Defendant The Robert F. Kennedy Farm Workers Medical Plan ("RFK") is a health plan organized and existing pursuant to the laws of the State of California. RFK has its principal place of business in Keene, Kern County, California.

3. Pioneers is unaware of the true names and capacities, whether corporate, associate, individual, partnership or otherwise of defendants Does 1 through 12, inclusive, and therefore sues such defendants by such fictitious names. Pioneers will seek leave of the Court to amend this complaint to allege their true names and capacities when ascertained.

4. Defendants, and each of them, at all relevant times, have transacted business in the State of California. The violations alleged within this complaint have been and are being carried out in the State of California.

5. At all relevant times each of the defendants, including the defendants named "Doe," was and is the agent, employee, employer, joint venturer, representative, alter ego, subsidiary, and/or partner of one or more of the other defendants; and was, in performing the acts complained of herein, acting within the scope of such agency, employment, joint venture, or partnership authority, and/or is in some other way responsible for the acts of one or more of the other defendants.

6. RFK and Does 1 through 12, inclusive, shall be collectively referred to as "RFK."

//

## COMMON FACTUAL BACKGROUND

7. At all relevant times, Community Care Network ("CCN") had entered into written contracts with hospitals and physicians (collectively, the "CCN Contract"). According to the CCN Contract, hospitals and/or physicians agreed to provide medically necessary services, supplies and/or equipment to individual enrollees of health plans, which health plans were registered with CCN as "Payor" signatories to the CCN Contract. In exchange, Payors agreed to pay such hospitals and/or physicians for the medically necessary services, supplies and/or equipment rendered to the individual enrollees of that Payor's health plan.

8. At all relevant times, RFK had registered with CCN as a Payor signatory to the CCN Contract and hence agreed to pay hospitals and/or physicians for the medically necessary services, supplies and/or equipment rendered to the individual enrollees of RFK's health plan pursuant to the terms of the CCN Contract.

9. At all relevant times, Pioneers had entered into the CCN Contract as a provider of medical services, supplies, and/or equipment for the benefit of all individual enrollees of health plans who were registered as Payor signatories under that contract.

10. Thus, under the CCN Contract, Pioneers agreed to provide medically necessary services, supplies, and/or equipment to the individual enrollees of RFK's health plan; in exchange, RFK agreed to pay Pioneers the negotiated rates pursuant to the terms of the CCN Contract for the medically necessary services, supplies, and/or equipment rendered to the individual enrollees of RFK's health plan. The negotiated rates under the CCN Contract provided among other things for such inpatient services to be paid at a 15 % discount off of the ordinary total billed charges submitted by Pioneers for acute inpatient services. Under the CCN Contract, Pioneers agreed to submit bills to RFK and/or RFK's agent reflecting Pioneers' ordinary total billed charges associated with rendering

1  the medically necessary services, supplies, and/or equipment rendered to the
2  individual enrollees of RFK's health plan (the "CCN Contract Amount Due"). In
3  exchange, RFK agreed to process and pay the CCN Contract Amount Due (i.e.,
4  Pioneers's ordinary total billed charges less a 15% discount).

5       11.   At all relevant times, a patient whose date of birth was March
6  14, 1937 ("Patient No. 100454443) was an individual enrollee of RFK's health
7  plan.

8       12.   Pioneers admitted Patient No. 100454443 on June 28, 2005; he
9  was discharged from Pioneers on July 26, 2005. During that stay, Pioneers
10 rendered medically necessary emergency services, supplies, and/or equipment to
11 Patient No. 100454443.

12      13.   On or about June 29, 2005, an employee of RFK verified
13 Patient No. 100454443 was enrolled in RFK's health plan and stated that RFK
14 would pay 100% of the first $1500 in charges for Patient No. 100454443's
15 treatment, then 80% of charges thereafter, with no patient deductible. No mention
16 was made by RFK of any annual payment maximums associated with Patient No.
17 100454443's healthcare policy.

18      14.   Also on June 29, 2005, Pioneers telephoned CCN, RFK's agent,
19 to report that Patient No. 100454443 had been admitted and to request
20 authorization for Patient No. 100454443's treatment. CCN employee "Gentry"
21 authorized the first 3 days of Patient No. 100454443's stay from June 28 through
22 June 30, 2005, and provided authorization reference number 5763569-3.

