PETER S. DICKINSON (Bar No. 139495)
pdickinson@bushgottlieb.com
DAVID AHDOOT (Bar No. 245133)
dahdoot@bushgottlieb.com
BUSH GOTTLIEB SINGER LÓPEZ KOHANSKI
ADELSTEIN & DICKINSON, A Law Corporation
3500 West Olive Avenue, Suite 1100
Burbank, California 91505-4657
Telephone: (818) 973-3200
Facsimile: (818) 973-3201

Attorneys for Defendant ROBERT F. KENNEDY
FARM WORKERS MEDICAL PLAN

BUSH GOTTLIEB SINGER LÓPEZ KOHANSKI ADELSTEIN & DICKINSON
3500 West Olive Avenue, Suite 1100
Burbank, California 91505-4657

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PIONEERS MEMORIAL HEALTHCARE DISTRICT, a California nonprofit corporation,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT F. KENNEDY FARM WORKERS MEDICAL PLAN, a California health plan; and DOES 1 through 12, inclusive,<br><br>Defendants. | Case No. 08 CV 0747 WQH (CAB)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS COMPLAINT**<br><br>[F.R.C.P. 12(b)(1) & (6)]<br><br>The Honorable William Q. Hayes<br><br>Date: June 2, 2008<br>Time: 11:00 a.m.<br>Courtroom: 4<br><br>**NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT** |

## I. INTRODUCTION

Plaintiff Pioneers Memorial Healthcare District, a California nonprofit corporation filed this action on February 5, 2008, in the Imperial County Superior Court, alleging four causes of action: Breach of Written Contract, Breach of Oral Contract, Negligent Misrepresentation and Common Counts.

All of Plaintiffs causes of action are based on the common factual allegations that Plaintiff had a contract with Community Care Network ("CCN") providing Plaintiff with discount rates when it provides medical care to "individual enrollees of health plans, which health plans were registered with CCN as Payor signatories to the CCN

BUSH GOTTLIEB SINGER LÓPEZ KOHANSKI ADELSTEIN & DICKINSON
3500 West Olive Avenue, Suite 1100
Burbank, California 91505-4657

Contract." Complaint, ¶ 7. Plaintiff alleged that Robert F. Kennedy Farm Workers Medical Plan ("RFK Plan"), was "registered" as a Payor with CCN, that the RFK Plan was thereby bound to the same CCN Contract as Plaintiff, that Plaintiff provided services to RFK Plan enrollees, and that the Defendant RFK Plan refused to pay for those services. Complaint, ¶¶ 7-10.

Defendant removed the case to the District Court on April 24, 2008. Removal was predicated on the provisions of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §1001 *et seq.*, which preempts any state law action to recover benefits from an ERISA-covered employee benefit plan. Because Plaintiff's state law claims are preempted by ERISA, and because the Complaint fails to state any cognizable cause of action under ERISA, dismissal of the action in its entirety is appropriate under Federal Rules of Civil Procedure 12(b)(1) and (6).

## II. FACTS

The Complaint alleges that Plaintiff was party to a written contract with CCN - "the CCN Contract". Complaint,¶¶ 9 and 10. It alleges that the RFK Plan is also bound to the CCN Contract because it "registered with CCN as a Payor signatory to the CCN Contract" (Complaint, ¶8), and thereby agreed to pay Plaintiff for services provided to the enrollees in the RFK Plan's health plan. It alleges that the RFK Plan "breached the CCN Contract" by failing to pay Plaintiff for service it provided to enrollees in their plan. Complaint ¶28. Plaintiff further alleges that they have exhausted "all available administrative remedies to appeal RFK's refusal to pay" Complaint ¶ 23.

