1  STEPHENSON, ACQUISTO & COLMAN
2  JOY Y. STEPHENSON, ESQ.            (SBN 113755)
   BARRY SULLIVAN, ESQ.              (SBN 136571)
3  KARLENE J. ROGERS-ABERMAN, ESQ. (SBN 237883)
4  303 N. Glenoaks Blvd., Suite 700
   Burbank, CA 91502
5
   Telephone:  (818) 559-4477
6  Facsimile:   (818) 559-5484
7
   Attorneys for Plaintiff
8  PIONEERS MEMORIAL HEALTHCARE DISTRICT
9
10              UNITED STATES DISTRICT COURT
11             SOUTHERN DISTRICT OF CALIFORNIA
12

13  PIONEERS MEMORIAL              Case No.:    08-CV-0747-WQH-(CAB)
14  HEALTHCARE DISTRICT, a
    California non-profit corporation,
15                                 PLAINTIFF'S MEMORANDUM OF
            Plaintiff,             POINTS AND AUTHORITIES IN
16                                 OPPOSITION TO DEFENDANT'S
17      vs.                        MOTION TO DISMISS COMPLAINT
18  ROBERT F. KENNEDY FARM         [F.R.C.P. Rule 12(b)(1) and 12(b)(6)]
    WORKERS MEDICAL PLAN, A
19  California health plan; and DOES 1
20  THROUGH 25, INCLUSIVE,         DATE:            June 2, 2008
                                   TIME:            11:00 a.m.
21          Defendants.            COURTROOM:  4
22                                 JUDGE:  HON. WILLIAM Q. HAYES
23                                 **NO ORAL ARGUMENT UNLESS
24                                 REQUESTED BY THE COURT**
25  ////
26  ////
27
28

PLAINTIFF'S MEMORANDUM OF POINTS AND
                          AUTHORITIES IN OPPOSITION TO DEFENDANT'S
                          MOTION TO DISMISS COMPLAINT

# TABLE OF CONTENTS

Page

**MEMORANDUM OF POINTS AND AUTHORITIES**.................................-2-

**I.   INTRODUCTION AND SUMMARY OF ARGUMENT**.........................-2-

**II. ARGUMENT**...........................................................................-4-

**A.  Pioneers Memorial Plead Sufficient Facts To Support Its Independent Contract-Based Claims As a Health Care Provider, and This is Not Pre-Empted by ERISA**.................................................................-5-

    1.  **Third Party Hospital's Claim – Seeking Recovery of Damages Based on a Contract between Itself and the Health Plan – Is Not Pre-empted by ERISA**.................................................-5-

    2.  **ERISA Pre-emption of State Law Claims Does Not Extend to Tort Claims Falling Outside The Traditional Relationships Governed by ERISA**.....................................................................-9-

    3.  **The Complaint Is Not An Action That Plaintiff Could Have Brought Originally In Federal Court Under ERISA**.................-13-

**B.  Pioneers Memorial Stated Sufficient Facts to Support the Causes of Action Alleged in its Complaint**..............................................-15-

    1.  **The Breach of Written Contract Cause of Action States a Claim Upon Which Relief Can Be Granted**..................................-15-

    2.  **The Breach of Oral Contract Cause of Action States a Claim Upon Which Relief Can Be Granted**..................................-18-

    3.  **The Negligent Misrepresentation Cause of Action States a Claim Upon Which Relief Can Be Granted**..................................-18-

    4.  **Hospital's Common Count Cause of Action States a Claim Upon Which Relief Can Be Granted**.......................................-20-

**C.  Pioneers Memorial's Claims For Negligent Misrepresentation And Breach of   Oral Contract Are Not Barred By California's Two Year Statute of   Limitations**.......................................................-21-

# TABLE OF CONTENTS

Page

D.  **This Matter Should Be Remanded To State Court, Because
The Complaint Has Not Pled Any Cause of Action Over
Which The Court Has Original Jurisdiction Pursuant To
28 U.S.C §1441**...........................................................................-22-

III. **CONCLUSION**...........................................................................-23-

# TABLE OF AUTHORITIES

Page

## CASES

Botsford v. Blue Cross & Blue Shield of Montana, Inc., 314 F.3d 390, 393-94
(9th Cir. 2002)......................................................................................-6-

Boyd v. Bevilacqua, 247 Cal.App.2d 272, 287 1966)............................................-16-

Careau & Co., et al v. Security Pacific Business  Credit, Inc., 222 Cal. App 3d
1371, 1389 (1990)...................................................................................-16-

Cedars-Sinai Medical Center v. National League of Postmasters of the United
States 497 F.3d 972 (9th Cir. 2007)...........................................-5-, -6-, -8-

Church v. Jamison, 143 Cal. App. 4th 1568, 1583 (5th Dist. 2006).......................-22-

Conley v. Gibson, 355 U.S. 41, 45-46 (1957)........................................................-4-

Continental Airlines, Inc. v. McDonnell Douglas Corp., 216 Cal.App.3d 388, 402
(1989)..................................................................................................-19-

Cypress Fairbanks Medical Center, Inc. v. Pan American Life Insurance, 110 F.3d
280, 283 (5th Cir. 1997)................................................................-12-, -13-

Czechowski v. Tandy Corp., 731 F. Supp. 406 (N.D. Cal., 1990).......................-22-

De Buono v. NYSA-ILA Med. And Clinical Serv. Fund, 520 U.S. 806, 813-814
(1997)....................................................................................................-9-

Division of Labor Law Enforcement v. Transpacifc Transportation Co., 69 Cal.
App. 3d 268, 275 (1977)........................................................................-16-

TABLE OF AUTHORITIES

1

# TABLE OF AUTHORITIES

2

Page

3

4

5

Emrich v. Touche Ross & Co., 846 F.2d 1190, 1194 (9th Cir 1988)....................-22-

6

7

Farmers Ins. Exchange v. Zerin, 53 Cal.App.4th 445, 460 (1997).......................-20-

8

9

Franchise Tax Board v. Construction Laborers Vacation Trust, 463 U.S. 1, 27 (1983)...............................................................................................................-14-

10

11

Fresno Community Hospital and Medical Center v. Souza, USDC 07 CV 325 (E.D. 2007)............................................................................-4-, -6-, -7-

12

13

Gaus v. Miles, Inc., 980 F.2d 564 (9th Cir. 1992).....................................-22-

