STEPHENSON, ACQUISTO & COLMAN
JOY YOUNG STEPHENSON, ESQ.          (SBN 113755)
BARRY SULLIVAN, ESQ.                (SBN 136571)
KARLENE J. ROGERS-ABERMAN, ESQ.     (SBN 237883)
303 N. Glenoaks Blvd., Suite 700
Burbank, CA 91502

Telephone:  (818) 559-4477
Facsimile:   (818) 559-5484

Attorneys for Plaintiff
PIONEERS MEMORIAL HEALTHCARE DISTRICT

### UNITED STATES DISTRICT COURT

### SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PIONEERS MEMORIAL HEALTHCARE DISTRICT, a California nonprofit corporation, | Case No.:    08-CV-0747-WQH-(CAB) |
| | Hon. William Q. Hayes |
| Plaintiff, | 1.    NOTICE OF MOTION AND MOTION FOR REMAND; |
| vs. | 2.    MEMORANDUM OF POINTS AND AUTHORITIES; AND, |
| ROBERT F. KENNEDY FARM WORKERS MEDICAL PLAN, A California health plan; and DOES 1 THROUGH 25, INCLUSIVE | 3.    [PROPOSED] ORDER |
| Defendants. | DATE:      July 7, 2008<br>TIME:      11:00 a.m.<br>COURTROOM:  4 |
| | **NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT** |

1    **<u>NOTICE OF MOTION AND MOTION FOR REMAND</u>**

2

3    TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

4

5       PLEASE TAKE NOTICE THAT on July 7, 2008 at 11:00 A.M. in

6    Courtroom 4 of the United States District Court, Southern District of California,

7    located at 880 Front Street, San Diego, CA, Pioneers Memorial Healthcare District

8    ("Pioneers Memorial") will move and hereby does move for an order remanding

9    this matter to the Superior Court of the State of California.  Pioneers Memorial

10   brings this motion pursuant to 28 U.S.C. 1447(c) on the grounds that the Court

11   lacks subject matter jurisdiction over this matter, and remand is therefore

12   necessary.

13

14      This motion is based upon this notice of motion and motion, the

15   attached Memorandum of Points and Authorities, the attached [Proposed] Order,

16   and such other testimony and argument as the Court will entertain at the hearing.

17

18   Dated: 16 May 2008

19

20          STEPHENSON, ACQUISTO & COLMAN

21

22

23          KARLENE J. ROGERS-ABERMAN

24            Attorneys for

25          PIONEERS MEMORIAL HEALTHCARE

26            DISTRICT

27

28

---

motion for remand      - 2 -   1. NOTICE OF MOTION AND MOTION FOR
                  REMAND; 2. MEMORANDUM OF POINTS AND
                  AUTHORITIES; 3. [PROPOSED] ORDER

# TABLE OF CONTENTS

Page

**MEMORANDUM OF POINTS AND AUTHORITIES**.......................................-3-

**I.  INTRODUCTION AND SUMMARY OF ARGUMENT**.............................-3-

**II. STANDARD OF REVIEW-MOTION FOR REMAND**..............................-4-

**III. LEGAL ARGUMENT**..................................................................................-5-

**A.**    **The Court Must Remand This Action to State Court Because The Complaint Does Not Plead Any Causes of Action Over Which The Court Has Original Jurisdiction Pursuant to 28 U.S.C. §§1331 And 1441**..........................................................................................................-5-

  **1.**    **A Third Party Hospital's Claim – Seeking Recovery of Damages Based Upon An Independent Common Law Contract Between Itself And The Health Plan -Is Not Preempted by ERISA**..................................................................................-5-

  **2.**    **ERISA Preemption of State Law Claims Does Not Extend to Claims Falling Outside The Traditional Relationships Governed by ERISA**......................................................-9-

  **3.**    **The Complaint Is Not An Action That Pioneers Memorial Could Have Brought Originally In Federal Court Under ERISA**................................................................................-13-

  **4.**    **Defendants Failed to Establish the Existence of an ERISA Plan That Would Govern Pioneers Memorial Action**.................................................................................-13-

**B.**    **Pioneers Memorial Stated Sufficient Facts to Support the Causes of Action Alleged in its Complaint**.......................................................-15-

