PETER S. DICKINSON (Bar No. 139495)
pdickinson@bushgottlieb.com
DAVID AHDOOT (Bar No. 245133)
dahdoot@bushgottlieb.com
BUSH GOTTLIEB SINGER LÓPEZ KOHANSKI
ADELSTEIN & DICKINSON, A Law Corporation
3500 West Olive Avenue, Suite 1100
Burbank, California 91505-4657
Telephone: (818) 973-3200
Facsimile: (818) 973-3201

Attorneys for Defendant ROBERT F. KENNEDY FARM WORKERS MEDICAL PLAN

BUSH GOTTLIEB SINGER LÓPEZ KOHANSKI ADELSTEIN & DICKINSON
3500 West Olive Avenue, Suite 1100
Burbank, California 91505-4657

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

PIONEERS MEMORIAL HEALTHCARE DISTRICT, a California nonprofit corporation,

Plaintiff,

v.

ROBERT F. KENNEDY FARM WORKERS MEDICAL PLAN, a California health plan; and DOES 1 through 12, inclusive,

Defendants.

Case No. 08 CV 0747 WQH (CAB)

**DEFENDANT'S REPLY TO OPPOSITION TO MOTION TO DISMISS COMPLAINT**

[F.R.C.P. 12(b)(1) & (6)]

The Honorable William Q. Hayes

Date: June 2, 2008
Time: 11:00 a.m.
Courtroom: 4

**NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT**

## I. <u>INTRODUCTION</u>

Plaintiff Pioneer Memorial Healthcare District submitted a "final bill" directly to the Defendant Robert F. Kennedy Farm Workers Medical Plan ("RFK Plan"), an ERISA plan, in the amount of $ 122,616.91 for treatment of the participant/patient from June 28, 2005 to July 26, 2005. Cmplt. ¶¶17-19. The RFK Plan Administrator accepted, adjudicated and paid the claim for benefits in the amount of $26,755.90. As required by ERISA, the Administrator provided plaintiff with an Explanation of Benefits indicating why this amount was payable, relating to the Pioneer's charges being in excess of the $70,000.00 Annual Maximum under the Major Medical portion of the RFK Plan. Plaintiffs allege that they exhausted the applicable appeals

BUSH GOTTLIEB SINGER LÓPEZ KOHANSKI ADELSTEIN & DICKINSON
3500 West Olive Avenue, Suite 1100
Burbank, California 91505-4657

process. Cmplt. ¶ 23.

On September 7, 2005, the RFK Plan Administrator transmitted a check for the amount due, and advised as to the reason for the payment. Pioneer Memorial negotiated the check, and had its attorneys send a formal demand letter for the balance. On November 4, 2005, counsel to the RFK Plan wrote Plaintiff's counsel detailing why no further amounts were due. See Declaration of Peter S. Dickinson in Support of Motion, Exh. A.

Pioneer Memorial and its counsel thereupon did not respond to the letter, and ceased all efforts to challenge the provisions of the RFK Plan for over 2 ½ years. After abandoning the claim, Pioneer Memorial then filed suit without any prior notice in state court claiming it is not subject to the RFK Plan - despite accepting payment, "exhausting" the appeals process, and abandonning any further claims. Pioneer Memorial alleges that an "independent" contract exists between Pioneer Memorial and the RFK Plan, separate and apart from the terms of the health plan. As opposed to its prior efforts to be paid under the terms of the RFK Plan, plaintiff eschewed its right to file suit under ERISA pursuant to the standard assignment all hospitals obtain from patients and instead filed suit in state court for breach of contract, misrepresentation and common counts. Plaintiff pointedly denies the existence of any assignment of benefits under the RFK Plan, and asserts that the verification of eligibility and coverage by the RFK Plan Administrator transformed Plaintiff from an assignee into an independent third party contractor. Opposition to Motion to Dismissal, p. 3.

Plaintiff's attempt to voluntarily opt out of ERISA fails because the participant/patient was eligible and covered under the ERISA plan, and payment was made for the covered portion of the medical expenses. Therefore, this claim relates to an ERISA plan and plaintiff is not an independent third party contractor. Allowing a hospital to convert a claim under an ERISA health plan into an open ended "independent" obligation by voluntarily disavowing its standing as an assignee of the

