PETER S. DICKINSON (Bar No. 139495)
pdickinson@bushgottlieb.com
ANJETTA MCQUEEN (Bar No. 256571)
amcqueen@bushgottlieb.com
BUSH GOTTLIEB SINGER LÓPEZ KOHANSKI
ADELSTEIN & DICKINSON, A Law Corporation
500 N. Central Avenue, Suite 800
Glendale, California 91302-4657
Telephone: (818) 973-3200
Facsimile: (818) 973-3201

Attorneys for Defendant ROBERT F. KENNEDY FARM WORKERS MEDICAL PLAN

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PIONEERS MEMORIAL HEALTHCARE DISTRICT, a California nonprofit corporation,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT F. KENNEDY FARM WORKERS MEDICAL PLAN, a California health plan; and DOES 1 through 12, inclusive,<br><br>Defendants. | Case No. 08 CV 0747 WQH (CAB)<br><br>**DEFENDANT'S OPPOSITION TO MOTION TO REMAND THE ACTION**<br><br>The Honorable William Q. Hayes<br><br>Date: July 7, 2008<br>Time: 11:00 a.m.<br>Courtroom: 4<br><br>**NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT** |

Plaintiff cannot avoid federal jurisdiction by omitting reference to the Employee Retirement Income Security Act, as amended ("ERISA") in its complaint where a claim concerns a core plan function such as paying claims and falls within the scope of ERISA's enforcement provisions; accordingly, Defendant Robert F. Kennedy Farm Workers Medical Plan ("RFK Plan") opposes remand of this ERISA benefit dispute to the California Superior Court. Plaintiff Pioneer Memorial Healthcare District ("Pioneer") asserts that none of its causes of action against Defendant RFK Plan relate to ERISA, and attempts to avoid federal jurisdiction by inventing an independent state law cause of action, but the only health insurance plan at issue here is the RFK Plan. Based on the legal authorities argued in the RFK Plan's motion to

dismiss, ERISA preempts such remedies because 29 U.S.C. § 1132 provides the exclusive statutory remedy for resolving benefit disputes such as these.

## I.     INTRODUCTION

Pioneer billed the RFK Plan in the amount of $ 122,616.91 for treatment of the participant/patient from June 28, 2005 to July 26, 2005. Complaint ¶¶17-19. The RFK Plan Administrator accepted, adjudicated and paid the claim for benefits in the amount of $26,755.90. As required by ERISA, the Administrator provided Pioneer with an Explanation of Benefits indicating why this amount was payable, relating to the Pioneer's charges being in excess of the $70,000.00 Annual Maximum under the Major Medical portion of the RFK Plan. Pioneer alleges that it exhausted the applicable appeals process. Complaint. ¶ 23.

## II.    PREEMPTION STANDARD

The ERISA statute establishes a comprehensive system for regulating the administration of employee welfare benefit plans. Toward that end, ERISA defines the relationship between plans and their participants, affording specific remedies in 29 U.S.C. § 1132 for the protection of plan participants, and enforcement of ERISA rights. 29 U.S.C. §§1109 and 1132. To ensure the uniformity and effectiveness of ERISA's comprehensive regulatory scheme, Congress created an extremely broad preemption clause which provides, in part, that:

> "Except as provided in subsection (b) of this section, the provisions of this Title and Title IV shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan."

29 U.S.C. § 1144(a). The Supreme Court has held that, for the purposes of ERISA preemption, a state law "relates to" an employee benefit plan if it has a connection with or a reference to such a plan. Pilot Life Ins. v. Dedeaux, 481 U.S. 41, 47 (1987); Metropolitan Life Ins. Co. v. Mass., 471 U.S. 724, 739 (1985). Therefore, ERISA's preemption clause is not limited to state laws that are specifically designed to affect

BUSH GOTTLIEB SINGER LÓPEZ KOHANSKI ADELSTEIN & DICKINSON
500 N. Central Avenue, Suite 800
Glendale, California 91203-3345

1  employee benefit plans.

