1  STEPHENSON, ACQUISTO & COLMAN
2  JOY Y. STEPHENSON, ESQ.  (SBN 113755)
   BARRY SULLIVAN, ESQ.    (SBN 136571)
3  KARLENE J. ROGERS-ABERMAN, ESQ.
       (SBN 237883)
4  303 N. Glenoaks Blvd., Suite 700
5  Burbank, CA 91502

6  Telephone:  (818) 559-4477
7  Facsimile:  (818) 559-5484

8  Attorneys for Plaintiff
   PIONEERS MEMORIAL HEALTHCARE
9  DISTRICT

10              UNITED STATES DISTRICT COURT

11            SOUTHERN DISTRICT OF CALIFORNIA

12

13

14 PIONEERS MEMORIAL              Case No.:    08-CV-0747-WQH-(CAB)
   HEALTHCARE DISTRICT, a
15 California nonprofit corporation,   [Assigned for all purposes to:
                                    Hon. William Q. Hayes,
16              Plaintiff,          Dept. 4]

17       vs.                       PIONEERS MEMORIAL
                                   HEALTHCARE DISTRICT'S *REPLY
18 ROBERT F. KENNEDY FARM          BRIEF* RE ITS MOTION FOR
19 WORKERS MEDICAL PLAN, a         REMAND
   California health plan; and DOES 1
20 THROUGH 25, INCLUSIVE            **NO ORAL ARGUMENT UNLESS
21                                   REQUESTED BY THE COURT**
                Defendants
22

23 ////

24 ////

25 ////

26 ////

27 ////

28 ////

<u>**PIONEERS MEMORIAL HEALTHCARE DISTRICT'S *REPLY BRIEF* RE**</u>

<u>**ITS MOTION FOR REMAND**</u>

**I.**

<u>**INTRODUCTION AND SUMMARY OF ARGUMENT**</u>

RFK's opposition brief betrays a studied failure to avoid a bedrock principle underpinning federal pleading; *i.e.*, the "well-pleaded complaint" rule. The Supreme Court summarized the "well-pleaded complaint" as follows:

> The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists *only* when a federal question is presented on the face of the plaintiff's properly pleaded complaint.  [citation omitted.] ***The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law***."

<u>Caterpillar Inc. v. Williams</u>, 482 U.S. 386, 392 (1987) (emphasis added); *see also* <u>Merrell Dow Pharmaceuticals, Inc. v. Thompson</u>, 478 U.S. 804, 809 at fn. 6 (1986) ("Jurisdiction may not be sustained on a theory that the plaintiff *has not advanced*") (emphasis added).

RFK's opposition brief actually admits Pioneers Memorial did *not* advance an ERISA-based cause of action but rather state-law based causes of action only.  For example, RFK's opposition brief leads off with an explicit admission that Pioneers Memorial *nowhere* pled any sort of ERISA-based cause of action: "Plaintiff cannot avoid federal jurisdiction by omitting reference to [ERISA]."  Opposition Brief p.1.  Similarly, RFK states, "Pioneer *carefully avoids*

1  using terms to identify ERISA principles underlying its claim . . ."  *Id.* at 5
2  (emphasis added).  Perhaps sensing the problem it thus created, RFK then resorts
3  to re-characterizing Pioneers Memorial's theories of recovery:  "Pioneer's [*sic*,
4  "Pioneers'"] claim is *effectively* a dispute over how much the Plan should pay
5  Pioneer . . ."  *Id.* at p.4 (emphasis added).  Even more problematically, RFK then
6  makes an *ipse dixit* supposition: "[t]he remedy Plaintiff seeks . . . is an elaborate
7  claim for benefits due under the terms of the Plan."  In other words, only by
8  contorting of the plain language employed by Pioneers Memorial in its complaint
9  can RFK even attempt to show ERISA preemption applies by "advanc[ing]"
10  theories Pioneers Memorial did not plead.

12        As shown below, RFK also turns upside down the judicial principle of
13  "binding authority."  Rather than recognizing the binding precedent the Ninth
14  Circuit created with the on-point case of <u>Cedars-Sinai Medical Center v. National</u>
15  <u>League of Postmasters of the United States</u>, 497 F.3rd 972 (9th Cir. 2007), RFK
16  instead devotes the bulk of its brief towards explaining why several *district court*
17  cases decided *before* the Ninth Circuit issued <u>Cedars-Sinai</u> somehow ought to be
18  followed here rather than <u>Cedars-Sinai</u>.  Under RFK's reasoning, lower court
19  opinions carry more precedential weight than later-decided higher court decisions.