23      15.   On July 5, 2005, "Connie" from CCN updated the treatment
24 authorization to include dates of service July 1 through July 5, 2005.

25      16.   On July 29, 2005, "Carolyn" at CCN authorized treatment of
26 Patient No. 100454443 through and including July 24, 2005, but declined to
27 authorize treatment for July 25, 2005.
28

complaint
01/25/2008 05:49 PM                    - 4 -              COMPLAINT FOR DAMAGES

17. Pioneers' ordinary total billed charges for rendering the medically necessary services, supplies, and/or equipment to Patient No. 100454443 from June 28, 2005 through July 26, 2005 totaled $122,616.91.

18. Thus, according to the CCN Contract, RFK owed Pioneers a balance of $104,224.37 after application of the 15% discount of $18,392.54. Alternatively, based on the oral representations made by RFK or its agents to Pioneers, RFK owed Pioneers a balance of $98,393.53 – i.e. 100% of the first $1500 in charges and 80% of the remaining balance.

19. On or about August 1, 2005, Pioneers submitted the final bill regarding Patient No. 100454443 to RFK, which bill reflected Pioneers' ordinary total billed charges of $122,616.91.

20. On or about September 6, 2005, Pioneers received a total payment of $26,755.90 from RFK as payment for the medically necessary services, supplies, and/or equipment rendered to Patient No. 100454443.

21. However, RFK failed to pay Pioneers for the remaining balance of either $77,468.47 based on the CCN Contract rates (i.e., the CCN Contract Amount Due), or $71,637.63 based on the oral contract created when RFK verified Patient No. 100454443's benefits (the "Oral Contract Amount Due"), for the medically necessary services, supplies, and/or equipment rendered to Patient No. 100454443, despite demand therefor.

22. Pioneers reasonably relied on RFK's agent's (and/or RFK's agent's agent's) representations that: i) Patient No. 100454443 was an enrollee of RFK's health plan, and, ii) that Pioneers would be paid as promised by RFK – and thus was induced not to make other financial arrangements to obtain payment for the medical services, supplies and/or equipment eventually rendered to Patient No. 100454443.

23. Pioneers has now exhausted all available administrative remedies to appeal RFK's refusal to pay either the CCN Contract Amount Due or

1  the Oral Contract Amount Due for the medical services, supplies and/or equipment
2  rendered to Patient No. 100454443.
3
4  **FIRST CAUSE OF ACTION**
5  (Breach of Written Contract)
6  (Against defendants RFK and Does 1 through 12, inclusive)
7  24. Pioneers incorporates by reference and re-alleges paragraphs 1
8  through 23 here as though set forth in full.
9  25. As stated above, under the written CCN Contract, Pioneers
10 agreed to provide medically necessary services, supplies, and/or equipment to the
11 individual enrollees of RFK's health plan; in exchange for which RFK agreed to
12 pay Pioneers pursuant to the negotiated rates under the CCN Contract.
13 26. Pioneers performed all conditions, covenants, and promises
14 required on its part to be performed in accordance with the terms and conditions of
15 the CCN Contract.
16 27. Pioneers demanded RFK perform its obligations to pay
17 Pioneers the CCN Contract Amount Due for the medical services, supplies and/or
18 equipment rendered to Patient No. 100454443.
19 28. RFK breached the CCN Contract by failing to pay Pioneers the
20 CCN Contract Amount Due.
21 29. As a result of the breach by RFK, Pioneers suffered damages in
22 the sum of $77,468.47, which sum represents Pioneers' usual and customary total
23 billed charges of $122,616.91, less the 15% discount of $18,167.54 under the CCN
24 Contract, and less the underpayment of $26,755.90.
25 ///
26 ///
27 ///
28

## SECOND CAUSE OF ACTION

(Breach of Oral Contract)

(Against defendants RFK and Does 1 through 12, inclusive)

30. Pioneers incorporates by reference and re-alleges paragraphs 1 through 23 here as though set forth in full.

31. As stated above, RFK and Pioneers entered into an oral contract pursuant to which Pioneers agreed to provide and/or continue to provide medically necessary services, equipment and/or supplies to Patient No. 100454443, in exchange for which RFK agreed to pay Pioneers pursuant to the representation under the oral contract (*i.e.*, 100% of the first $1500 of Pioneers' billed charges, and 80% of charges thereafter, with no patient deductible).