Plaintiff did not attach the CCN Contract referred to by its Complaint. The only CCN Contract of which RFK Plan is aware is the one it signed directly with CCN, which demonstrates that RFK Plan's obligations are limited to those covered by the RFK Plan. CCN is not an insurer or employee benefit plan; CCN provides managed healthcare services to such insurers and plans. The CCN Contract between CCN and RFK Plan (Exh. B to Declaration of Richard Vera in Support of Motion to Dismiss

BUSH GOTTLIEB SINGER LÓPEZ KOHANSKI ADELSTEIN & DICKINSON
3500 West Olive Avenue, Suite 1100
Burbank, California 91505-4657

("Decl. Vera") states that CCN provides managed health care services to companies "which administer, process, provide or serve access to covered health care services or benefits to Covered Members." Decl. Vera, Exh. B, pg. 13 (emphasis added). Those payments for services are limited to those covered by a benefit plan (referred to as "covered" in the CCN Contract), for participants eligible under a plan. Section 5.2 of the CCN Contract says:

> " Payment of Claims. Payor shall retain full responsibility for all medical benefits, temporary and permanent disability benefits, death benefits, medical-legal expenses, vocational rehabilitation, and any other expenses or services which are required to be paid or provided under applicable state and federal laws. CCN is not a claims administrator, and is engaged hereunder solely for the purpose of making recommendations with respect to provision and payment of medical benefits. Payor retains full responsibility for all final determinations regarding the obligation of Payor or any other person to pay for or otherwise provide benefits to Covered Members, including without limitation claims by or against employers, Covered Members, members of the CCN network, facilities, providers or other health car service providers ."

Decl. Vera, Exh. B, pg. 15.

Defendant RFK Medical Plan self administers, processes and pays claims and provides other administrative services to the Plan Participants. The benefits provided by the RFK Plan are described in a Summary Plan Description (SPD), which also sets forth many conditions, exclusions, and limitations. Decl. Vera ¶ 3, Exh. A. The claims for which Plaintiff seeks payment were denied in part because there is an annual cap in the Health Plan SPD limiting payable claims to $70,000.00 annually. Id at pp.9-10. The $26,755.90 recited by the complaint as paid to, and accepted by Pioneer, represents the difference between the participant's accrued claim for 2005 and the annual cap. Decl. Vera ¶ 3. Plaintiff claims it is owed an additional $77,468.47 based on the CCN Contract.

## III. ARGUMENT

ERISA preempts any state law claims that "relate to" an employee benefit plan. *Pilot Life Insurance Co. v. Dedeaux,* 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39

(1987); 29 U.S.C. §1144(a). The phrase "relate to" is given broad meaning such that a state law cause of action is preempted if it "has connection with or reference to that plan." *Metropolitan Life Ins. Co. v. Mass.*, U.S. 105 S.Ct. 2380,2385, 85 L.Ed.2d 728 (1985).

ERISA is a federal statute that wholly displaces any state law cause of action, so that a claim that comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality base on federal law. *Aetna Health Inc.* v. *Davila,* 542 U.S. 200, 207-208, 124 S.Ct. 2488,2495, 159 L.Ed.2 312, 327 (2004). The ERISA civil enforcement mechanism is one of those provisions with such "extraordinary pre-emptive power" that it converts an ordinary state common law claim into one stating a federal claim for purposes of the well-pleaded complaint rule. Hence, causes of action within the scope of the civil enforcement provisions of §502(a) are removable to federal court. *Id. at* 209.

In the instant case, Plaintiff has artfully pleaded four causes of action to try and avoid ERISA preemption. Although Plaintiff has carefully avoided using terms identifying ERISA in its Complaint, a close examination of the Complaint shows that Plaintiff *is* seeking to recover benefits under an ERISA plan, and ERISA therefore completely pre-empts Plaintiff's action.

**A. <u>The Causes of Action Against the RFK Plan Are All Dependent on, and Relate to, An ERISA Plan, and are Therefore Preempted by ERISA</u>**

The Complaint alleges that Plaintiff was party to the written "CCN Contract" with CCN. Complaint ¶¶ 7 and 9. It then alleges that the RFK Plan has "registered with CCN as a Payor signatory to the CCN Contract" (Complaint ¶8), and thereby agreed to pay Plaintiff for services provided *to the individual enrollees in RFK's health plan* [Emphasis added]. Plaintiff's First Cause of Action, Breach of Written Contract, alleges that Defendants "breached the CCN Contract" by failing to pay Plaintiff for services it provided to enrollees *in their plan.* Complaint,¶28.