14

15

General Am. Life Ins. Co. v. Castonguay, 984 F.2d 1518, 1522 (9th Cir. 1993)....................................................................................................-10-

16

17

18

Geweke Ford v. St. Joseph's Omni Preferred Care Incorporated, 130 F.3d 1355, 1358 (9th Cir. 1997)......................................................................................-10-

19

Gilligan v. Jamco Develop. Corp. 108 F.3d 246, 249 (9th Cir. 1997).....................-4-

20

21

22

Harris v. Provident Life & Accident Insurance Company, 26 F.3d 930, 933 (9th Cir. 1994)......................................................................................................-14-

23

24

Hoag Memorial Hospital v. Managed Care Administrators, 820 F.Supp. 1232 (C.D.Cal. 1993)...................................................................-8-, -9-, -11-

25

26

Mackey v. Lanier Collection Agency & Service, Inc., 486 U.S. 825, 833 (1988)..........................................................................................................-10-

27

28

Memorial Hospital System v. Northbrook Life Ins. Co., 904 F.2d 236, 245 (5th Cir. 1990)...........................................................................................-11-

TABLE OF AUTHORITIES

# TABLE OF AUTHORITIES

Page

Newman v. Sathyabaglswaran, 287 F.3d 786, 788 (9th Cir. 2002)..........................-4-

New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co., 514 U.S. 645, 655 (1995)..................................................................-9-

Okun v. Morton, 203 Cal.App.3d 805, 817 (1988).................................................-16-

Parker, et al. v Walker, 5 Cal.App.4th 1173, 1190 (3rd Dist. 1992)....................-21-

Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998)..............................................-4-

Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 48 (1987)...........................................-9-

Porten v. University of San Francisco, 64 Cal.App.3d 825, 833 (1976)...............-15-

Smith v. Kern County Land Co., 51 Cal.2d 205, 206 (1958)...............................-15-

The Meadows v. Employers Health Ins., 47 F.3d 1006, 1007-1008 (9th Cir. 1995)..................................................................-7-,-8-, -10-,-11-

Williams v. Caterpillar Tractor Co., 786 F.3d 928, 930 (9th Cir. 1986)...............-22-

Whitney Investment Co. v. Westview Development Co., 273 Cal. App. 2nd 594, 602 (4th Dist. 1969)..................................................................-22-

Youngman v. Nevada Irrigation Dist., 70 Cal.2d 240, 247 (1969).......................-16-

TABLE OF AUTHORITIES

1

## TABLE OF AUTHORITIES

2
Page

3

4  ## CODES

5  F.R.C.P. Rule 12(b)(1)..............................................................-2-

6  F.R.C.P. Rule 12(b)(6)........................................................-2-, -4-

7  28 U.S.C. §§ 1331................................................................-2-

8  28 U.S.C. 1441 (a) & (b).....................................................-2-,-7-

9

10  29 U.S.C. § 1001................................................................-2-

11

12  29 U.S.C. § 1132(a)............................................................-14-

13  29 U.S.C. § 1144...........................................................-9-, -23-

14

15  Cal. Civ. Proc. Code. § 452................................................-15-

16  Cal. Civ. Code §§ 1620, 1621.............................................-16-

17  Cal. Code Civ. Proc. § 338(d)..............................................-21-

18

19

20  ## MISCELLANEOUS

21  Employee Retirement Income Security Act of 1974, § 514....................-7-

22

23  Federal Employee Health Benefits Act ("FEHBA")...........................-5-

24  Judicial Council of California Civil Jury Instruction 302....................-16-

25

26

27

28

1  **MEMORANDUM OF POINTS AND AUTHORITIES**

2

3        Plaintiff Pioneers Memorial Healthcare District ("Pioneers

4  Memorial"), hereby submits the following memorandum of points and authorities

5  in support of its opposition to the motion to dismiss filed by defendant Robert F.

6  Kennedy Farm Workers Medical Plan ("RFK").

7

8  **I.**

9  **INTRODUCTION AND SUMMARY OF ARGUMENT**

10

11        On February 5, 2008, plaintiff Pioneers Memorial filed suit against

12  defendant RFK in the Superior Court of the State of California, County of

13  Imperial, Case No.: ECU04190, for damages based on state-law-based breach of

14  contract and negligent misrepresentation causes of action.  This was not an action

15  based on ERISA; no ERISA benefits are sought or affected.

16

17        On April 23, 2008, RFK removed this matter to federal court,

18  ostensibly pursuant to 28 U.S.C. §§ 1331 and 1441 (a) & (b) (*i.e*, for putative

19  federal question jurisdiction).  RFK claims Pioneers Memorial's complaint is

20  preempted by, and arises under, the Employee Retirement Income Security Act of

21  1974, as amended 29 U.S.C. § 1001, *et seq*. ("ERISA").  However, because

22  Pioneers Memorial did not allege any causes of action as an assignee of RFK's

23  enrollee, Pioneers Memorial has concurrently filed a motion for remand in

24  response to the Notice of Removal.

25

26        On April 30, 2008, RFK filed a motion to dismiss pursuant to

27  F.R.C.P. Rule 12(b)(1) and F.R.C.P. Rule 12(b)(6).

28

PLAINTIFF'S MEMORANDUM OF POINTS AND
AUTHORITIES IN OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS COMPLAINT

1    *Pioneers Memorial respectfully requests that its motion for remand*
2    *be addressed **before** the Court reaches the motion to dismiss, as it will in all*
3    *likelihood render RFK's dismissal request moot.*

4

5    Pioneers Memorial has ***not*** asserted any causes of action or claims as
6    the assignee of a plan beneficiary to recover benefits under an ERISA plan.
7    Rather, Pioneers Memorial is a health care provider suing to recover on ***its***
8    ***independent*** state-law-based breach of written and oral contract obligations owed
9    by RFK.  Those obligations arose when RFK ***directly*** promised to Pioneers
10   Memorial to pay Pioneers Memorial for medical care and treatment it provided to
11   RFK's enrollee, patient 100454443.  Hence, that claim exists independently of
12   RFK's promise to *patient 100454443* to cover him when he becomes sick;
13   Pioneers Memorial derives its right to sue apart from, and not derivatively of,
14   patient 100454443's rights under his health plan.  As such, under applicable
15   ERISA precedent, none of Pioneers Memorial's causes of action "relate to"
16   ERISA.  Accordingly, the Court lacks jurisdiction to rule on RFK's motion to
17   dismiss.  The proper course of action would be for the Court to remand this action
18   back to state court as requested in Pioneers Memorial's Motion for Remand, filed
19   concurrently herewith.