**III. CONCLUSION**..........................................................................................-15-

TABLE OF CONTENTS

# TABLE OF AUTHORITIES

Page

## CASES

Blue Cross of California v. Anesthesia Care Assoc. Medical Group, Inc.
187 F.3d 1045, 1049, (9th Cir. 1999)...........................................................-8-

Botsford v. Blue Cross & Blue Shield of Montana, Inc., 314 F.3d 390, 393-94
(9th Cir. 2002)......................................................................................-6-

Cedars-Sinai Medical Center v. National League of Postmasters of the United
States 497 F.3d 972 (9th Cir. 2007)...............................................-5-, -6,-8-

Concha v. London 62 F.3d 1493, 1505 (9th Cir. 1995)...........................-7-

Curtis-Wright Corp. v. Schooneiongen, 514 U.S. 73, 83 (1995)...........-15-

Cypress Fairbanks Medical Center, Inc. v. Pan American Life Insurance, 110 F.3d
280, 283 (5th Cir. 1997)........................................................................-11-

Czechowski v. Tandy Corp., 731 F. Supp. 406 (N.D. Cal., 1990).........-4-

Donovan v. Dillingham 688 F.2d 1367, 1373 (11th Cir. 1982).............-15-

De Buono v. NYSA-ILA Med. And Clinical Serv. Fund, 520 U.S. 806, 813-814
(1997)...................................................................................................-10-

Diak v. Dwyer, Costello & Knox, P.C. 33 F.3d 809, 812 (7 Cir. 1994)...............-15-

Emrich v. Touche Ross & Co., 846 F.2d 1190, 1194 (9th Cir 1988)......................-4-

Franchise Tax Board v. Construction Laborers Vacation Trust, 463 U.S. 1, 27
(1983)....................................................................................................-14-

-ii-    TABLE OF AUTHORITIES

1

# TABLE OF AUTHORITIES

2

Page

3

4

5

Gaus v. Miles, Inc., 980 F.2d 564 (9th Cir. 1992).......................................-4-

6

7

General Am. Life Ins. Co. v. Castonguay, 984 F.2d 1518, 1522
(9th Cir. 1993)...........................................................................-10-

8

9

10

Geweke Ford v. St. Joseph's Omni Preferred Care Incorporated, 130 F.3d 1355,
1358 (9th Cir. 1997)....................................................................-10-

11

12

Harris v. Provident Life & Accident Insurance Company, 26 F.3d 930, 933 (9th
Cir. 1994)................................................................................-14-

13

14

Hoag Memorial Hospital v. Managed Care Administrators, 820 F.Supp. 1232
(C.D.Cal. 1993)....................................................................-8-, -11-

15

16

17

Mackey v. Lanier Collection Agency & Service, Inc., 486 U.S. 825, 833
(1988).......................................................................................10

18

19

Memorial Hospital System v. Northbrook Life Ins. Co., 904 F.2d 236, 245 (5th
Cir. 1990).........................................................................-11-, -12-,-13-

20

21

New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins.
Co., 514 U.S. 645, 655 (1995)............................................................-10-

22

23

Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 48 (1987)..........................-9-

24

25

The Meadows v. Employers Health Ins., 47 F.3d 1006, 1007-1008
(9th Cir. 1995)......................................................................-7-, -11-

26

27

Williams v. Caterpillar Tractor Co., 786 F.3d 928, 930 (9th Cir. 1986)................-4-

28

TABLE OF AUTHORITIES

1

# TABLE OF AUTHORITIES

2

<u>Page</u>

3

4

## <u>CODES</u>

5

6

28 U.S.C. § 1331....................................................................-3-, -4-, -14-, 15-

7

28 U.S.C. § 1441....................................................................-3-, -4-, -14-, -15-

8

28 U.S.C. § 1447 (c)...............................................................-2-,-4-

9

10

29 U.S.C. § 1001.....................................................................-3-

11

29 U.S.C. §1102(a)(1).............................................................-15-

12

29 U.S.C. §1132(a)..................................................................-7-

13

14

29 U.S.C. § 1144....................................................................-9-

15

## <u>MISCELLANEOUS</u>

16

Employee Retirement Income Security Act of 1974, § 514....................................-7-

17

18

19

20

21

22

23

24

25

26

27

28

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION AND SUMMARY OF ARGUMENT

On February 5, 2008, plaintiff Pioneers Memorial Healthcare District ("Pioneers Memorial") filed suit against defendant Robert F. Kennedy Farm Workers Medical Plan ("RFK") in the Superior Court of the State of California, County of Imperial, Case No.: ECU04190, for damages based on state-law-based breach of contract and negligent misrepresentation causes of action.