BUSH GOTTLIEB SINGER LÓPEZ KOHANSKI ADELSTEIN & DICKINSON
3500 West Olive Avenue, Suite 1100
Burbank, California 91505-4657

patient/participant despite accepting payment on behalf of the patient/participant under the terms of an ERISA plan would eviscerate the claim adjudication procedure which plaintiff admits it participated in. Any participant or medical provider who is dissatisfied with the amount paid them under the term of the ERISA health plan could simply disavow its ERISA claim and file a suit for breach of contract under state law. This would make ERISA voluntary and is exactly the result that Congress intended to avoid by enacting the ERISA preemption provisions under 29 U.S.C. § 1144(a).[1]

## II. ARGUMENT

Plaintiff asserts that it contacted the RFK Plan Administrator on June 29, 2005 and verified the participant/patient eligibility and coverage. Cmplt. ¶ 13. Allegedly in reliance on the verification of coverage and authorization, plaintiff provided medical services, supplies and equipment to the participant/patient. Cmplt. ¶¶ 13, 22. Plaintiff then submitted a bill directly to the RFK Plan for $122,616.91 and received payment of $26,755.90 from the RFK Plan. Cmplt. ¶¶ 19-20. Plaintiff exhausted it's appeal rights. Cmplt. ¶23. Rather than rely upon its derivative standing, Plaintiff manufactures a theory of entitlement which it believes divorces Plaintiff from the terms of the RFK medical plan.

Plaintiff relies on Meadows v. Employers Health Ins., 47 F.3d 1006, 1008 (9th Cir. 1995), Hoag Memorail Hospital v. Managed Care Administrators, 82 F. Supp. 1232 (C.D. Cal. 1993), Memorial Hospital System v. Northbrook Life Ins. Co., 904 F.2d 236 (5th Cir. 1990), and Cypress Fairbanks Medical Center, Inc. v. Pan-American Life Ins., 110 F. 3d 280 (5th Cir. 1997), for the proposition that ERISA does not preempt claims by a third party who sues an ERISA plan not as an assignee of an ERISA participant, but as an independent entity claiming damages. Opposition to Motion to Dismiss, pp. 10-12. However, in Meadows, Hoag, Memorial and Cypress, the plan or administrator first verified that the participant/patient was covered under the plan and

---

[1] Abraham v. Norcal Waste Systems, Inc., 265 F.3d 811, 823-824 (9th Cir. 2001) (§ 502(a) "provides the exclusive claims that are available under ERISA, as well as by whom and against whom such claims may be brought").

BUSH GOTTLIEB SINGER LÓPEZ KOHANSKI ADELSTEIN & DICKINSON
3500 West Olive Avenue, Suite 1100
Burbank, California 91505-4657

then denied the hospital's entire claim on the ground that either the participant/patient was not covered or the entire claim was not covered. In those situations, neither the participant nor the assignee hospital had any rights under the plan or ERISA. No benefits were owed by the ERISA plans, the assignee hospitals had no right to an ERISA appeal and the assignee hospitals had no right to file a lawsuit under 29 U.S.C. § 1132(a).

The same is not true here. The RFK Plan Administrator verified the participant/patient's eligibility and coverage; accepted, adjudicated and paid the claim. Plaintiff accepted the payment and then voluntarily chose not to file suit under 29 U.S.C. § 1132(a) even though it could easily allege derivative standing from the patient/participant, or through assignment. Under these circumstances, plaintiff should not be permitted to disavow it's derivative status of the patient/participant, renounced its rights under ERISA and pursue a state court remedy.

This case is indistinguishable from *Fresno Community Hospital and Medical Center v. Souza*, USDC 07 CV 325 which the Eastern District Federal Court, the Honorable Lawrence J. O'Neill presiding, dismissed a hospital's "independent claim" holding:

> "Community Hospital can avoid ERISA preemption only if it identifies a separate contract between the parties, or alleges a specific misrepresentation that does not require interpretation of the Fund or Plan and would not affect relationships of ERISA participants. See Geweke Ford v. St. Joseph's Omni Pref. Care Inc., 130 F. 3d 1355, 1358 (9th Cir. 1997).
>
> Community Hospital is unable to avoid ERISA preemption and oversimplifies the dispute as merely between a health plan and hospital. Community Hospital attempts to ignore the import of the Plan and Fund, ERISA plans which are the bases for Community Hospital's rights at issue. As a reminder, the Blue Cross contract

    BUSH GOTTLIEB SINGER LÓPEZ KOHANSKI ADELSTEIN & DICKINSON
3500 West Olive Avenue, Suite 1100
Burbank, California 91505-4657

> provides that Community Hospital is entitled to payment for services 'rendered, covered under, and subject to the exclusions and limitations of the relevant Benefit Agreement.' Such specific reference to a 'Benefit Agreement' requires application of the Plan and Fund to distinguish this action from cases relied upon by Community Hospital. See Meadows v. Employers Health Ins., 47 F. 3d 1006, 1009 (9th Cir. 1995)(patients had no existing ties to ERISA plan when services were provided to avoid ERISA preemption); Blue Cross, 187 F.3d at 1049, 1054 (dispute between provider and Blue Cross related to changes in fee schedule, not ERISA plan and did not involve 'the difficulties that Congress sought to avoid with ERISA's preemption clause)."