2  Generally speaking, a common law claim "relates to" an employee benefit
3  plan governed by ERISA "if it has a connection with or reference to such a plan." Id.
4  (internal quotation marks omitted); see also Blue Cross of Cal. v. Anesthesia Care
5  Assocs. Med. Group, Inc., 187 F.3d 1045, 1052 (9th Cir. 1999).  "In evaluating
6  whether a common law claim has 'reference to' a plan governed by ERISA, the focus
7  is whether the claim is premised on the existence of an ERISA plan, and whether the
8  existence of the plan is essential to the claim's survival.  If so, a sufficient "reference"
9  exists to support preemption." California Div. of Labor Standards Enforcement v.
10 Dillingham Constr., N.A., Inc., 519 U.S. 316, 324-25, 136 L. Ed. 2d 791(1997) (citing
11 Ingersoll-Rand Co. v. McClendon, 498 U.S. 133, 140(1990).

12 In determining whether a claim has a "connection with" an employee benefit
13 plan, courts in this Circuit use a relationship test.  Specifically, the emphasis is on the
14 genuine impact that the action has on a relationship governed by ERISA, such as the
15 relationship between the plan and a participant. See Abraham v. Norcal Waste Sys.,
16 Inc., 265 F.3d 811, 820-21 (9th Cir. 2001); Blue Cross of Cal., 187 F.3d at 1052-53.

17 The 9th Circuit summarized the complete preemption analysis applicable here
18 in Rutledge v. Seyfarth, Shaw, 201 F.3d 1212, 1222, fn. 13 (9th Cir. 2000):

19 "ERISA completely preempts a claim under state law, permitting the
20 defendant to remove despite the well-pleaded complaint rule, if two
21 circumstances exist (1) ERISA preempts the plaintiff's cause of action
22 and (2) the cause of action falls within the scope of ERISA's civil
23 enforcement provision."

24 Rutledge, 201 F.3d at 1216 (citations omitted).

25 The Court went on to conclude that, "under each test, a core factor leading to
26 the conclusion that a state law claim is preempted is that the claim bears on an
27 ERISA-regulated relationship". Id. at 1219.  In Rutledge, the 9th Circuit concluded
28 that the relationship between an employee benefit plan and its counsel was governed

BUSH GOTTLIEB SINGER LÓPEZ KOHANSKI ADELSTEIN & DICKINSON
500 N. Central Avenue, Suite 800
Glendale, California 91203-3345

by ERISA, and the claims addressed to the defendants' actions were "exactly the capacity regulated by the statute." Id. at 1222. The 9th Circuit reversed the order by the lower court remanding the action to California state court. Here, Pioneer challenges the actions by the RFK Plan claiming that the Plan did not pay enough of the medical claims incurred by the hospital. Pioneer's claim derives from that of the RFK Plan participant/patient whose care was undertaken by Pioneer. As Pioneer's status derives from the participant, it provides jurisdictional grounding for removal based upon complete preemption:

> "We have previously recognized that 'a core factor leading to the conclusion that a state law claim is preempted is that the claim bear on an ERISA-regulated relationship, Rutledge, 201 F.3d at 1219. Under the rationale of a 'relationship test,' 'we look to whether the state law encroaches on relationships regulated by ERISA, such as between plan and plan member, plan and employer, and plan and trustee.'"

Abraham v. Norcal Waste Sys., 265 F. 3d 811, 820-821 (9th Cir. 2001).

Based both on the fact that Pioneer's claim is effectively a dispute over how much the Plan should pay Pioneer under the RFK Health Plan (an enumerated statutory claim), and that Pioneer's status derives from an ERISA regulated relationship between the RFK Plan and its participant/patient, ERISA preempts Pioneer's claim, and removal was proper.