21        In sum, RFK's arguments do not withstand scrutiny.

23                                **II.**
24  **<u>PIONEERS MEMORIAL IS THE "MASTER" OF ITS COMPLAINT AND</u>**
25  **<u>CHOSE *NOT* TO PLEAD ANY FEDERAL CLAIMS, MUCH LESS AN</u>**
26  **<u>ERISA-BASED THEORY OF RECOVERY</u>**

28        As shown in the introductory section above, Pioneers Memorial

asserted **no** "federal question" theories of recovery in its state court action.  To

surmount this problem, RFK resorted to distorting Pioneers Memorial's own

complaint in an effort to try and manufacture federal jurisdiction where there is

none.  Such a re-characterization are improper.  As stated above, Pioneers

Memorial is the "master" of its own complaint and is entitled to purposely avoid

federal jurisdiction by "exclusive reliance" upon state-law-based theories of

recovery.  Caterpillar Inc., *supra*, 482 U.S. at 392.  As such, RFK's rhetorical

device of re-casting Pioneers Memorial's complaint is improper.


        Beyond that, *nowhere* does RFK explain how the four causes *actually*

pled by Pioneers Memorial (*i.e.*, breach of written contract, breach of oral contract,

negligent misrepresentation, and common counts) flow from anything other than

the common law of the State of California, not from federal sources.  *See, e.g.,*

International Order of Job's Daughters v. Lindeburg & Co., 633 F.2nd 912, 915 (9th

Cir. 1980) ("[s]ave as an outgrowth of federal statutory or constitutional law, there

is no federal common law.").  Plainly, the complaint does not say what RFK claims

the complaint says.


### III.

### THE LOWER COURT OPINIONS CITED BY RFK CARRY NO

### PRECEDENTIAL VALUE NOW THAT THE NINTH CIRCUIT ISSUED

### THE *CEDARS-SINAI* DECISION


        Aside from one minor point (addressed below), RFK avoids the

Cedars-Sinai case assiduously – preferring instead to cite *district court* opinions

issued *before* the  Ninth Circuit issued its Cedars-Sinai decision.  To use those

lower court rulings to guide analysis of the  instant motion in the face of the on-

point decision from the Ninth Circuit would be to turn the concept of "binding

1  precedent" on its head:

2

3      A district judge may not respectfully (or disrespectfully) disagree with

4      his learned colleagues on his own court of appeals who have ruled on

5      a controlling legal issue, or with Supreme Court Justices writing for a

6      majority of the Court.  [footnote omitted].  Binding authority within

7      this regime cannot be considered and cast aside; it is not merely

8      evidence of what the law is. Rather, caselaw on point is the law. If a

9      court must decide an issue governed by a prior opinion that constitutes

10     binding authority, the later court is bound to reach the same result,

11     even if it considers the rule unwise or incorrect. Binding authority

12     must be followed unless and until overruled by a body competent to

13     do so.

14

15 Hart v. Massanari, 266 F.3rd 1155, 1170 (9th Cir. 2001).  Every one of the district

16 court opinions cited by preceded 10 August 2007 when the Ninth Circuit issued its

17 Cedars-Sinai decision.[1]

18

19 _____

20 [1]    On 05 July 2007, the district court issued its order quoted in RFK's
   opposition brief in Fresno Community Hospital and Medical Center v.
21 Souza; on 23 July 2007 for California Pacific Medical Center v. Concentra
   Preferred Systems; on  15 August 200*6* for Catholic Healthcare West-Bay
22 Area v. Seafarers Health & Benefits Plan; and on 24 July 2007 for Marin
   General Hospital v. Modesto & Empire Traction Co.
23

24     RFK's recitation of district court opinions conveniently omits those which
   came to the opposite conclusion.  An example includes the *sua sponte*
25 remand order issued by Hon. Anthony W. Ishii in Fresno Community
   Hospital v. UFCW Employers Benefit Plan, E.D.Cal. Case Number CV F
26 06-1244 AWI LJO.  A true and accurate copy of that order has been attached
   as Exhibit A and is incorporated by this reference as though set forth in full.
27

28

1    In fact, decisions of *other* district courts do not bind the Court here, a court of
2    equal rank.  *See id.*, at 1174 ("[t]hat the binding authority principle applies only to
3    appellate decisions, and not to trial court decisions, is yet another policy choice[;
4    t]here is nothing inevitable about this; the rule could just as easily operate so that
5    the first district judge to decide an issue within a district, or even within a circuit,
6    would bind all similarly situated district judges, but it does not.").