32. Pioneers performed all conditions, covenants, and promises required on its part to be performed in accordance with the terms and conditions of the oral contract.

33. Pioneers demanded RFK perform its obligations to pay Pioneers in accordance with the terms of the oral contract for the medical services, equipment, and supplies rendered to Patient No. 100454443.

34. RFK breached the oral contract by failing to pay Pioneers the Oral Contract Amount Due.

As a result of the breach by RFK, Pioneers suffered damages in the sum of $71,637.63 which sum represents Pioneers' usual and customary total billed charges of $122,616.91, less the 20% discount of $24,223.38 under the oral contract, and less the underpayment of $26,755.90.

///
///
///
///

- 7 -  COMPLAINT FOR DAMAGES

## THIRD CAUSE OF ACTION

(Negligent Misrepresentation)

(Against defendants RFK and Does 1 through 12, inclusive)

35. Pioneers incorporates by reference and re-alleges paragraphs 1 through 23 here as though set forth in full.

As stated above, under the parties' oral contract, Pioneers agreed to provide medically necessary services, supplies, and/or equipment to the individual enrollees of RFK's health plan; in exchange for which RFK agreed to pay Pioneers 100% of the first $1500 of Pioneers' billed charges, and 80% of charges thereafter, with no patient deductible.

36. That representation was false (or was made without a reasonable basis for believing it to be true) in that RFK had no intention to adhere to the oral contract and pay Pioneers 100% of the first $1500 of Pioneers' billed charges, and 80% of charges thereafter, for rendering medical services, supplies, and/or equipment to Patient No. 100454443.

37. RFK intended Pioneers to rely on that aforementioned misrepresentation to induce Pioneers to render or continue rendering medical services, supplies and/or equipment to Patient No. 100454443 and abstain from making alternative financial arrangements with the patient.

38. Pioneers reasonably relied on that misrepresentation.

39. RFK refused and continues to refuse to pay Pioneers the Oral Contract Amount Due despite the earlier representations of RFK or its agent (or its agent's agent) to the contrary.

40. As a direct and proximate result of the aforementioned misrepresentation, Pioneers was obstructed from pursuing other avenues of reimbursement, rendered medical care on false pretenses, and has suffered substantial detrimental damages in the sum of $71,637.63 which sum represents Pioneers' usual and customary total billed charges of $122,616.91, less the 20%

1 | discount of $24,223.38 under the oral contract, and less the underpayment of
2 | $26,755.90.

## FOURTH CAUSE OF ACTION

(Common Count: Goods and Services Rendered)

(Against defendants RFK and Does 1 through 12, inclusive)

42. Pioneers incorporates by reference and re-alleges paragraphs 1 through 23 here as though set forth in full.

43. RFK requested, by words or conduct, that Pioneers perform services for the benefit of RFK.

44. Pioneers performed the services as requested.

45. RFK has not paid Pioneers for the value of the services.

46. The unpaid remaining amount for the value of the services provided is $104,224.37.

## PRAYER FOR RELIEF

WHEREFORE, Pioneers prays for judgment as follows:

For the First Cause of Action:
1. for the principal sum of $77,468.47;
2. for interest on such principal sum at the rate of fifteen percent (15%) per annum, pursuant to Cal. Health & Safety Code § 1371;

For the Second and Third Causes of Action:

complaint
01/25/2008 05:49 PM

- 9 -

COMPLAINT FOR DAMAGES

3. for the principal sum of the sum of $71,637.63;
4. for interest on such principal sum at the rate of 15% per annum, pursuant to Cal. Health & Safety Code § 1371; or,
5. for interest on such principal sum at the rate of 10% per annum, pursuant to Cal. Civ. Code § 3289;

For the Fourth Cause of Action:

6. for the principal sum of the sum of $104,224.37;
7. for interest on such principal sum at the rate of 15% per annum, pursuant to Cal. Health & Safety Code § 1371; or,
8. for interest on such principal sum at the rate of 10% per annum, pursuant to Cal. Civ. Code § 3289; and,

For All Causes of Action:

9. for such other and further relief as the Court deems just and proper.