As argued more extensively below, Plaintiff generally alleges that it was party to

BUSH GOTTLIEB SINGER LÓPEZ KOHANSKI ADELSTEIN & DICKINSON
3500 West Olive Avenue, Suite 1100
Burbank, California 91505-4657

BUSH GOTTLIEB SINGER LÓPEZ KOHANSKI ADELSTEIN & DICKINSON
3500 West Olive Avenue, Suite 1100
Burbank, California 91505-4657

the CCN Contract, and that Defendants "registered" with CCN, and perhaps thereby had some contractual relationship with Plaintiff Pioneer. There is no allegation of breach of any written contract between Pioneer and Defendants; the only contract referenced in the Complaint is a contract between Plaintiff and CCN.[1] Decl. Vera, ¶4.

But assuming, *arguendo*, that the CCN Contract between Plaintiff and CCN, and the CCN Contract between CCN and the RFK Plan somehow binds the RFK Plan to Plaintiff Pioneer that contract is very clear that any obligation undertaken by Defendant RFK Plan to pay Plaintiff for medical services is governed by, and subject to, the covered provisions of an ERISA plan. Indeed, the express terms of the RFK Plan Contract with CCN states ERISA shall control. Decl. Vera, Exh. B, pg.36.

The CCN Contract between RFK Plan and CCN (Exh. B to Decl. Vera) contains numerous provisions stating that payments for services to the hospital are limited to those "covered" by a benefit plan (called "covered services" in the contract), for participants eligible under a plan. Dec. Vera, Exh. B, pp. 13, 20, 23. Section 3.12 provides that the RFK Plan shall verify "eligibility under the healthcare services plan." Id.

The benefit plans that covered the enrollee to whom Plaintiff provided services are precisely the "covered services" to which this provision refers. See Decl. Vera. CCN has an agreement with the Plan whereby it guarantees that hospitals with which CCN contracts (such as Plaintiff) will charge them negotiated, discounted rates for services provided to Plan enrollees. See Decl. Vera, ¶4.

Plaintiff will doubtlessly rely greatly on the Ninth Circuit Court of Appeals decision in *The Meadows v. Employers Health Insurance,* 47 F.3d 1006 (9th Cir. 1995). *The Meadows* held that lawsuit by a medical provider against an ERISA plan based on misrepresentation and estoppel was not preempted, because the provider was

---

[1] For reasons discussed below, any allegedly oral agreement between Pioneer and the RFK Plan was created in 2005 and claims arising therefrom have long been barred by the 2 year statute of limitations.

BUSH GOTTLIEB SINGER LÓPEZ KOHANSKI ADELSTEIN & DICKINSON
3500 West Olive Avenue, Suite 1100
Burbank, California 91505-4657

not suing as an assignee of an ERISA beneficiary but as an entity suing for damages independently of an ERISA plan. *Id. at*1008. The Court noted that the beneficiary who had been treated had ceased participating in the ERISA plan before he received treatment and the plaintiffs claims had no connection to the plan itself at all. *Id. at 1*009.

That is not the scenario presented by the instant case. Consideration of the terms of the RFK Plan are unavoidable in this case. The enrollee *was* covered by the RFK Plan's ERISA benefit plan at the time Plaintiff treated him, and it was precisely because the terms of the Plans limited annual covered expenses to $70,000.00 that the RFK Plan paid the balance due on the annual cap and denied the remaining claims for treatment presented by Plaintiff. (See: Decl. Vera, ¶ 3.) Plaintiff is not suing Defendant for damages independently of the Plan covering the enrollee in question; its contract with CCN is clear that benefit payments are *subject to* the exclusions and limitations of the RFK Plan. (Decl. Vera, Exh. B, pg. 13) i.e., the maximum payable claims in a calendar year is capped at $70,000. Such stop gap measures are both common and an important insurance control which allows the RFK Plan to spread the trust assets across the agricultural worker population principally served by the RFK Plan.