20

21   Importantly, although RFK attempts to analogize this case to the
22   inapposite decision in Fresno v. Souza (which has since been implicitly overruled
23   by the Ninth Circuit), such comparison is misplaced as the contract in this case
24   contains no similar limiting provision to that in Souza.

25

26   ///

27

28   ///

PLAINTIFF'S MEMORANDUM OF POINTS AND
AUTHORITIES IN OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## II.

## ARGUMENT

In ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, a court must accept as true all non-conclusory material allegations of the complaint and construe them in the light most favorable to the plaintiff. *See* Newman v. Sathyabaglswaran, 287 F.3d 786, 788 (9th Cir. 2002). In addition, a court should also draw all reasonable inferences from the allegations in the complaint in favor of the plaintiff. *See* Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). Moreover, a motion to dismiss is disfavored and is rarely granted. *See* Gilligan v. Jamco Develop. Corp. 108 F.3d 246, 249 (9th Cir. 1997). In fact, the motion should be granted only where it appears beyond a doubt that the plaintiff cannot prove any set of facts in support of the claim that would entitle the plaintiff to relief. *See* Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

RFK has not challenged Pioneers Memorial 's complaint on the basis that it did not sufficiently plead state-law-based causes of action against RFK; rather, RFK *mischaracterizes* Pioneers Memorial's causes of action as being ERISA-based and then – circularly – moves to dismiss on the basis that the claims were not sufficiently pled under ERISA. See Motion to Dismiss, pp. 4-9. Such a facile tautology does not withstand scrutiny.

///

///

///

PLAINTIFF'S MEMORANDUM OF POINTS AND
AUTHORITIES IN OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS COMPLAINT

A.    **Pioneers Memorial Plead Sufficient Facts To Support Its Independent Contract-Based Claims As a Health Care Provider, and This is Not Pre-Empted by ERISA.**

1.    **A Third Party Hospital's Claim – Seeking Recovery of Damages Based on a Contract between Itself and the Health Plan – Is Not Pre-empted by ERISA.**

Just eight months ago, the Ninth Circuit issued a dispositive opinion in Cedars-Sinai Medical Center v. National League of Postmasters of the United States, 497 F.3d 972 (9th Cir. 2007). Cedars-Sinai holds that an ERISA-like federal regulatory structure does **not** preempt an action brought by a hospital in state court against a health plan because such an action is based on independent state law principles arising when a hospital makes an authorization telephone call to a health plan to verify coverage. Specifically, the Ninth Circuit found that:

> Cedars-Sinai's claims did not constitute a request for "payment of a health-related bill"…"under the plan" because Cedars-Sinai's claim is predicated not on the plan but on its contract with PBP Health. [citation omitted]. ***Because Cedars-Sinai is not a party contemplated by FEHBA's implementing regulations and because Cedars-Sinai's claims arise from PBP Health's contractual obligation to Cedars-Sinai—an obligation that arose when PBP Health represented that [patient] was covered by the Plan – Cedars-Sinai's claims do not "relate to" FEHBA.***

*Id.* at 981 (emphasis added). The fact that Cedars-Sinai involved the Federal Employee Health Benefits Act ("FEHBA") rather than ERISA is of no moment;

- 5 -

1  ERISA and FEHBA cases are analytically interchangeable on the preemption issue
2  – a fact recognized by the Ninth Circuit within the <u>Cedars-Sinai</u> opinion. *Id.* at 978
3  at fn.2 ("[b]ecause there is no Ninth Circuit authority discussing FEHBA
4  preemption issues involving the claims of a third-party health care provider, we
5  may look to analogous cases involving the application of ERISA's preemption
6  provision."). *See also* <u>Botsford v. Blue Cross & Blue Shield of Montana, Inc.</u>, 314
7  F.3d 390, 393-94 (9th Cir. 2002) (FEHBA's preemption provision "closely
8  resembles ERISA's express preemption provision, and precedent interpreting the
9  ERISA provision thus provides authority for cases involving the FEHBA
10 [preemption] provision").

12     Consequently, the Ninth Circuit's decision in <u>Cedars-Sinai</u> addresses
13 and rebuts the contentions made by RFK in its Motion to Dismiss.  This case and
14 the <u>Cedars-Sinai</u> case are factually and substantively indistinguishable.  As
15 discussed above, RFK bases its reasoning primarily on the assumption that
16 Pioneers Memorial's action seeks "benefits" from an ERISA plan, and thus, that
17 action must "relate to" ERISA.  However, as Pioneers Memorial's operative
18 complaint <u>explicitly</u> makes clear; the action bases itself upon ***independent state-***
19 ***law-based contractual obligations*** created when RFK agreed to pay Pioneers
20 Memorial's usual and customary rates for the medical care provided to RFK's
21 enrollee and alternatively, upon claims regarding RFK's contemporaneous
22 misrepresentations to the hospital.

24     RFK improperly seeks to analogize this case to the dismissed case of
25 <u>Fresno Community Hospital and Medical Center v. Souza</u>, USDC 07 CV 325
26 (E.D. 2007).  In that case, the network contract between Blue Cross and the
27 hospital (under which the defendant, like RFK,was a registered payor) expressly
28 stated that the hospital's payment was "subject to the exclusions and limitations of

- 6 -

PLAINTIFF'S MEMORANDUM OF POINTS AND
AUTHORITIES IN OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS COMPLAINT

1  the relevant benefit agreement." Here, RFK fails to cite to a similar provision in

2  the network contract between CCN and Pioneers Memorial. Rather, RFK makes

3  only vague references to language in the contract between CCN and RFK which

4  does *not* echo that which appeared in the <u>Souza</u> case. Not surprisingly, RFK fails

5  to cite to any specific provision in the CCN/RFK contract (or for that matter, the

6  CCN/Pioneers Memorial contract) which states either directly or indirectly, that

7  payment to Pioneers Memorial is "subject to the exclusions and limitations of the

8  relevant benefit agreement." Without more, RFK's reliance upon <u>Souza</u> is

9  misplaced, and in any event, that case has arguably been implicitly overruled by

10  the Ninth Circuit in <u>Cedars-Sinai</u>.

11

12      Since RFK's argument in support of dismissal rests upon fallacious

13  assumptions, this case must be remanded.