On April 23, 2008, RFK removed this matter to federal court, ostensibly pursuant to 28 U.S.C. §§ 1331 and 1441 (a) & (b) (*i.e*, for putative federal question jurisdiction). RFK claims Pioneers Memorial's complaint is preempted by, and arises under, the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. § 1001, *et seq*. ("ERISA").

RFK's removal of this action reflects a fundamental misconstruction of the nature of the causes of action asserted by Pioneers Memorial in its complaint. Pioneers Memorial is ***not*** asserting claims as an assignee of a plan beneficiary to recover benefits under an ERISA plan. Rather, Pioneers Memorial is a health care provider suing to recover on an ***independent*** state-law-based breach of contract obligation owed by RFK. That obligation was created when RFK directly agreed to pay *Pioneers Memorial* for medical care and treatment it provided to RFK's enrollees. That claim exists independently of RFK's promise to its *enrollees* to cover them when they become sick. In other words, Pioneers Memorial derives its right to sue apart from, and not derivatively of, the patients' rights under their health insurance policies. As such, under applicable ERISA

1  precedent, none of Pioneers Memorial's causes of action "relate to" ERISA.

2  Accordingly, the Court lacks original jurisdiction of this matter, pursuant to 28

3  U.S.C. §§ 1331 and 1441, and thus, this action should be remanded to the Superior

4  Court of the State of California.

5

6  **II.**

7  **STANDARD OF REVIEW – MOTION FOR REMAND**

8

9      "Removal of a case from state to federal court is a question of federal

10  subject matter jurisdiction which is reviewed *de novo*." Emrich v. Touche Ross &

11  Co., 846 F.2d 1190, 1194 (9th Cir 1988) *citing* Williams v. Caterpillar Tractor Co.,

12  786 F.3d 928, 930 (9th Cir. 1986). *See also* Gaus v. Miles, Inc., 980 F.2d 564 (9th

13  Cir. 1992). The burden of establishing federal jurisdiction is upon the party

14  seeking removal and the removal statute is strictly construed *against* removal

15  jurisdiction. Emrich, *supra*, 846 F.2d at 1195 (emphasis added); Gaus, *supra*, 980

16  F.2d at 566. "[A]t any time before final judgment it appears that the district court

17  lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. §

18  1447(c). Counsel are obligated to bring defects in subject matter jurisdiction to the

19  attention of the court to avoid further proceedings that may prove futile.

20  Czechowski v. Tandy Corp., 731 F. Supp. 406, 407 (N.D. Cal. 1990).

21  ///

22

23  ///

24

25  ///

26

27  ///

28

**III.**

**LEGAL ARGUMENT**

A.    **The Court Must Remand This Action To State Court Because The Complaint Does Not Plead Any Causes Of Action Over Which The Court Has Original Jurisdiction Pursuant To 28 U.S.C. §§ 1331 And 1441**

RFK's removal of this action is based upon a fundamental misconstruction of the nature of the causes of action asserted by Pioneers Memorial in its complaint. Pioneers Memorial assuredly is not, as RFK states, asserting claims for "benefits payable…under the terms of an employee benefit plan…" Notice of Removal, pp. 2-3, paragraph 5. Pioneers Memorial has not alleged it is pursuing an ERISA cause of action at all. Rather, Pioneers Memorial alleges it is a health care provider suing to recover on an independent state-law-based breach of contract obligation owed by RFK.

1.    **A Third Party Hospital's Claim – Seeking Recovery Of Damages Based Upon An Independent Common Law Contract Between Itself And The Health Plan – Is Not Preempted By ERISA**

Just eight months ago, the Ninth Circuit issued a dispositive opinion in Cedars-Sinai Medical Center v. National League of Postmasters of the United States, (497 F.3d 972). Cedars-Sinai holds that an ERISA-like federal regulatory structure does **not** preempt an action brought by a hospital in state court against a health plan because such an action is based on independent state law principles arising when a hospital makes an authorization telephone call to a health plan to verify coverage. Specifically, the Ninth Circuit found that:

1    Cedars-Sinai's claims did not constitute a request for "payment of a

2    health-related bill"…"under the plan" because Cedars-Sinai's claim is

3    predicated not on the plan but on its contract with PBP Health.