Fresno Community Hospital v. Souza, 2007 U.S. Dist. LEXIS 56048 (ED CA 2007).

Fresno Community Hospital offers the Court nearly identical facts and a compelling legal analysis. Rather than attempt to distinguish Fresno Community Hospital, Pioneers relies on Cedars-Sinai Medical Center v. National League of Postmasters of the United States, 497 F. 3d 972 (9th Cir. 2007) to argue that Fresno Community Hospital is "implicitly overruled". In fact, Cedars-Sinai does not cite Fresno Community Hospital and is legally and factually distinguishable. In Cedars-Sinai, a hospital had a direct formal contract with the insurer and brought suit against it for medical claims. The plan argued that the state court action was preempted by the Federal Employee Health Benefit Act ("FEHBA"). Courts construing the FEHBA may well take into account ERISA authority, but there are significant differences between the statutes such that a court considering an ERISA claim should not adopt wholesale caselaw under FEHBA. In Botsford v. Blue Cross, 314 F.3d 390 (9th Cir. 2002) (cited by Plaintiffs' Opposition to Motion to Dismiss, p. 6) the Ninth Circuit noted that FEHBA contains a "narrower jurisdictional statement than either ERISA or the LMRA . . . . "Thus, FEHBA provides federal courts with jurisdiction solely over

BUSH GOTTLIEB SINGER LÓPEZ KOHANSKI ADELSTEIN & DICKINSON
3500 West Olive Avenue, Suite 1100
Burbank, California 91505-4657

suits against the United States. In contrast, ERISA and the LMRA contemplate a greater number of defendants. . . . ERISA and the LMRA create federal jurisdiction over various parties, and various defendants, not merely the United States." Id. at 397. While courts interpreting FEHBA claims will look to ERISA, the opposite is not necessarily the case: that federal courts construing ERISA jurisdiction should not rely on FEHBA caselaw, especially given the voluminous ERISA caselaw parsing the niceties of ERISA benefit claims.

Dismissal is also mandated by the holding in Catholic Healthcare West-Bay Area v. Seafarers Health & Benefits Plan, 2006 WL 2374701 (C.D. Cal.). In Catholic Healthcare, the assignee hospital submitted its claim directly to the plan and the plan partially paid the claim. The assignee hospital then filed suit in state court for breach of contract, misrepresentation, estoppel and quantum meruit based upon the administrator's verification of coverage. In denying the motion for remand, the Northern District court held that the hospital's claim related to the ERISA plan and that the state law causes of action were preempted.

In Marin General Hospital v. Modesto & Empire Traction Co., 2007 U.S. Dist. LEXIS 37701 (ND CA 2007)[2], the Northern District of California granted a hospital's motion to dismiss for lack of jurisdiction finding:

> "Plaintiff can only escape ERISA preemption if Marin can either identify a separate contract between the parties, or allege a specific misrepresentation that would not require intepreting S.M.'s ERISA plan and would not affect the relationships between ERISA participants. See Geweke Ford v. St. Joseph's Omni Pref. Care Inc., 130 F. 3d 1355, 1358 (9th Cir. 1997).

After finding "no dispute that S.M.'s insurance plan is an employee benefit plan under ERISA", the court noted that the hospital sought relief based on "implied and

---

[2] The hospitals in Fresno Community Hospital, Catholic Healthcare and Marin General, cases were also represented by Stephenson, Acquisto & Colman.

BUSH GOTTLIEB SINGER LÓPEZ KOHANSKI ADELSTEIN & DICKINSON
3500 West Olive Avenue, Suite 1100
Burbank, California 91505-4657

oral contract". After reviewing the hospital's case law which is also relied upon by Pioneer in this case, the court held:

> "Here, unlike The Meadows or Memorial Hospital Systems, S.M. was covered by an ERISA plan at the time of treatment. S.M. assigned her ERISA benefits to Marin, Marin billed defendants pursuant to that assignment, defendants partially paid Marin's bill under the terms of S.M.'s ERISA plan, and Marin filed an administrative appeal as an assignee. Thus, while the plaintiffs' claims in The Meadows and Memorial Hospital Systems did not "relate to" an ERISA plan, Marin's claims are intertwined with S.M.'s ERISA plan, and S.M.'s assignment of ERISA benefits to Marin. Further, unlike Hoag, where the defendants allegedly misrepresented that the hospital would be paid and then completely denied coverage, here plaintiff received partial payment in accordance with the terms of S.M.'s ERISA plan (and presumably could have sought additional payments had further documentation been provided)."