**III.   ARGUMENT**

   **A.   This Action Should Not Be Remanded to State Court Because the Plaintiff is Pursuing Causes of Action Under the Original Jurisdiction of This Court**

Complete preemption exists when a remedy falls within the scope of, or is in direct conflict with, ERISA § 502(a), and, therefore, is within the jurisdiction of federal court pursuant to 28 U. S. C. § 1331 and 28 U. S. C. § 1441(b). Metropolitan

Life Ins. Co. v. Taylor, 481 U.S. 58, 66 (1987). The remedy that the Plaintiff seeks here falls squarely within the scope of Section 502, as it is an elaborate claim for benefits due under the terms of the Plan.[1]

Pioneer claims it was "damaged" by the Plan's failure to pay demanded sums for a plan beneficiary. Remand Motion, pp. 12,15. Even if Pioneer carefully avoids using terms to identify ERISA principles underlying its claim, the Complaint and the Noticed Motion for Remand ["Remand Motion"], both demonstrate that Pioneer *is* seeking to recover benefits under an ERISA plan. Cal. Pac. Med. Ctr. v. Concentra Preferred Sys., 2004 U.S. Dist. LEXIS 21389, 12-13 (N.D. Cal. Oct. 15, 2004) (Despite whether hospital acknowledges it is pursuing an ERISA cause of action, a denial of benefit claim, whether brought by the ERISA plan beneficiary or by a provider by virtue of an assignment of ERISA Plan benefits, is subject to complete preemption). In Cal. Pac. Med. Ctr., the district court found that the hospital's claim "necessarily implicates Plan administration because such an obligation could only arise if the services (1) are rendered to an eligible beneficiary and (2) covered by the Plan". Id.

The criterion for complete preemption is met precisely because this is a claim for Plan benefits, dictated by Plan rules, and provided for Plan beneficiaries treated by Providers. Pioneer and all other providers servicing RFK Plan participants are subject to Plan regulations and rules governing the payment of benefits. Furthermore, the Plaintiff alleges it exhausted its claims through the administrative remedial process, which would include appeal to the Plan Trustees. (Complaint ¶ 23)

Failing relief there, the Plaintiff's claim should have been brought under ERISA § 502(a)(1)(B)). Attempts to reconstruct this ERISA benefits claim as one under state law should be rejected.

---

[1] The RFK Plan is an ERISA Plan as demonstrated both by the Summary Plan Description attached to Richard Vera's Declaration and the CCN Contract. The CCN Contract recites that ERISA shall be the controlling law. Declaration of Richard Vera in Support of Opposition, Exhibits A and B, p.15.

1    As in their Opposition to the RFK Plan's Motion to Dismiss, Plaintiff relies on
2 Cedars-Sinai Medical Center v. National League of Postmasters of the United States,
3 497 F. 3d 972 (9th Cir. 2007), Meadows v. Employers Health Ins., 47 F.3d 1006, 1008
4 (9th Cir. 1995), Hoag Memorial Hospital v. Managed Care Administrators, 82 F. Supp.
5 1232 (C.D. Cal. 1993), Memorial Hospital System v. Northbrook Life Ins. Co., 904
6 F.2d 236 (5th Cir. 1990), and Cypress Fairbanks Medical Center, Inc. v. Pan-American
7 Life Ins., 110 F. 3d 280 (5th Cir. 1997), for the proposition that ERISA does not
8 preempt claims by a third party who sues an ERISA plan not as an assignee of an
9 ERISA participant, but as an independent entity claiming damages. Motion to Remand
10 pgs.5-9. Opposition to Motion to Dismiss, pp. 10-12.  However, in Meadows, Hoag,
11 Memorial and Cypress, the plan or administrator first verified that the
12 participant/patient was covered under the plan and then denied the hospital's entire
13 claim on the ground that either the participant/patient was not covered or the entire
14 claim was not covered.  In those situations, neither the participant nor the assignee
15 hospital had any rights under the plan or ERISA.  No benefits were owed by the
16 ERISA plans, the assignee hospitals had no right to an ERISA appeal and the assignee
17 hospitals had no right to file a lawsuit under 29 U.S.C. § 1132(a).
18    The same is not true here.  The RFK Plan Administrator verified the
19 participant/patient's eligibility and coverage; accepted, adjudicated and paid the claim.
20 Plaintiff accepted the payment and then voluntarily chose not to file suit under 29
21 U.S.C. § 1132(a) even though it could easily allege derivative standing from the
22 patient/participant, or through assignment.   Under these circumstances, plaintiff
23 should not be permitted to disavow it's derivative status of the patient/participant,
24 renounced its rights under ERISA and pursue a state court remedy.
25    Pioneer fails to discuss the indistinguishable case Fresno Community Hospital
26 and Medical Center v. Souza, USDC 07 CV 325 where the Eastern District Federal
27 Court, the Honorable Lawrence J. O'Neill presiding, dismissed a hospital's
28 "independent claim" holding:

BUSH GOTTLIEB SINGER LÓPEZ KOHANSKI ADELSTEIN & DICKINSON
500 N. Central Avenue, Suite 800
Glendale, California 91203-3345

| | |
|---|---|
| 1 | "Community Hospital can avoid ERISA preemption only if it |
| 2 | identifies a separate contract between the parties, or alleges a |
| 3 | specific misrepresentation that does not require interpretation of |
| 4 | the Fund or Plan and would not affect relationships of ERISA |
| 5 | participants. See Geweke Ford v. St. Joseph's Omni Pref. Care |
| 6 | Inc., 130 F. 3d 1355, 1358 (9th Cir. 1997). |
| 7 | Community Hospital is unable to avoid ERISA preemption and |
| 8 | oversimplifies the dispute as merely between a health plan and |
| 9 | hospital.  Community Hospital attempts to ignore the import of the |
| 10 | Plan and Fund, ERISA plans which are the bases for Community |
| 11 | Hospital's rights at issue.  As a reminder, the Blue Cross contract |
| 12 | provides that Community Hospital is entitled to payment for |
| 13 | services 'rendered, covered under, and subject to the exclusions |
| 14 | and limitations of the relevant Benefit Agreement.'  Such specific |
| 15 | reference to a 'Benefit Agreement' requires application of the Plan |
| 16 | and Fund to distinguish this action from cases relied upon by |
| 17 | Community Hospital.  See Meadows v. Employers Health Ins., 47 |
| 18 | F. 3d 1006, 1009 (9th Cir. 1995)(patients had no existing ties to |
| 19 | ERISA plan when services were provided to avoid ERISA |
| 20 | preemption); Blue Cross, 187 F.3d at 1049, 1054 (dispute between |
| 21 | provider and Blue Cross related to changes in fee schedule, not |
| 22 | ERISA plan and did not involve 'the difficulties that Congress |
| 23 | sought to avoid with ERISA's preemption clause)." |

Fresno Community Hospital v. Souza, 2007 U.S. Dist. LEXIS 56048 (ED CA 2007).

Fresno Community Hospital offers the Court nearly identical facts and a compelling legal analysis. Rather than attempt to distinguish Fresno Community Hospital, Pioneers relies on Cedars-Sinai Medical Center v. National League of Postmasters of the United States, 497 F. 3d 972 (9th Cir. 2007).   In Cedars-Sinai, a

hospital had a direct formal contract with the insurer and brought suit against it for medical claims. The plan argued that the state court action was preempted by the Federal Employee Health Benefit Act ("FEHBA"). Courts construing the FEHBA may well take into account ERISA authority, but there are significant differences between the statutes such that a court considering an ERISA claim should not adopt wholesale caselaw under FEHBA. In Botsford v. Blue Cross, 314 F.3d 390 (9th Cir. 2002) (cited by Plaintiffs' Motion to Remand, p. 6) the Ninth Circuit noted that FEHBA contains a "narrower jurisdictional statement than either ERISA or the LMRA . . . . "Thus, FEHBA provides federal courts with jurisdiction solely over suits against the United States. In contrast, ERISA and the LMRA contemplate a greater number of defendants. . . . ERISA and the LMRA create federal jurisdiction over various parties, and various defendants, not merely the United States." Id. at 397. While courts interpreting FEHBA claims will look to ERISA, the opposite is not necessarily the case: that federal courts construing ERISA jurisdiction should not rely on FEHBA caselaw, especially given the voluminous ERISA caselaw parsing the niceties of ERISA benefit claims.