7

8            RFK's only somewhat substantive mention of Cedars-Sinai appears on
9    pages 7 and 8 of its opposition brief where RFK asserts the holding in Cedars-Sinai
10    should be limited to FEHBA only, and not to ERISA.  Aside from the fact that
11    Cedars-Sinai *explicitly* relied upon *ERISA* preemption case law to come to its
12    conclusion, RFK did not even address Cedars-Sinai directly, but merely as a
13    springboard for discussing an *in personam* jurisdictional argument raised in
14    Botsford v. Blue Cross & Blue Shield of Montana, Inc., 314 F.3d 390, 393-94 (9th
15    Cir. 2002).  Thus, RFK seemed to be suggesting Cedars-Sinai does not apply since
16    Botsford held that FEHBA jurisdiction was "narrower" than ERISA jurisdiction.
17    Opposition Brief p.8.  But RFK forgets the issue here is not federal *in personam*
18    jurisdiction, but federal *pre-emption* law as it applies to federal *subject matter*
19    jurisdiction.  Cedars-Sinai itself distinguished Botsford on that issue:

20

21            Unlike this case, however, Botsford involved claims brought by a plan
22            enrollee for reimbursement related to the benefits that he received
23            from a medical provider. In contrast, in this case the claims are
24            brought by a third-party hospital which could not be not considered a
25            "covered individual" or other relevant party under FEHBA or its
26            implementing regulations. Consequently, Cedars-Sinai does not have
27            a remedy under the statute. Because Cedars-Sinai's claims arise from
28            PBP Health's contractual obligation to Cedars-Sinai-an obligation that

arose when PBP Health represented that S.M. was covered by the
Plan-Cedars-Sinai's claims do not "relate to" "benefits" to S.M.

Cedars-Sinai , *supra*, 497 F.3rd at 977.  In sum, Cedars-Sinai still controls the
outcome of the instant motion.

# IV.
## CONCLUSION

For all the above-stated reasons, as well as the reasons set forth in its
moving papers, Pioneers Memorial renews its request for the Court to remand this
case back to state court.  Despite RFK's *ipse dixit* re-characterizations of the
complaint, Pioneers Memorial did not include any cause of action subject to
ERISA or ERISA's pre-emption principles.  Thus, the Court lacks any "federal
question" jurisdiction of this matter pursuant to either 28 U.S.C. §§ 1331 and 1441.

Dated: 27 June 2008

STEPHENSON, ACQUISTO & COLMAN

/S/Karlene J. Rogers-Aberman
SBN 237883

KARLENE J. ROGERS-ABERMAN
Attorneys for
PIONEERS MEMORIAL HEALTHCARE
DISTRICT

# **PROOF OF SERVICE**

        I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 303 North Glenoaks Boulevard, Suite 700, Burbank, California 91502-3226.  On 27 June 2008, I served the foregoing document(s) entitled:

PIONEERS MEMORIAL HEALTHCARE DISTRICT'S ***REPLY BRIEF*** RE ITS MOTION FOR REMAND

by placing a true copy thereof enclosed in a sealed envelope addressed per the attached Service List.

[ X ]   BY MAIL:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid at Burbank, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit. [C.C.P. 1013a(3); F.R.C.P. 5(b)]

[ ]   BY FEDERAL EXPRESS:  I caused such envelope(s), with overnight Federal Express Delivery Charges to be paid by this firm, to be deposited with the Federal Express Corporation at a regularly maintained facility on the aforementioned date. [C.C.P. 1013(c) 1013(d)]

[ ]   BY EXPRESS MAIL:  I caused such envelope(s), with postage thereon fully prepaid and addressed to the party(s) shown above, to be deposited in a facility operated by the U.S. Postal Service and regularly maintained for the receipt of Express Mail on the aforementioned date. [C.C.P. 1013(c)]

[ ]   BY TELECOPIER:  Service was made on all parties at approximately ____:____ am/pm by transmitting said document(s) from this firm's facsimile machine (818/559-4477) to the facsimile machine number(s) shown above.  Transmission to said numbers was successful as evidenced by a Transmission Report produced by the machine indicating the documents had been transmitted completely and without error.  C.R.C. 2008(e), Cal. Civ. Proc. Code § 1013(e).

[ ]   State:  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[**X**]    Federal:  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

/S/Angela Demers

ANGELA DEMERS

## SERVICE LIST

Peter S. Dickinson
Anjetta McQueen
BUSH GOTTLIEB SINGER LOPEZ
KOHANSKI ADELSTEIN &
DICKINSON, A Law Corporation
500 N. Central Avenue, Suite 800
Glendale, CA 91302-4657

Telephone:    (818) 973-3200
Facsimile:    (818) 973-3201

Attorneys for Defendant
Robert F. Kennedy Farm Workers
Medical Plan