Dated: January 25, 2008

STEPHENSON, ACQUISTO & COLMAN

KARLENE J. ROGERS-ABERMAN
Attorneys for
PIONEERS MEMORIAL HEALTHCARE DISTRICT

complaint
01/25/2008 05:49 PM

- 10 -

COMPLAINT FOR DAMAGES

**PROOF OF SERVICE**
1013a(3) CODE OF CIVIL PROCEDURE

STATE OF CALIFORNIA      )
                         ) ss.
COUNTY OF LOS ANGELES    )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 3500 West Olive Avenue, Suite 1100, Burbank, California 91505.

On April 23, 2007, I served the foregoing document described as **NOTICE REMOVAL OF ACTION; CERTIFICATION AS TO INTERESTED PARTIES; CIVIL CASE COVER SHEET** on interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

Karlene Rogers-Aberman
Stephenson, Acquisto & Colman
303 North Glenoaks Blvd., Suite 700
Burbank, CA 91502
(818) 559-4477
(818) 559-5484 FAX

☒   BY MAIL: I caused such envelope to be deposited in the mail at Burbank, California. The envelope was mailed with postage thereon fully prepaid.

☐   BY FACSIMILE: By transmitting from my business address a true copy thereof from sending facsimile machine (818) 559-6473 addressed to each party at its facsimile telephone number set forth on the service list.

☐   BY NOTICE OF ELECTRONIC FILING (NEF): Pursuant to the U.S. District Court – Central District of California Electronic Case Management Order (General Order 08-02, L.R. 5-3.3), I submitted an electronic version of the above-referenced documents via portable document format file transfer protocol through the CM/ECF of the United States District Court – Central District of California webpage and received a Notice of Electronic Filing that the documents were served to the e-mail address(es) stated above.

☐   BY FEDERAL EXPRESS: I served the foregoing document by Federal Express by placing true copies of the foregoing document in sealed envelopes addressed to each interested party as set forth above.

☐   BY PERSONAL SERVICE: I caused such envelope to be delivered by hand to the offices of the addressee.

☐   **(State)**   I declare under penalty of perjury under the laws of the state of California that the above is true and correct.

☒   **(Federal)**   I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

JOAN M. SILVER                              Joan M. Silver
Type or Print Name                          Signature

117851.1

JS 44 (Rev. 12/07)   **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
Pioneers Memorial Healthcare District, a California nonprofit

### DEFENDANTS
Robert F. Kennedy Farm Workers Medical Plan, a California health plan

FILED
08 APR 24 PM 4:22
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

**(b)** County of Residence of First Listed Plaintiff: **Imperial**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **Kern**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Karlene Rogers-Aberman, Stephenson, Acouisto & Colman
303 North Glenoaks, Ste. 700, Burbank, CA 91505

Attorneys (If Known)
Peter S. Dickinson, Bush Gottlieb, et al.

'08 CV 0747 WQH CAB

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / **Habeas Corpus:** | ☒ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

### V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. Section 1441(b)

Brief description of cause:
breach of contract for medical benefits

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

### VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE _____   DOCKET NUMBER _____

DATE: 04/23/2008
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**

RECEIPT # 15076   AMOUNT 350.00   APPLYING IFP   JUDGE   MAG. JUDGE

TB 04/24/08

```
          UNITED STATES
          DISTRICT COURT
      SOUTHERN DISTRICT OF CALIFORNIA
            SAN DIEGO DIVISION

         #  150176      -- MB

           April 24, 2008
              16:27:27

            Civ Fil Non-Pris
   USAO #.: 08CV0747
   Judge..: WILLIAM Q HAYES
   Amount.:
   Check#.: BC41951          $350.00 CK


         Total->    $350.00


   FROM: PIONEERS MEMORIAL HEALTHCARE
         DISTRICT VS ROBERT F KENNEDY
         WORKSER MEDICAL PLAN
```