Adjudication of Plaintiff's claims against the RFK Plan necessarily must deal with the following plan terms:

1. Benefits are capped at $70,000.00 annually (Decl. Vera, Exh. B).
2. The RFK Plan paid and Pioneer accepted $ 26,755.90. Complaint ¶20, representing the difference in the accrued medical expenses for the patient in question and the annual cap of $70,000.00. Complaint ¶ ¶20-21.
3. Pioneer alleges that it complied with and exhausted the claims appeal provisions. Complaint ¶ 23.

Plaintiff's allegations are nearly identical to the complaint filed by the same law

BUSH GOTTLIEB SINGER LÓPEZ KOHANSKI ADELSTEIN & DICKINSON
3500 West Olive Avenue, Suite 1100
Burbank, California 91505-4657

firm on behalf of a different client in *Fresno Community Hospital and Medical Center v. Souza*, USDC 07 CV 325 originally commenced in Fresno Superior Court, removed to the Eastern District Federal Court and ultimately dismissed with prejudice. Declaration of Peter S. Dickinson in Support of Motion to Dismiss ("Decl. Dickinson"), Exh. B. As in *Fresno Community Hospital*, Pioneer alleges that the RFK Plan owes money pursuant to a third-party network, the CCN Contract, based on the customary, reasonable and necessary medical services and supplies rendered by Pioneer Memorial Healthcare District. The District Court found that such claims unavoidably require examination of the ERISA employee health plan, and was thus preempted by ERISA.

In *California Pacific Medical Center v. Concentra Preferred Systems, Inc.*, 2004 WL 2331876, 33 EBC 2753 (USDC, N.D. of Cal., 2004), a hospital sued a plan for unfair business practices, unjust enrichment, declaratory relief, and breach of a contract between the hospital and a company called Interplan, which offered discounted medical services to the plan from its contracting hospitals in the same manner as CCN in the instant case. The court held that all the claims were preempted by ERISA:

> The provision of health care services is Defendants' fundamental purpose in operating the Plan; California Pacific provides those services to the Plan's eligible beneficiaries and then seeks reimbursement for Plan-covered services from Defendants. While California Pacific is ostensibly suing under the Interplan Agreement, Defendants' obligation to reimburse California Pacific for medical services under the Interplan Agreement necessarily implicates Plan administration because such an obligation could only arise if the services (1) are rendered to an eligible beneficiary and (2) covered by the Plan. *California Pacific Medical Center*, *supra*, 2004 WL 2331876, 33 EBC at 2756.

Similarly, *Cromwell v. Equicor-Equitable HCE Corp.*, 944 F.2d 1272 (6th Cir., 1991) held that health care provider's claims for breach of contract, promissory estoppel, negligence, and breach of the covenant of good faith were properly removed

BUSH GOTTLIEB SINGER LÓPEZ KOHANSKI ADELSTEIN & DICKINSON
3500 West Olive Avenue, Suite 1100
Burbank, California 91505-4657

to federal court and then dismissed as preempted by ERISA. Because the claims were based on coverage by an ERISA plan, and allowing them to proceed would have extended the coverage beyond the terms of the plan, the court held that they were "at the very heart of issues within the scope of ERISA's exclusive regulation and, if allowed, would affect the relationship between plan principals ...." Thus, they were held preempted. *Id. at* 1276.

The same is true in the instant case. The CCN Contract on which Plaintiff relies expressly states that payments for services rendered by Plaintiff are for "covered" services. The RFK Plan contains limitations on coverage where medical claims exceed $70,000.00 annually. When the medical claims by Plan participants exceed this cap, benefits were denied.

To allow Plaintiffs claims to proceed would render these provisions of the Plan meaningless and would interfere with the relationships between the Plan and its participants and beneficiaries. These are precisely the relationships and the types of Plan provisions that ERISA was intended to regulate to the exclusion of interference by state law. See: *General Am. Life Ins. Co. v. Castonguay,* 984 F.2d 1518 (9th Cir. 1993).