14

15      The <u>Cedars-Sinai</u> holding echoes and reaffirms previous decisions

16  which have held that ERISA does not pre-empt claims by a third-party hospital

17  which is suing on an *independent obligation* created by a contract with a health

18  plan as well as on an oral representation of payment verification; and it is not suing

19  as an assignee of an ERISA beneficiary. *See* <u>The Meadows v. Employers Health</u>

20  <u>Ins.</u>, 47 F.3d 1006, 1007-1008 (9th Cir. 1995) (holding that ERISA does not pre-

21  empt claims filed by health care providers provided they did not sue as an assignee

22  of an ERISA beneficiary, but instead sued as an independent entity claiming

23  damages); *see also* <u>Employee Retirement Income Security Act of 1974</u>, § 514, 29

24  U.S.C. § 1144.

25

26      As was true in with the plaintiff in <u>Meadows</u>, here Pioneers Memorial

27  is a health care provider that brought state law-based claims as an independent

28  entity and not as an assignee of its patient's benefits. Further, the claims here are

PLAINTIFF'S MEMORANDUM OF POINTS AND
AUTHORITIES IN OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS COMPLAINT

1   based on RFK's direct contractual obligations to Pioneers Memorial.  RFK created

2   that contractual obligation when it promised to pay Pioneers Memorial for medical

3   services provided to patient 100454443 at a rate of 100% of the first $1500 in

4   charges, then 80% of charges thereafter, with no patient deductible, and further and

5   perhaps most significantly, *failed to quote any benefit maximums*.  Complaint ¶

6   13.  As such, as in <u>Cedars-Sinai</u> and <u>Meadows</u>, Hospital's claims are not

7   preempted.

8

9           Further, in <u>Hoag Memorial Hospital v. Managed Care Administrators</u>,

10  820 F.Supp. 1232 (C.D.Cal. 1993), the court there held that a claim against a

11  health care plan alleging damages due to reliance on a false representation is not

12  preempted by ERISA.  In <u>Hoag</u>, the plaintiff brought an action against an

13  employee benefit plan and employer, seeking recovery of fees for treatment of the

14  defendant's employee.  That court held that the claims based on the defendant's

15  false statements were not preempted by ERISA.  *Id*. at 1234-1235.  It concluded,

16  "[w]hile the power of ERISA's preemptive provision is indeed strong, its sweep

17  should not be allowed to ensnarl the claims of a non-ERISA entity suing under

18  state law not to recover benefits under the terms of the plan, but rather to recover

19  for misrepresentations that it would be paid those benefits."  *Id*. at 1238.

20  "Insurance companies and plan administrators must recognize the implications of

21  their unqualified verifications of coverage."  *Id*.  "When they assure third-party

22  health care providers that the plan will pay for the cost of care and treatment

23  provided, they are creating *independent obligations of the plan*."  *Id*. at 1238-1239

24  (emphasis added).  "*Insurance companies and ERISA plans should not be*

25  *immunized from suit for their careless or erroneous misrepresentation of*

26  *coverage*."  *Id*., (emphasis added).

27

28

PLAINTIFF'S MEMORANDUM OF POINTS AND
AUTHORITIES IN OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS COMPLAINT

1    Consistent with <u>Hoag</u>, Pioneers Memorial carefully pled causes of

2    action it owned directly, and not as an assignee of patient 100454443.  For ERISA

3    preemption purposes, there is no analytical difference between a promise designed

4    to defraud and a promise designed to bind.  Both are promises giving rise to a

5    common law claim.  Pioneers Memorial *is not* an ERISA plan participant or

6    beneficiary seeking recovery for improper processing of a claim for plan benefits

7    or for breach of the plan contract, and *is not* suing as an assignee of a plan

8    participant or beneficiary.  Nowhere do such allegations – or even the hint of such

9    allegations – appear anywhere in the complaint.  To the extent that its complaint

10   even hints otherwise, Pioneers Memorial abjures such a construction.

11

12   **2.    ERISA Pre-emption of State Law Claims Does Not Extend to Tort**

13   **Claims Falling Outside The Traditional Relationships Governed**

14   **By ERISA**

15

16   Section 514(a) of ERISA provides that the provisions of ERISA

17   "supersede any and all State laws insofar as they may now or hereafter relate to

18   any employee benefit plan..." 29 U.S.C. § 1144(a).  Earlier into the life of ERISA,

19   the Supreme Court concluded that a participant's state law claims for improper

20   processing of claims under an ERISA plan were preempted because they "relate[d]

21   to" an employee benefit plan under the expansive language of this provision.  <u>Pilot</u>

22   <u>Life Ins. Co. v. Dedeaux</u>, 481 U.S. 41, 48 (1987).  In more recent decisions,

23   however, the Supreme Court has sharpened and limited the scope of the "relate to"

24   provision of ERISA.  <u>De Buono v. NYSA-ILA Med. And Clinical Serv. Fund</u>, 520

25   U.S. 806, 813-814 (1997);  <u>New York State Conference of Blue Cross & Blue</u>

26   <u>Shield Plans v. Travelers Ins. Co.</u>, 514 U.S. 645, 655 (1995).  The Supreme Court

27   in <u>De Buono</u> and <u>Travelers</u> rejected a strictly literal reading of the "relate to"

28   language, since "really, universally, relations stop nowhere." *Id.*  It recognized that

PLAINTIFF'S MEMORANDUM OF POINTS AND
AUTHORITIES IN OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS COMPLAINT

1    we "must go beyond the unhelpful text and the frustrating difficulty of defining its
2    key term, and look instead to the objectives of the ERISA statute as a guide to the
3    scope of the state law that Congress understood would survive." Travelers, *supra*,
4    514 U.S. at 656.

6         The Supreme Court has recognized that certain "run-of-the-mill state
7    law claims such as unpaid rent, failure to pay creditors, or even torts committed by
8    an ERISA plan" are not subject to ERISA's preemptive power. Mackey v. Lanier
9    Collection Agency & Service, Inc., 486 U.S. 825, 833 (1988). Following this lead,
10   the Ninth Circuit formulated a "relationship test" to determine the limits of
11   ERISA's preemption. Geweke Ford v. St. Joseph's Omni Preferred Care
12   Incorporated, 130 F.3d 1355, 1358 (9th Cir. 1997). A state law claim is preempted
13   if it "encroaches on the relationships regulated by ERISA." General Am. Life Ins.
14   Co. v. Castonguay, 984 F.2d 1518, 1522 (9th Cir. 1993). However, ERISA does
15   not preempt regulation of those relationships "where a plan operates just like any
16   other commercial entity - for instance the relationship between the plan and its own
17   employees, or the plan and its insurers or *creditors*, or the plan and the landlords
18   from whom it leases office space." *Id*. (emphasis added). As shown above,
19   Pioneers Memorial's claim implicates the relationship between an independent
20   health care provider and the plan.