4    [citation omitted]. ***Because Cedars-Sinai is not a party contemplated***

5    ***by FEHBA's implementing regulations and <u>because Cedars-Sinai's</u>***

6    ***<u>claims arise from PBP Health's contractual obligation to Cedars-</u>***

7    ***<u>Sinai—an obligation that arose when PBP Health represented that</u>***

8    ***<u>[patient] was covered by the Plan</u>*** *– Cedars-Sinai's claims do not*

9    *"relate to" FEHBA.*

10

11    *Id.* at 981 (emphasis added). The fact that <u>Cedars-Sinai</u> involved the Federal

12    Employee Health Benefits Act ("FEHBA") rather than ERISA is of no moment;

13    ERISA and FEHBA cases are analytically interchangeable on the preemption issue

14    – a fact recognized by the Ninth Circuit within the <u>Cedars-Sinai</u> opinion. *Id.* at 978

15    at fn.2 ("[b]ecause there is no Ninth Circuit authority discussing FEHBA

16    preemption issues involving the claims of a third-party health care provider, we

17    may look to analogous cases involving the application of ERISA's preemption

18    provision."). *See also* <u>Botsford v. Blue Cross & Blue Shield of Montana, Inc.</u>, 314

19    F.3d 390, 393-94 (9th Cir. 2002) (FEHBA's preemption provision "closely

20    resembles ERISA's express preemption provision, and precedent interpreting the

21    ERISA provision thus provides authority for cases involving the FEHBA

22    [preemption] provision").

23

24    Consequently, the Ninth Circuit's decision in <u>Cedars-Sinai</u> addresses

25    and rebuts the contentions made by RFK in its Notice of Removal. This case and

26    the <u>Cedars-Sinai</u> case are factually and substantively indistinguishable. As

27    discussed above, RFK bases its reasoning primarily on the assumption that

28    Pioneers Memorial's action seeks "benefits" from an ERISA plan, and thus, that

1  action must "relate to" ERISA.  However, as Pioneers Memorial's operative

2  complaint explicitly makes clear; the action bases itself upon *independent state-*

3  *law-based contractual obligations* created when RFK agreed to pay Pioneers

4  Memorial's usual and customary rates for the medical care provided to RFK's

5  enrollee and alternatively, upon claims regarding RFK's contemporaneous

6  misrepresentations to the hospital.

8      Since RFK's argument in support of its removal rests upon a

9  fallacious assumption, this case must be remanded.

11      The Cedars-Sinai holding echoes and reaffirms previous decisions

12  which have held that ERISA does not preempt claims by a third-party hospital that

13  is suing on an independent obligation created by a health plan's representation that

14  it would pay for the medical services provided to its members, because the hospital

15  is not suing as an assignee of an ERISA beneficiary.  *See* The Meadows v.

16  Employers Health Ins., 47 F.3d 1006, 1007-1008 (9th Cir. 1995) (holding that

17  ERISA does not preempt claims filed by health care providers provided they did

18  not sue as an assignee of an ERISA beneficiary, but instead sued as an independent

19  entity claiming damages); *See* Employee Retirement Income Security Act of 1974,

20  § 514, 29 U.S.C. § 1144.  Here, the complaint alleges Pioneers Memorial is a

21  health care provider suing to recover on an obligation that was created when RFK

22  agreed to pay Pioneers Memorial for the medical care and treatment it provided to

23  RFK's enrollees.  Complaint ¶¶ 7-10, 12-16, 25, 31, 35, 43-45.

25      Cedars-Sinai cited Meadows' core holding with approval, *i.e.*, that if a

26  plaintiff is not an ERISA participant, beneficiary, or fiduciary, its state law claims

27  fall outside ERISA preemption.  Meadows' reasoning has also been adopted in

28  other decisions.  *See, e.g.,* Concha v. London 62 F.3d 1493, 1505 (9th Cir. 1995);

1   Blue Cross of California v. Anesthesia Care Assoc. Medical Group, Inc., 187 F.3d

2   1045, 1049 (9th Cir. 1999).  The Blue Cross case, also cited with approval by