As in the Marin General and Fresno Community Hospital (which also did not involve an assignment), cases, Pioneer Memorial's claims are intertwined with the terms of the RFK Plan, and thus the state law claims preempted.

## III. PLAINTIFF'S CLAIMS FOR NEGLIGENT MISREPRESENTATION AND ORAL CONTRACT REMAIN BARRED BY CALIFORNIA'S TWO YEAR STATUTE OF LIMITATIONS

California Code of Civil Procedure § 339 bars claims based on oral contracts if not initiated within two (2) years of the alleged breach. Likewise, CCP § 339(1) bars claims for negligent misrepresentation if not filed within 2 years. See E-Fab, Inc. v. Accountants, Inc. Services, 153 Cal. App. 4th 1308, 1316 (2007).

A cause of action for a breach of an oral contract accrues at the time when the

BUSH GOTTLIEB SINGER LÓPEZ KOHANSKI ADELSTEIN & DICKINSON
3500 West Olive Avenue, Suite 1100
Burbank, California 91505-4657

party charged with the duty to perform under the contract fails to perform. See Cochran v. Cochran, 56 Cal. App. 4th 1115, 1124, 66 Cal. Rptr. 2d 337 (1997); Parker v. Walker, 5 Cal. App. 4th 1173, 1190, 6 Cal. Rptr. 2d 908 (1992) (statute of limitations began to run when the repudiating party did not accept the Plaintiff's claims as valid).

Plaintiff makes the overly broad claim that the statute of limitation does not begin to run until the right of action has accrued with an "unequivocal" repudiation. Opposition to Defendant's Motion to Dismiss Complaint, pp 21-22.

Plaintiff uses this analysis to allege that RFK Plan somehow failed to provide an "unequivocal denial" when RFK Plan denied Pioneer Memorial's claim; instead, Plaintiff asserts that RFK Plan explicitly left the matter "open for discussion" then, but at a later date clearly gave the Plaintiff a reason to believe RFK Plan had committed a breach of contract.

However, in the November 4, 2005, letter to Plaintiff's counsel, RFK Plan's counsel disputed its liability to Plaintiff. Decl. Dickinson, Exh. A. This letter and nonpayment in full gave Plaintiff unequivocal notice that RFK Plan had indeed rejected the claim, and the tolling of the time for Plaintiff to exercise its rights had begun then, and not later. In Parker v. Walker, the petitioner's claim was also barred by the two-year statute of limitations provided in CCP §339(1). Parker v. Walker 5 Cal. App. 4th 1173, 1191. The Parker court found that the petitioner's claims to all of the proceeds of a joint venture were "repeatedly" rejected by the holder of the trust who attempted to persuade the petitioner to share the funds in a settlement agreement. Id. at 1191.

A cause of action for negligent misrepresentation accrues once a plaintiff is placed on inquiry notice of alleged defendant misrepresentations, and the statute will toll even as the Plaintiff chooses to "sit on his rights." See Platt Elec. Supply, Inc. v. EOFF Elec., Inc., 522 F.3d 1049 (9th Cir. Cal. 2008)("he must go find them himself if he can and file suit if he does").

BUSH GOTTLIEB SINGER LÓPEZ KOHANSKI ADELSTEIN & DICKINSON
3500 West Olive Avenue, Suite 1100
Burbank, California 91505-4657

Despite receipt of the RFK Plan's 2005 letter disputing its claims, the Plaintiff failed to file suit until February 5, 2008 – well beyond the statute of limitations applicable to each claim in its complaint – and has failed to show any possible justification for not acting sooner.

Therefore, the Plaintiff's complaint remains time-barred from the causes of action for breach of oral contract and misrepresentation.

## IV. CONCLUSION

For all of the foregoing reasons, the Defendant RFK Plan respectfully submits that the Complaint should be dismissed in its entirety based on ERISA preemption of its state law claims and its failure to state a cause of action on which relief may be granted.

DATED: May 22, 2008

PETER S. DICKINSON
BUSH GOTTLIEB SINGER LÓPEZ
KOHANSKI ADELSTEIN & DICKINSON
A Law Corporation

By s/Peter S. Dickinson
Attorneys for Defendant RFK Plan
E-mail: pdickinson@bushgottlieb.com