Remand should also be denied based on the holding in Catholic Healthcare West-Bay Area v. Seafarers Health & Benefits Plan, 2006 WL 2374701 (C.D. Cal.). In Catholic Healthcare, the assignee hospital submitted its claim directly to the plan and the plan partially paid the claim. The assignee hospital then filed suit in state court for breach of contract, misrepresentation, estoppel and quantum meruit based upon the administrator's verification of coverage. In denying the motion for remand, the Northern District court held that the hospital's claim related to the ERISA plan and that the state law causes of action were preempted.

In Marin General Hospital v. Modesto & Empire Traction Co., 2007 U.S. Dist. LEXIS 37701 (ND CA 2007)[2], the Northern District of California granted a

---

[2] The hospitals in Fresno Community Hospital, Catholic Healthcare and Marin General, cases were also represented by Stephenson, Acquisto & Colman.

hospital's motion to dismiss for lack of jurisdiction finding:

> "Plaintiff can only escape ERISA preemption if Marin can either identify a separate contract between the parties, or allege a specific misrepresentation that would not require intepreting S.M.'s ERISA plan and would not affect the relationships between ERISA participants.  See Geweke Ford v. St. Joseph's Omni Pref. Care Inc., 130 F. 3d 1355, 1358 (9th Cir. 1997).

After finding "no dispute that S.M.'s insurance plan is an employee benefit plan under ERISA", the court noted that the hospital sought relief based on "implied and oral contract".  After reviewing the hospital's case law which is also relied upon by Pioneer in this case, the court held:

> "Here, unlike The Meadows or Memorial Hospital Systems, S.M. was covered by an ERISA plan at the time of treatment.  S.M. assigned her ERISA benefits to Marin, Marin billed defendants pursuant to that assignment, defendants partially paid Marin's bill under the terms of S.M.'s ERISA plan, and Marin filed an administrative appeal as an assignee.  Thus, while the plaintiffs' claims in The Meadows and Memorial Hospital Systems did not "relate to" an ERISA plan, Marin's claims are intertwined with S.M.'s ERISA plan, and S.M.'s assignment of ERISA benefits to Marin.  Further, unlike Hoag, where the defendants allegedly misrepresented that the hospital would be paid and then completely denied coverage, here plaintiff received partial payment in accordance with the terms of S.M.'s ERISA plan (and presumably could have sought additional payments had further documentation been provided)."

As in the Marin General and Fresno Community Hospital (which also did not involve an assignment), cases, Pioneer Memorial's claims are intertwined with the terms of the RFK Plan, and thus the state law claims preempted.

Pioneer's claim arises solely from an allegedly improper denial of benefits to an ERISA Plan participant and falls squarely within ERISA's civil enforcement provision. The CCN Contract recites that it is not an insurance plan, and expressly acknowledges that it is paying claims for the RFK Plan, effectively as a "middle man". Declaration of Richard Vera, Exhibit B, p. 14 (5.2). If Pioneer is owed any money, it can only be based on the terms of the RFK Plan covering the participant/patient.

This case represents an ERISA benefit dispute and the only issue is how much Pioneer is due under the terms of the RFK Plan. It is assuredly not the "run-of-the-mill" state law claim Pioneer alleges citing <u>Mackey v. Lanier Collection Agency & Service, Inc.</u>, 486 U.S. 825, 833 (1988), and falls within a traditional relationship governed by ERISA.

## IV.   CONCLUSION

For all of the foregoing reasons, the Defendant RFK Plan respectfully submits that the motion for an order remanding the action be denied.

DATED: June 23, 2008

PETER S. DICKINSON
BUSH GOTTLIEB SINGER LÓPEZ
KOHANSKI ADELSTEIN & DICKINSON
A Law Corporation


By   s/Peter S. Dickinson
   Attorneys for Defendant RFK Plan
   E-mail: pdickinson@bushgottlieb.com