Accordingly, for all of the reasons set forth above, each of Plaintiffs state law causes of action - written breach of contract, breach of oral contract, negligent misrepresentation, and common counts are completely preempted by ERISA and must be dismissed.

**B. <u>Plaintiff Also Fails to State Any Claim That is Cognizable Under ERISA</u>**

Even viewing Plaintiffs claims as ERISA claims, the Complaint fails to allege any cause of action under the civil enforcement provisions of ERISA. These provisions, set forth at 29 U.S.C §1132, provide for civil actions by non-governmental entities as follows:

> 1. Persons empowered to bring a civil action
> A civil action may be brought -
> a. by a participant or beneficiary-

(1) for the relief provided for in subsection ©) of this section, or
(2) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;

b. by the Secretary, or by a participant, beneficiary or fiduciary for appropriate relief under Section 1109 of this title;

c. by a participant, 'beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (I) to redress such violations or (ii) to enforce any provisions of this subchapter of the terms of the plan;

Except for the Secretary of Labor, only a participant, beneficiary or fiduciary may bring action under these provisions, and then only for specific and limited relief. However, Plaintiff is not plan participant, beneficiary or fiduciary under ERISA and therefore would lack standing to bring action under Section 1132.

The only circumstance in which a provider of medical care to an ERISA plan participant may bring an action to recover benefits under 29 U.S.C. §1132(a)(I)(B) is as the assignee of the participant. *Misic v. Building Servo Employees Health and Welfare Trust*, 789 F.2d 1374, 1387 (9th Cir. 1986). In that case, the provider had standing derivatively from the participant. However, Plaintiff does not anywhere allege that it received an assignment of benefits from the enrollee at issue.

**C. Plaintiff's Claims for Negligent Misrepresentation and Oral Contract Are Barred by California's 2 Year Statute of Limitations**

California Code of Civil Procedure § 339 bars claims based on oral contracts if not initiated within two (2) years of the alleged breach. Likewise, CCP § 339(1) bars claims for negligent misrepresentation if not filed within 2 years. See E-Fab, Inc. v. Accountants, Inc. Services, 153 Cal. App. 4th 1308, 1316 (2007). Plaintiff alleges that the RFK Plan "breached the oral contract by failing to pay Pioneers the Oral Contract Amount Due." Complaint ¶ 34. Plaintiff asserted its claim more than 2 years prior to the February, 2008 filing date; indeed, counsel to the RFK Plan wrote Plaintiff's counsel on November 4, 2005 disputing that the RFK Plan was liable to Plaintiff. Decl. Dickinson, Exh. A. On April 10, 2008, the RFK Plan counsel again wrote Plaintiff's counsel advising them that these claims were barred by the statute of

BUSH GOTTLIEB SINGER LÓPEZ KOHANSKI ADELSTEIN & DICKINSON
3500 West Olive Avenue, Suite 1100
Burbank, California 91505-4657

limitations and demanding that the claims be dropped. Plaintiff has persisted in asserting these stale claims. The delay by Plaintiff has prejudicially affected the ability of the RFK Plans to respond to the claims because, among other things, the participant passed away in the 3 years since treatment was rendered.

**IV. CONCLUSION**

For all of the foregoing reasons, the Defendant RFK Plan respectfully submits that the Complaint should be dismissed in its entirety based on ERISA preemption of its state law claims and its failure to state a cause of action on which relief may be granted.

DATED: April 30, 2008

PETER S. DICKINSON
BUSH GOTTLIEB SINGER LÓPEZ
KOHANSKI ADELSTEIN & DICKINSON
A Law Corporation

By s/Peter S. Dickinson
Attorneys for Defendant RFK Plan
E-mail: pdickinson@bushgottlieb.com

BUSH GOTTLIEB SINGER LÓPEZ KOHANSKI ADELSTEIN & DICKINSON
3500 West Olive Avenue, Suite 1100
Burbank, California 91505-4657