22        Furthermore, the Ninth Circuit's decision in Meadows approved the
23   proposition that a hospital's claim against an ERISA plan for breach of contract
24   was not preempted by ERISA because those claims do not "relate to" the
25   administration of an ERISA plan. 47 F.3d at 1010. In Meadows, a substance
26   abuse treatment facility that provided care for a patient it believed to be covered
27   under an ERISA plan filed suit alleging that the plan represented to the plaintiff
28   that the patient's care would be covered but subsequently refused to pay. *Id*. at

- 10 -    PLAINTIFF'S MEMORANDUM OF POINTS AND
AUTHORITIES IN OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS COMPLAINT

1   1007-1008. In affirming the district court's holding that ERISA does not "preempt

2   claims by a third-party who sues an ERISA plan not as an assignee of a purported

3   ERISA beneficiary, but as an independent entity claiming damages," the Ninth

4   Circuit cited with approval, and at great length, the Fifth Circuit's opinion in

5   Memorial Hospital System v. Northbrook Life Ins. Co., 904 F.2d 236, 245 (5th

6   Cir. 1990), which held that a hospital's claims against an ERISA plan for negligent

7   misrepresentation and unfair trade practices were not preempted by ERISA where

8   the patient was a member of the ERISA plan at the time of the alleged assurances

9   of payment. The Ninth Circuit concluded that "ERISA does not pre-empt a third-

10  party provider's independent state law claims against a plan precisely because

11  those claims do not 'relate to' the administration of an ERISA plan." Meadows, 47

12  F.3d at 1010. *See also* Hoag, *supra*, 820 F.Supp. at 1235.

13

14          In a subsequent decision, the Fifth Circuit explained that Memorial

15  provided three justifications for its conclusion, all of which are present here:

16

17          First, the 'commercial realities' facing third party providers of health

18          care services, noting that in situations in which it is not clear whether

19          a patient is covered by a health insurance plan, 'the provider wants to

20          know if payment reasonably can be expected. Thus, one of the first

21          steps in accepting a patient for treatment is to determine a financial

22          source for the cost of care being provided.

23

24          Second, when an insurance company erroneously informs a health

25          care provider such as Memorial that a patient is covered by health

26          insurance, state law, which 'allocat[es]...risks between commercial

27          entities that conduct business in a state,' normally provides a remedy.

28

PLAINTIFF'S MEMORANDUM OF POINTS AND
               AUTHORITIES IN OPPOSITION TO DEFENDANT'S
               MOTION TO DISMISS COMPLAINT

1    Third, depriving an independent third-party provider of a state-law

2    cause of action in no way furthers, but rather defeats, Congress'

3    purpose behind enacting ERISA.

4

5    Cypress Fairbanks Medical Center, Inc. v. Pan American Life Insurance, 110 F.3d

6    280, 283 (5th Cir. 1997) (citing Memorial, *supra*, 904 F.2d at 246-247).

7

8    Thus, according to Memorial, ERISA preemption has two unifying

9    characteristics,

10

11    (1) the state law claims address areas of exclusive federal concern,

12    such as the right to receive benefits under the terms of an ERISA plan;

13    and (2) the claims directly affect the relationship among the traditional

14    ERISA entities–the employer, the plan, and its fiduciaries, and the

15    participants and beneficiaries.

16

17    Memorial, *supra*, 904 F.2d at 245.  Neither of those "unifying" characteristics

18    exists in this case.  First, the state law claims brought by Pioneers Memorial do not

19    address areas of exclusive federal concern because they do not relate to benefits

20    under the terms of an ERISA plan; rather, they relate to damages suffered by

21    Pioneers Memorial as a result of RFK's breach of its contracts with Pioneers

22    Memorial and/or RFK's misrepresentations.  Second, such claims do not directly

23    affect the relationship between traditional ERISA entities.  Instead, the claims

24    affect the relationship between an independent health care provider and the plan.

25

26    As Cypress and Memorial recognized, to hold otherwise would result

27    in the detrimental situation where "third-party providers would be less likely to

28    accept the risk of nonpayment, and as a result, may require patients to make up-

- 12 -    PLAINTIFF'S MEMORANDUM OF POINTS AND
AUTHORITIES IN OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS COMPLAINT

1   front payments or subject those patients to other unnecessary inconveniences

2   before treatment is offered." Cypress, *supra*, 110 F.3d at 283 (citing Memorial,

3   *supra*, 904 F.2d at 247).

4

5            While Pioneers Memorial pled it has a contract with RFK, it never

6   alleged the contracts in any way relied upon provisions in patient 100454443's

7   benefit plan.  In fact, Pioneers Memorial never pled it was seeking payment for any

8   "benefit" denied to the patient 100454443.  Rather, Pioneers Memorial's complaint

9   delineated theories of recovery based upon promises independently made to it by

10  RFK and not derivatively of the patient's rights under RFK's health plan.  As such,

11  none of Pioneers Memorial's causes of action are preempted by ERISA and RFK's

12  motion should be denied.

13

14       **3.    The Complaint Is Not An Action That Plaintiff Could Have**

15              **Brought Originally In Federal Court Under ERISA**

16

17           In this matter, ERISA preemption does not apply since Pioneers

18  Memorial's causes of action are not claims that the patient could have alleged

19  against RFK.  The breach of written and oral contract causes of action are the

20  result of RFK's failure to pay as agreed between the parties (Complaint ¶¶ 28, 34),

21  which are separate and apart from any patient's health insurance policy, not an

22  ERISA cause of action.  Furthermore, the negligent misrepresentation and common

23  count causes of action are based on the alleged representations by RFK, which

24  were made to and relied upon only by Pioneers Memorial.  Complaint ¶¶ 35-40,

25  42-45.  Patient 100454443 could not bring those causes of action either by himself

26  or through his assignee.  Rather, these causes of action arose from the operation of

27  Pioneers Memorial and RFK's interaction as commercial entities having

28  commercial dealings with one another.  Such a creditor-debtor relationship is not

- 13 -       PLAINTIFF'S MEMORANDUM OF POINTS AND
             AUTHORITIES IN OPPOSITION TO DEFENDANT'S
             MOTION TO DISMISS COMPLAINT

1 | one that is preempted by ERISA.