3   Cedars-Sinai (972 F.3d at 978), is particularly instructive.  In that case, an ERISA

4   insurer alleged that federal subject matter jurisdiction existed for an action to

5   compel arbitration as that matter involved assignment of a member's ERISA claims

6   to the defendant medical group.  187 F.3d at 1049.  The court held that as the

7   action involved a contract between insurer and health care provider, "the

8   difficulties that Congress sought to avoid with ERISA's preemption clause are not

9   implicated here."  Id. at 1054.  The court also re-affirmed "the principle that

10  ERISA preempts the state law claims of a provider suing as an assignee of a

11  beneficiary's rights to benefits under an ERISA plan."  Id. at 1051 (quoting

12  Meadows, supra, 47 F.3d at 1008).  Thus, since that lawsuit involved payment

13  under a contract independent of the ERISA plan, ERISA preemption did not apply.

14

15          Furthermore, the Ninth Circuit in Hoag Memorial Hospital v.

16  Managed Care Administrators, 820 F.Supp. 1232 (9th Cir. 1993), held that a claim

17  against a health care plan alleging damages due to reliance on false representation

18  is not preempted by ERISA.  The Cedars-Sinai court found the reasoning in Hoag

19  to be "persuasive."  See Cedars-Sinai, 973 F.3d at 980.  In Hoag, the plaintiff

20  brought an action against an employee benefit plan and employer, seeking

21  recovery of fees for treatment of the defendant's employee.  The Court held that

22  the claims based on the defendant's false statements were not preempted by

23  ERISA.  Id. at 1234-1235.  The Ninth Circuit Court concluded, "[w]hile the power

24  of ERISA's preemptive provision is indeed strong, its sweep should not be allowed

25  to ensnarl the claims of a non-ERISA entity suing under state law not to recover

26  benefits under the terms of the plan, but rather to recover for misrepresentations

27  that it would be paid those benefits."  Id. at 1238.  "Insurance companies and plan

28  administrators must recognize the implications of their unqualified verifications of

---

motion for remand                    - 8 -    1. NOTICE OF MOTION AND MOTION FOR
                                              REMAND; 2. MEMORANDUM OF POINTS AND
                                              AUTHORITIES; 3. [PROPOSED] ORDER

1  coverage." *Id.* "When they assure third-party health care providers that the plan

2  will pay for the cost of care and treatment provided, they are creating ***independent***

3  ***obligations of the plan*.** *Id.* at 1238-1239 (emphasis added). "Insurance

4  companies and ERISA plans should not be immunized from suit for their careless

5  or erroneous misrepresentation of coverage." *Id.*

6

7       Consistent with <u>Hoag</u>, Pioneers Memorial did not plead causes of

8  action subject to ERISA preemption. For ERISA preemption purposes, there is no

9  analytical difference between a promise designed to defraud and a promise

10 designed to bind. Both are promises giving rise to a common law claim. Pioneers

11 Memorial *is not* an ERISA plan participant or beneficiary seeking recovery for

12 improper processing of a claim for plan benefits or for breach of the plan contract,

13 and *is not* suing as an assignee of a plan participant or beneficiary. Nowhere do

14 such allegations – or even the hint of such allegations – appear anywhere in the

15 complaint. To the extent that its complaint even hints otherwise, Pioneers

16 Memorial abjures such a construction.

17

18 **2.**      **<u>ERISA Preemption Of State Law Claims Does Not Extend To</u>**

19         **<u>Claims Falling Outside The Traditional Relationships Governed</u>**

20         **<u>By ERISA</u>**

21

22      Section 514(a) of ERISA provides that the provisions of ERISA

23 "supersede any and all State laws insofar as they may now or hereafter relate to

24 any employee benefit plan..." 29 U.S.C. § 1144(a). Earlier in the life of ERISA,

25 the Supreme Court concluded that a participant's state law claims for improper

26 processing of claims under an ERISA plan were preempted because they "relate[d]

27 to" an employee benefit plan under the expansive language of this provision. <u>Pilot</u>

28 <u>Life Ins. Co. v. Dedeaux</u>, 481 U.S. 41, 48 (1987). In more recent decisions,