3 | In addition, Pioneers Memorial is not authorized to bring an ERISA-
4 | based action since it is not a participant, beneficiary, employer or fiduciary of an
5 | ERISA plan, nor is it the Secretary of Labor acting in the capacity of a public
6 | official authorized to bring such an action. 29 U.S.C. § 1132(a)[1]. No other person
7 | has standing to maintain an ERISA action. Harris v. Provident Life & Accident
8 | Insurance Company, 26 F.3d 930, 933 (9th Cir. 1994) citing Franchise Tax Board
9 | v. Construction Laborers Vacation Trust, 463 U.S. 1, 27 (1983). Therefore, RFK's
10 | argument that the state law causes of action are preempted based on ERISA is a
11 | legal impossibility since Pioneers Memorial lacks standing to bring an action on
12 | ERISA grounds.

14 | As discussed above, Pioneers Memorial has not pled any cause of
15 | action that ERISA preempts. Accordingly, the Court lacks jurisdiction over this
16 | matter, pursuant to 28 U.S.C. §§ 1331 and 1441, and this action should be
17 | remanded for hearing in the Superior Court of the State of California.

---

[1]  *29 U.S.C. § 1132*, governing ERISA actions, provides in relevant part:

"(a) Persons empowered to bring a civil action
A Civil Action may be brought--
(1) by a participant or beneficiary...
(2) by the Secretary, or by a participant, beneficiary or fiduciary...
(3) by a participant, beneficiary, or fiduciary...
(4) by the Secretary, or by a participant, or beneficiary...
(5) except as otherwise provided in subsection (b) of this section, by the Secretary...
(6) by the Secretary...
(7) by a State to enforce compliance with a qualified medical child support order (as defined in section 1169(a)(2)(A) of this title);
(8) by the Secretary, or by an employer or other person referred to in section 1021(f)(1) of this title...
(9) ...by the Secretary, by any individual who was a participant or beneficiary at the time of the alleged violation, or by a fiduciary, to obtain appropriate relief..."

- 14 -    PLAINTIFF'S MEMORANDUM OF POINTS AND
AUTHORITIES IN OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS COMPLAINT

1  **B.**    **Pioneers Memorial Stated Sufficient Facts to Support the Causes of**

2       **Action Alleged in its Complaint.**

3

4       In the construction of a pleading for the purpose of determining its

5  effect, its allegations must be liberally construed with a view toward substantial

6  justice to the parties. Cal. Civ. Proc. Code. § 452; Smith v. Kern County Land Co.,

7  51 Cal.2d 205, 206 (1958). The policy of the law in this respect is to permit cases

8  to be tried on their merits rather than disposed of on technicalities. An action

9  cannot be defeated merely because of a mistaken label or a confusion of legal

10  theories; if the complaint states a cause of action on any theory, the plaintiff is

11  entitled to introduce evidence thereon. Porten v. University of San Francisco, 64

12  Cal.App.3d 825, 833 (1976).

13

14       Even assuming *arguendo* the Court has jurisdiction over this action

15  for each of the causes of action alleged, Pioneers Memorial established the factual

16  foundation for its claims. In doing so, Pioneers Memorial adequately provides

17  each and every element necessary to allege state-law-based causes of action

18  alleging breach of written contract, breach of oral contract, negligent

19  misrepresentation and common count.

20

21    **1.**    **The Breach of Written Contract Cause of Action States a Claim**

22       **Upon Which Relief Can Be Granted**

23

24       It is necessary to specify that a contract is written, oral, or implied by

25  conduct. Hospital properly pled the elements of a cause of action for breach of an

26  implied contract. "[A] cause of action for damages for a breach of contract is

27  comprised of the following elements: (1) the contract, (2) plaintiff's performance

28  or excuse for nonperformance, (3) defendant's breach and (4) the resulting

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT

1    damages to plaintiff. Careau & Co., et al v. Security Pacific Business Credit, Inc.,

2    222 Cal. App 3d 1371, 1389 (1990).

3

4         The elements of a valid contract formation include: (1) that the

5    contract terms were clear enough that the parties could understand what each was

6    required to do; (2) that the parties agreed to give something of value; and (3) that

7    the parties agreed to the terms of the contract." Judicial Council of California Civil

8    Jury Instruction 302. As to the basic elements, there is no difference between an

9    express and implied contract. "While an express contact is defined as one, the

10   terms of which are stated in words . . . and implied contract is an agreement, the

11   existence and terms of which are manifested by conduct." Division of Labor Law

12   Enforcement v. Transpacifc Transportation Co., 69 Cal. App. 3d 268, 275 (1977);

13   also see Cal. Civ. Code §§ 1620, 1621.

14

15        In addition, a contract will be enforced if it is sufficiently definite (and

16   this is a question of law) for the court to ascertain the parties' obligations and to

17   determine whether those obligations have been performed or breached. Boyd v.

18   Bevilacqua, 247 Cal.App.2d 272, 287 (1966). Stated otherwise, the contract will

19   be enforced if it is possible to reach a fair and just result even if, in the process, the

20   court is required to fill in some gaps. Okun v. Morton, 203 Cal.App.3d 805, 817

21   (1988). Only the facts from which the promise is implied must be alleged.

22   Youngman v. Nevada Irrigation Dist., 70 Cal.2d 240, 247 (1969).

23

24        Here Pioneers Memorial's complaint alleges that a written contract,

25   the "CCN Contract" exists between RFK and Pioneers Memorial. Pioneers

26   Memorial plead a written contract was created between Pioneers Memorial and

27   RFK when RFK registered as a Payor signatory to the CCN Contract and agreed to

28   pay Pioneers Memorial the negotiated rates pursuant to the terms of the CCN

- 16 -    PLAINTIFF'S MEMORANDUM OF POINTS AND
          AUTHORITIES IN OPPOSITION TO DEFENDANT'S
          MOTION TO DISMISS COMPLAINT

1  Contract for services to be provided to patient 100454443, and in turn, Pioneers

2  Memorial entered into the CCN Contract as a provider of medical services and

3  agreed to provide medically necessary services to RFK's enrollees at a specified

4  discount. Complaint ¶¶ 7-10. Additionally, Pioneers Memorial alleged that the

5  contract payment terms were for RFK to pay Pioneers Memorial at the rate of 15%

6  off of Pioneers Memorial's total billed charges. Complaint ¶ 10. Thus, the terms of

7  the written contract were pled with certainty.