1. NOTICE OF MOTION AND MOTION FOR
REMAND; 2. MEMORANDUM OF POINTS AND
AUTHORITIES; 3. [PROPOSED] ORDER

1  however, the Supreme Court has sharpened and limited the scope of the "relate to"

2  provision of ERISA. De Buono v. NYSA-ILA Med. And Clinical Serv. Fund, 520

3  U.S. 806, 813-814 (1997); New York State Conference of Blue Cross & Blue

4  Shield Plans v. Travelers Ins. Co., 514 U. S. 645, 655 (1995). The Supreme Court

5  in De Buono and Travelers rejected a strictly literal reading of the "relate to"

6  language, since "really, universally, relations stop nowhere." *Id.* It recognized that

7  we "must go beyond the unhelpful text and the frustrating difficulty of defining its

8  key term, and look instead to the objectives of the ERISA statute as a guide to the

9  scope of the state law that Congress understood would survive." Travelers, *supra*,

10  514 U.S. at 656.

11

12      The Supreme Court has recognized that certain "run-of-the-mill state

13  law claims such as unpaid rent, failure to pay creditors, or even torts committed by

14  an ERISA plan" are not subject to ERISA's preemptive power. Mackey v. Lanier

15  Collection Agency & Service, Inc., 486 U.S. 825, 833 (1988). Following this lead,

16  the Ninth Circuit formulated a "relationship test" to determine the limits of

17  ERISA's preemption. Geweke Ford v. St. Joseph's Omni Preferred Care

18  Incorporated, 130 F.3d 1355, 1358 (9th Cir. 1997). A state law claim is preempted

19  if it "encroaches on the relationships regulated by ERISA." General Am. Life Ins.

20  Co. v. Castonguay, 984 F.2d 1518, 1522 (9th Cir. 1993). However, ERISA does

21  not preempt regulation of those relationships "where a plan operates just like any

22  other commercial entity - for instance the relationship between the plan and its own

23  employees, or the plan and its insurers or *creditors*, or the plan and the landlords

24  from whom it leases office space." *Id.* (emphasis added). As shown above,

25  Pioneers Memorial's claim implicates the relationship between an independent

26  health care provider and the plan.

27

28      Furthermore, the Ninth Circuit Court's decision in Meadows approved

1   the proposition that a hospital's claim against an ERISA plan for breach of contract
2   was not preempted by ERISA because those claims do not "relate to" the
3   administration of an ERISA plan.  47 F.3d at 1010.  In Meadows, a substance
4   abuse treatment facility that provided care for a patient it believed to be covered
5   under an ERISA plan filed suit alleging that the plan represented to the plaintiff
6   that the patient's care would be covered and subsequently refused to pay.  Id. at
7   1007-1008.  In affirming the district court's holding that ERISA does not "preempt
8   claims by a third-party who sues an ERISA plan not as an assignee of a purported
9   ERISA beneficiary, but as an independent entity claiming damages," the Ninth
10  Circuit cited with approval, and at great length, the Fifth Circuit's opinion in
11  Memorial Hospital System v. Northbrook Life Ins. Co., 904 F.2d 236, 245 (5th
12  Cir. 1990), which held that a hospital's claims against an ERISA plan for breach of
13  contract and unfair trade practices were not preempted by ERISA where the patient
14  was a member of the ERISA plan at the time of the alleged assurances of payment.
15  The Ninth Circuit concluded that "ERISA does not pre-empt a third-party
16  provider's independent state law claims against a plan precisely because those
17  claims do not 'relate to' the administration of an ERISA plan."  Meadows, 47 F.3d
18  at 1010.  See also Hoag, supra, 820 F.Supp. at 1235.  This analysis has been
19  applied both to contract claims and to tort claims.  Meadows, supra, 47 F.3d at
20  1010 (negligent misrepresentation not pre-empted)  Hoag, supra, 820 F.Supp. at
21  1238-1239 (negligent misrepresentation not pre-empted); Memorial, supra, 904
22  F.2d at 247 (negligent misrepresentation and deceptive trade practices not pre-
23  empted).
24
25       In Cypress Fairbanks Medical Center, Inc. v. Pan American Life
26  Insurance, 110 F.3d 280 (5th Cir. 1997) the Fifth Circuit expanded its decision in
27  Memorial.  In Cypress, the court stated,
28

1    ERISA preemption has two unifying characteristics, (1) the state law
2    claims address areas of exclusive federal concern, such as the right to
3    receive benefits under the terms of an ERISA plan; and (2) the claims
4    directly affect the relationship among the traditional ERISA entities–
5    the employer, the plan, and its fiduciaries, and the participants and
6    beneficiaries. 904 F.2d at 245 (footnotes omitted). *Id.* at 283.