8

9       Consideration is evident by the fact that Pioneers Memorial rendered

10  the medical care to patient 100454443. Finally, the allegation of the partial

11  payment made by RFK shows that both sides understood that RFK was to

12  reimburse Pioneers Memorial for the medical care provided to patient 100454443.

13  Complaint ¶ 20.

14

15       Pioneers Memorial pled it fully preformed all conditions, covenants

16  and promises required on its part to be performed in accordance with the terms and

17  conditions of the written contract. Complaint ¶ 26. However, RFK only issued a

18  partial payment and refused to pay the remaining balance due despite Pioneers

19  Memorial's demands. Complaint ¶ 27-38. The complaint also alleged that as a

20  result of RFK's breach of the written contract, Pioneers Memorial suffered

21  damages in the amount of $77,468.47. Complaint ¶ 29.

22

23       Accordingly, the Complaint pled sufficient facts to support a claim for

24  breach of written contract against RFK, and that cause of action should not be

25  dismissed.

26

27

28

PLAINTIFF'S MEMORANDUM OF POINTS AND
AUTHORITIES IN OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS COMPLAINT

2.    **The Breach of Oral Contract Cause of Action States a Claim Upon Which Relief Can Be Granted**

Likewise, Pioneers Memorial's complaint pled sufficient facts to support a claim for breach of oral contact against RFK.

Pioneers Memorial sufficiently alleges the breach of oral contract cause of action by clearly alleging the contractual relationship between the parties and that that parties entered into the an oral agreement under which RFK agreed to pay for health care services provided by Pioneers Memorial to patient 100454443 at a rate of 100% of the first $1500 in charges, then 80% thereafter, with no patient deductible. Complaint ¶ 13. Further, the Complaint states that Pioneers Memorial fully performed its duties under the contract by providing medical services, supplies and equipment to Patient 100454443. Complaint ¶ 32. Finally, the Complaint establishes the damages suffered based upon RFK's breach by stating the amount that remains underpaid. Complaint ¶ 34.

Pioneers Memorial's complaint fully sets forth every necessary element required to establish a breach of oral contract cause of action; accordingly, its second cause of action for breach of oral contract should not be dismissed.

3.    **The Negligent Misrepresentation Cause of Action States a Claim Upon Which Relief Can Be Granted**

A claim for negligent misrepresentation must satisfy the following six elements: (1) The defendant must have made a representation as to a past or existing material fact, (2) which was untrue, (3) which, regardless of the defendant's actual belief, was made without any reasonable grounds for believing

1    it was true, and (4) which was made with the intent to induce the plaintiff to rely

2    upon it; (5) the plaintiff justifiably relied on the statement, and (6) plaintiff

3    sustained damages.  <u>Continental Airlines, Inc. v. McDonnell Douglas Corp.</u>, 216

4    Cal.App.3d 388, 402 (1989).

5

6         The first prong requires that RFK made a statement as to a past or

7    existing material fact.  The complaint satisfied this prong by pleading that RFK

8    represented to Pioneers Memorial that the patient had coverage and that the

9    medical services provided by Hospital were authorized for payment at a rate of

10   100% of the first $1500 in charges, then 80% thereafter, with no patient deductible.

11   (Complaint ¶¶ 13 and 35).

12

13        The complaint also satisfied both the second and the third prong by

14   pleading that the RFK represented to Pioneers Memorial that patient 100454443

15   had health insurance coverage; that medical treatment was authorized; and that

16   RFK would pay for such services rendered (Complaint ¶¶ 13-16 and 35).

17   However, this representation was not true since RFK has not fully paid for the

18   medical treatment rendered.  (Complaint ¶ 39.)

19

20        The Complaint also satisfied prongs four and five by pleading that

21   RFK intended Pioneers Memorial to rely on RFK's representations that the

22   services were authorized (Complaint ¶ 37), and that Pioneers Memorial did rely on

23   RFK's representations by rendering medical services to patient 100454443 and not

24   making other financial arrangements with the patient for payment.  (Complaint ¶

25   38).

26

27        Finally, by pleading that Pioneers Memorial suffered damages in the

28   sum of $71,637.63 as a direct and proximate result of RFK's misrepresentation

- 19 -

1 | (Complaint ¶ 40), the complaint pled sufficient facts to support the sixth prong of
2 | the claim for negligent misrepresentation.

3

4 | **4.    Hospital's Common Count Cause of Action States a Claim Upon**
5 | **Which Relief Can Be Granted**

6

7 | In California, the essential elements for a common count are (1) a
8 | statement of indebtedness in a certain sum; (2) consideration; and (3) non-
9 | payment. Farmers Ins. Exchange v. Zerin, 53 Cal.App.4th 445, 460 (1997).

10

11 | Pioneers Memorial's complaint sufficiently sets forth each of the
12 | requisite elements of a common count cause of action.  The complaint states that
13 | that RFK agreed to pay Pioneers Memorial for medical treatment provided to
14 | patient 100454443 in the amount of $77,468.47 under the parties' written contract,
15 | or alternatively, $71,637.63 under the oral contract.  Complaint ¶ 21.  Moreover,
16 | satisfying the second element, the complaint alleges that consideration was
17 | provided when Pioneers Memorial rendered medical care to Patient 100454443.
18 | Complaint ¶ 44.  Finally, the last element is satisfied as the complaint alleges that
19 | the amounts owed by RFK have not been paid, and that said amounts are still due
20 | and owing because RFK has not fully performed its promise to pay (Complaint ¶¶
21 | 45-46).

22

23 | Accordingly, Pioneers Memorial's complaint fully sets forth the
24 | necessary elements required to establish a common count cause of action.