7

8    None of those "unifying" characteristics exist in this case. First, the
9    state law claims brought by Pioneers Memorial do not address areas of exclusive
10   federal concern because they do not relate to benefits under the terms of an ERISA
11   plan, they relate to damages suffered by Pioneers Memorial as a result of RFK's
12   breach of its contract with the hospital. Secondly, the claims do not directly affect
13   the relationship among traditional ERISA entities.

14

15   The Fifth Circuit asserted three justifications for its conclusion in
16   Memorial; all of which are present here:

17

18   First, the 'commercial realities' facing third party providers of health
19   care services, noting that in situations in which it is not clear whether
20   a patient is covered by a health insurance plan, 'the provider wants to
21   know if payment reasonably can be expected. Thus, one of the first
22   steps in accepting a patient for treatment is to determine a financial
23   source for the cost of care being provided.' 904 F.2d at 246.

24

25   Second, when an insurance company erroneously informs a health
26   care provider such as Memorial that a patient is covered by health
27   insurance, state law, which 'allocat[es]...risks between commercial
28   entities that conduct business in a state,' normally provides a remedy.

1    *Id.*

2

3    Third, depriving an independent third-party provider of a state-law

4    cause of action in no way furthers, but rather defeats, Congress'

5    purpose behind enacting ERISA.

6    *Id.*

7

8    The <u>Cypress</u> court also recognized in <u>Memorial</u> that "third-party

9    providers would be less likely to accept the risk of nonpayment, and as a result,

10   may require patients to make up-front payments or subject those patients to other

11   unnecessary inconveniences before treatment is offered." *Id.* (citing <u>Memorial</u>,

12   *supra*, 904 F.2d at 247).

13

14   While Pioneers Memorial alleges that it has a contract with RFK, it

15   has not alleged that this contract in any way is based on the patients' benefit plan.

16   As such, none of Pioneers Memorial's causes of action are preempted by ERISA,

17   and this matter should be remanded to state court.

18

19   **3.    The Complaint Is Not An Action That Pioneers Memorial Could**

20   **Have Brought Originally In Federal Court Under ERISA**

21

22   In this matter, ERISA preemption does not apply since Pioneers

23   Memorial's causes of action are not claims that the patients could have alleged

24   against RFK. The Breach of Written Contract and Breach of Oral Contract causes

25   of action are the result of RFK's failure to pay as agreed between the parties

26   (Complaint ¶¶ 24-29 and 30-34, respectively), which is separate and apart from

27   any patient's health insurance policy. Furthermore, the Negligent

28   Misrepresentation and Common Counts causes of action are based on alleged

1   representations by RFK, which were made to and relied upon only by Pioneers

2   Memorial.  Complaint ¶¶ 35-40 and 42-46, respectively.  ***The patients simply***

3   ***could not bring these causes of action either by themselves or through their***

4   ***assignees***.  Rather, these causes of action arose from the operation of Pioneers

5   Memorial and its interaction with RFK as commercial entities having commercial

6   dealings with one another.  Such a creditor-debtor relationship is not one that is

7   preempted by ERISA.

8

9        In addition, Pioneers Memorial is not authorized to bring an ERISA-

10  based action since it is not a participant, beneficiary, employer or fiduciary of an

11  ERISA plan, nor is it the Secretary of Labor acting in the capacity of a public

12  official authorized to bring such an action. 29 U.S.C. § 1132(a).  No other person

13  has standing to maintain an ERISA action.  Harris v. Provident Life & Accident

14  Insurance Company, 26 F.3d 930, 933 (9th Cir. 1994) citing Franchise Tax Board

15  v. Construction Laborers Vacation Trust, 463 U.S. 1, 27 (1983).  Therefore, RFK's

16  anticipated argument that the state law causes of action are preempted based on

17  ERISA is a legal impossibility since Pioneers Memorial lacks standing to bring an

18  action on ERISA grounds.