25

26

27

28

PLAINTIFF'S MEMORANDUM OF POINTS AND
AUTHORITIES IN OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS COMPLAINT

**C.    Pioneers Memorial's Claims For Negligent Misrepresentation And Breach Of Oral Contract Are Not Barred By California's Two Year Statute Of Limitations**

RFK next argues that the causes of action for breach of oral contract and negligent misrepresentation are barred by the two year statute of limitations. As a preliminary matter, Pioneers Memorial submits that its negligent misrepresentation cause of action is a species of fraud and thus is subject to a three year limitations period. *See* Cal. Code Civ. Proc. § 338(d). In any event, whether it is two years or three, RFK's contentions are without merit, as its argument is based upon a fundamental misunderstanding of when the statute of limitations begins to run on a breach of contract or negligent misrepresentation cause of action. It is black letter law that a statute of limitation for a cause of action does not run until the right of action has accrued, *i.e.*, the contract has been unequivocally repudiated. See Parker, *et al.* v Walker, 5 Cal.App.4th 1173, 1190 (3rd Dist. 1992). RFK essentially argues that because it sent a letter to Pioneers Memorial providing its reason for nonpayment in 2005, but Pioneers Memorial did not file its complaint until 2008, then the claims must *de facto* be barred.

RFK pegs the onset date of the limitations period on the date of November 4, 2005, a few months after patients discharge—when RFK wrote to Pioneers Memorial's counsel explaining why it paid what it did. What RFK fails to mention however, is that in that same letter, it agreed to meet with Pioneers Memorial regarding the claim, thus explicitly leaving the matter open for discussion. As such, Pioneers Memorial had no reason to believe, as of November 4, 2005, that RFK's letter amounted to an unequivocal denial.

Again, "a breach of a contract claim does not accrue until there has

- 21 -

1 | been a breach of the contract," i.e., the date that RFK gave "unequivocal" notice it
2 | would not pay. *See* <u>Church v. Jamison</u>, 143 Cal. App. 4ᵗʰ 1568, 1583 (5ᵗʰ Dist.
3 | 2006). Clearly, Pioneers Memorial would have been premature if it had run to the
4 | courthouse before RFK said definitively that it would not pay. *See* <u>Whitney</u>
5 | <u>Investment Co. v. Westview Development Co.</u>, 273 Cal. App. 2ⁿᵈ 594, 602 (4ᵗʰ
6 | Dist. 1969) (to constitute a breach "the promisor must manifest such intention by a
7 | clear, positive and ***unequivocal refusal*** to perform.") (emphasis added).

8 |

9 |        On its face, the complaint is clear of any affirmative defects time-
10 | barring the causes of action for breach of oral contract or negligent
11 | misrepresentation.

12 |

13 | **D.    This Matter Should Be Remanded To State Court, Because The**
14 | **Complaint Has Not Pled Any Cause Of Action Over Which The Court**
15 | **Has Original Jurisdiction Pursuant To 28 U.S.C. § 1441**

16 |

17 |        "Removal of a case from state to federal court is a question of federal
18 | subject matter jurisdiction which is reviewed *de novo*." <u>Emrich v. Touche Ross &</u>
19 | <u>Co.</u>, 846 F.2d 1190, 1194 (9ᵗʰ Cir 1988) *citing* <u>Williams v. Caterpillar Tractor Co.</u>,
20 | 786 F.3d 928, 930 (9ᵗʰ Cir. 1986). *See also* <u>Gaus v. Miles, Inc.</u>, 980 F.2d 564 (9ᵗʰ
21 | Cir. 1992). The burden of establishing federal jurisdiction is upon the party seeking
22 | removal and the removal statute is strictly construed against removal jurisdiction.
23 | <u>Emrich</u> at 1195; <u>Gaus</u> at 566. "[A]t any time before final judgment it appears that
24 | the district court lacks subject matter jurisdiction, the case shall be remanded." *28*
25 | *U.S.C. § 1447(c)*. Counsel are obligated to bring defects in subject matter
26 | jurisdiction to the attention of the court to avoid further proceedings that may
27 | prove futile. <u>Czechowski v. Tandy Corp.</u>, 731 F. Supp. 406 (N.D. Cal., 1990)

28 |

PLAINTIFF'S MEMORANDUM OF POINTS AND
AUTHORITIES IN OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS COMPLAINT

1    As discussed above, Pioneers Memorial has not pled any cause of

2  action which ERISA can pre-empt.  Accordingly, the Court lacks jurisdiction of

3  this matter, pursuant to *28 U.S.C. § 1441*, and this action should be remanded for

4  hearing in the Superior Court of California, County of Imperial.

5

6                                   **III.**

7                              **CONCLUSION**

8

9    This was not an action based on ERISA, no ERISA benefits are

10  sought or effected. As such, Pioneers Memorial respectfully requests the Court

11  deny RFK's motion to dismiss and remand this matter to state court.

12

13  Dated: 16 May 2008

14

15                         STEPHENSON, ACQUISTO & COLMAN

16

17

18                          Karlene J. Rogers-Aberman
                                  Attorneys for
19                           PIONEERS MEMORIAL
                            HEALTHCARE DISTRICT
20

21

22

23

24

25

26

27

28

PLAINTIFF'S MEMORANDUM OF POINTS AND
AUTHORITIES IN OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS COMPLAINT

1

## PROOF OF SERVICE
2
## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3       I am employed in the county of Los Angeles, State of California.  I am over
4   the age of 18 and not a party to the within action; my business address is 303 North
    Glenoaks Boulevard, Suite 700, Burbank, California 91502-3226.
5
6       On **May 16, 2008,** I served the foregoing document(s) described as
    **PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN**
7   **OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT**
8   by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

9   Peter S. Dickinson, Esq.
    David Ahdoot, Esq.
10  Bush Gottlieb Singer Lopez Kohanski
11  3500 West Olive Avenue, Suite 1100
    Burbank, California  91505-4657
12
13  [XX]  BY MAIL:  I am "readily familiar" with the firm's practice of collection and
            processing correspondence for mailing.  Under that practice it would be
14          deposited with the United States Postal Service on that same day with
15          postage thereon fully prepaid at Burbank, California in the ordinary course
            of business.  I am aware that on motion of the party served, service is
16          presumed invalid if postal cancellation date or postage meter date is more
17          than one day after date of deposit for mailing in affidavit. [C.C.P. 1013a(3); F.R.C.P.
            5(b)]
18
19  [XX]  Federal:  I declare that I am employed in the office of a member of the bar of
            this court at whose direction the service was made.
20
21      Executed on **May 16, 2008,** at Burbank, California.

22

23   _____
24   ANGELA DEMERS
25
26
27
28
   _____

                            **PROOF OF SERVICE**