19

20        As discussed above, Pioneers Memorial has not pled any cause of

21  action that ERISA preempts.  Accordingly, the Court lacks original jurisdiction of

22  this matter, pursuant to 28 U.S.C. §§ 1331 and 1441, and this action should be

23  remanded for hearing in the Superior Court of the State of California.

24

25  **4.      Defendants Failed to Establish the Existence of an ERISA Plan**

26  **that Would Govern Pioneers Memorial's Action**

27

28        For removal on ERISA grounds to be proper, RFK must establish the

1  existence of an ERISA plan that would govern the claim.  A valid ERISA plan
2  must be in writing.  Curtis-Wright Corp. v. Schoonejongen, 514 U.S. 73, 83
3  (1995); 29 U.S.C. § 1102(a)(1).  Furthermore, a reasonable person must be able to
4  ascertain (a) the intended benefits; (b) the beneficiaries; (c) the source of financing;
5  and (d) the procedures for receiving benefits.  Donovan v. Dillingham, 688 F.2d
6  1367, 1373 (11th Cir. 1982); Diak v. Dwyer, Costello & Knox, P.C., 33 F.3d 809,
7  812 (7th Cir. 1994).  Here, other than conclusory assertions in the Notice of
8  Removal, no showing was made by RFK that an ERISA plan exists to govern the
9  claims brought in this action.  Consequently, the mere statement that an ERISA
10  plan exists is not sufficient to prove the existence of a plan under the requirements
11  of the Donovan and Diak cases.  Notwithstanding the foregoing, Pioneers
12  Memorial is **_not_** basing its right to collect an unpaid debt on the existence of such a
13  plan.

## IV.

## CONCLUSION

18      Pioneers Memorial is not asserting claims as an assignee of a plan
19  beneficiary to recover benefits under an ERISA plan.  Rather, Pioneers Memorial
20  is a health care provider suing to recover on an independent state-law-based breach
21  of contract obligation owed by RFK rather than benefits under RFK's health
22  insurance policy.  As such, under applicable ERISA precedent, none of Pioneers
23  Memorial's causes of action "relate to" ERISA.  Accordingly, the Court lacks
24  original jurisdiction of this matter, pursuant to 28 U.S.C. §§ 1331 and 1441, and
25  this action should be remanded to the Superior Court of the State of California.

27  //

1          For the foregoing reasons, Pioneers Memorial respectfully requests

2    that the Court remand this matter to the Superior Court of the State of California.

3

4    Dated: 16 May 2008

5

6                            STEPHENSON, ACQUISTO & COLMAN

7

8

9                            KARLENE J. ROGERS-ABERMAN

10                                Attorneys for

                     PIONEERS MEMORIAL HEALTHCARE

11                                DISTRICT

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    **[PROPOSED] ORDER**

2

3         The Motion for Remand of Action to State Court by Plaintiff Pioneers

4    Memorial Healthcare District came on for hearing before the Court on June 5,

5    2008, the Honorable William Q. Hayes presiding.

6

7         Having considered the moving, opposition, and reply papers, the

8    arguments of counsel, and all other materials and argument presented to the Court,

9

10        IT IS HEREBY ORDERED THAT THE MOTION IS GRANTED

11   and that the action be remanded to the jurisdiction of the Superior Court of the

12   State of California, County of Imperial.

13

14   Dated: _____

15

16

17

18                    JUDGE, U.S. DISTRICT COURT

19                  FOR THE SOUTHERN DISTRICT OF
                       CALIFORNIA

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**
**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 303 North Glenoaks Boulevard, Suite 700, Burbank, California 91502-3226.

On **May 16, 2008,** I served the foregoing document(s) described as **(1) NOTICE OF MOTION AND MOTION FOR REMAND;(2) MEMORANDUM OF POINTS AND AUTHORITIES; AND, (3) [PROPOSED] ORDER** by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Peter S. Dickinson, Esq.
David Ahdoot, Esq.
Bush Gottlieb Singer Lopez Kohanski
3500 West Olive Avenue, Suite 1100
Burbank, California 91505-4657

[XX]  BY MAIL: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid at Burbank, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit. [C.C.P. 1013a(3); F.R.C.P. 5(b)]

[XX]  Federal: I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **May 16, 2008,** at Burbank, California.

_____
ANGELA DEMERS

PROOF OF SERVICE