# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRESNO COMMUNITY HOSPITAL AND MEDICAL CENTER, dba COMMUNITY REGIONAL MEDICAL CENTER,<br><br>    Plaintiff,<br><br>    v.<br><br>UFCW EMPLOYERS BENEFIT PLAN OF NORTHERN CALIFORNIA GROUP ADMINISTRATION, LLC; UFCW NORTHERN CALIFORNIA HEALTH AND WELFARE TRUST FUND; and DOES 1 THROUGH 10, INCLUSIVE,<br><br>    Defendants. | CV F 06-1244 AWI LJO<br><br>MEMORANDUM OPINION AND ORDER DENYING MOTION TO DISMISS<br><br>ORDER REMANDING ACTION TO THE FRESNO COUNTY SUPERIOR COURT<br><br>(Document #9) |

## BACKGROUND

On August 4, 2006, Plaintiff filed a complaint in the Fresno County Superior Court. The complaint's first cause of action alleges breach of a an agreement between Plaintiff and Defendants by which Defendants would pay Plaintiff for medical treatment given to members in Defendants' medical plan. The second cause of action alleges quantum meruit based on Defendants' representations that Patient B.G. was covered by Defendants' medical plan. The third cause of action alleges estoppel based on Defendants' representations that Patient B.G. was covered by Defendants' medical plan.

On September 11, 2006, Defendants removed this action to this court. Defendants contends this court has jurisdiction because all causes of action are preempted by the terms of the Employee Retirement Income Security Act of 1974 ("ERISA"). As such, Defendants contend

1  that this court has jurisdiction pursuant to 28 U.S.C. § 1331.

2  On September 15, 2006, Defendants filed a motion to dismiss the complaint. Defendants
3  contend that Plaintiff's causes of action must be dismissed because they are preempted by
4  ERISA. On November 22, 2006, Plaintiff filed an opposition and a request for the court to sua
5  sponte remand this action back to the Fresno County Superior Court. Plaintiff contends that this
6  action is not preempted by ERISA because the contract and actions between Plaintiff and
7  Defendants at issue do not include the ERISA plan between patient B.G. and Defendants. On
8  December 4, 2006, Defendants filed a reply.

## ALLEGED FACTS

10  The complaint alleges that Plaintiff is a non-profit corporation that provides medical
11 services.

12  The complaint alleges that Defendants are in the business of providing health care
13 services to its subscribers/ enrollees/ members ("Members") or paying for or reimbursing part or
14 all of the cost of medical services in return for a prepaid or periodic charge paid by or on behalf
15 of those Members.

16  The complaint alleges that at all relevant times, Blue Cross of California ("Blue Cross")
17 entered into written contracts with hospitals and physicians ("Blue Cross Contract"). According
18 to the Blue Cross Contract, hospitals and/or physicians agreed to provide medically necessary
19 services, supplies, and/or equipment to persons or entities contracted with Blue Cross. In
20 exchange, Blue Cross agreed to pay such hospitals and physicians for medically necessary
21 services, supplies, and/or equipment to Members of Blue Cross.

22  The complaint alleges that Defendants had an agreement with Blue Cross by which
23 Defendants would pay hospitals and/or physicians for medically necessary services and supplies
24 and/or equipment rendered to its Members pursuant to the negotiated rates under the Blue Cross
25 Contract.

26  The complaint alleges that at all relevant times, Plaintiff had entered into a Blue Cross

Contract to provide medical services, supplies, and/or equipment for the benefit of all Members of Blue Cross and/or Other Payers.  The complaint alleges that under the Blue Cross Contract, Plaintiff agreed to provide medically necessary services, supplies, and/or equipment to Members of Defendants' health plan.  The complaint alleges that in exchange, Defendants agreed to pay Plaintiff pursuant at the negotiated rates set forth in the Blue Cross Contract.  The complaint alleges that the negotiated rates under the Blue Cross Contract provided for inpatient services to be paid at 71% of the total billed charges (the "Negotiated Rates") submitted by the hospital. The complaint alleges that under the Blue Cross Contract, Plaintiff agreed to submit bills to Defendants, and/or Blue Cross acting as Defendants' agent, reflecting Plaintiff's total billed charges rendered to Members of Defendants' health plan on a claim form.

The complaint alleges that at all relevant times, a patient with Plaintiff's patient number 106859848 ("Patient B.G.") was a Member of Defendant's health plan.

The complaint alleges that on or about March 2, 2002, Patient B.G. was transferred to Plaintiff and received medically necessary services at the sub-acute care level.  Plaintiff treated Patient B.G. from March 2, 2002 until his death on or about April 13, 2004.

The complaint alleges that Medicare paid for the medical services rendered to Patient B.G. up until June 9, 2002, when Patient B.G.'s Medicare benefits were exhausted.  The complaint alleges that thereafter, Defendants were financially responsible for the charges resulting from Plaintiff's care of Patient B.G.

The complaint alleges that on or about June 30, 2003, Plaintiff contacted by telephone Defendants' agent for medical authorization for the treatment of Patient B.G.  Defendants' agent provided a reference number and stated that no authorization number was required.

The complaint alleges that on or about September 22, 2004, BC Life and Health U.M. Department, acting as Defendants' agent, certified that the dates of services rendered by Plaintiff from June 10, 2002 through April 13, 2004 were medically necessary.

The complaint alleges that Plaintiff's total billed charges for its services to Patient B.G.

1  are $1,918,643.50. The complaint alleges that under the Blue Cross Contact, Defendants owed
2  Plaintiff a balance of $1,362,236.89 after application of the 71% contract term.
3     The complaint alleges that Plaintiff submitted the claim to Blue Cross for payment by
4  Defendants.
5     The complaint alleges that Plaintiff has received a total of $6,090.00 from Defendants.
6  The complaint alleges that Defendants have failed to pay the balance owed.

## LEGAL STANDARD

**A. Motion to Dismiss**

A complaint may be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Balistreri v. Pacifica Police Department, 901 F.2d 696, 699 (9th Cir. 1990). A Rule 12(b)(6) dismissal can be based on the failure to allege a cognizable legal theory or the failure to allege sufficient facts under a cognizable legal theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir.1984). In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421(1969).

**B. Removal and Remand**

Any civil action commenced in state court is removable to federal court if it might have been brought originally in federal court. 28 U.S.C. § 1441(a). Removal statutes are strictly construed against allowing removal jurisdiction. Boggs v. Lewis, 863 F. 2d 662, 663 (9th Cir. 1988). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F. 2d 564, 566 (9th Cir. 1992).

"The presence or absence of federal question jurisdiction is governed by the 'well-

4

1  pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal
2  question is presented on the face of the plaintiff's properly pleaded complaint." California v.
3  United States, 215 F.3d 1005, 1014 (9th Cir. 2000); see also California ex. rel. Lockyer v.
4  Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004); Duncan, 76 F.3d at 1485.  Under the "well-
5  pleaded complaint" rule, courts look to what "necessarily appears in the plaintiff's statement of
6  his own claim in the bill or declaration, unaided by anything in anticipation of avoidance of
7  defenses which it is thought the defendant may interpose." California, 215 U.S. at 1014.  "A
8  defense is not part of a plaintiff's pleaded statement of his or her own claim." Dynegy, 375 F.3d
9  at 838.   The plaintiff is the 'master' of the case, and if the plaintiff can maintain the claims on
10  both state and federal grounds, the plaintiff may ignore the federal question, assert only state
11  claims, and defeat removal." Duncan, 76 F.3d at 1485.  However, the "artful pleading doctrine is
12  a corollary to the well-pleaded complaint rule, and provides that although the plaintiff is the
13  master of his own pleadings, he may not avoid federal jurisdiction by omitting from the
14  complaint allegations of federal law that are essential to the establishment of his claim." Lippitt
15  v. Raymond James Fin. Serv., 340 F.3d 1033, 1041 (9th Cir. 2003).

16     "If at any time prior to judgment it appears that the district court lacks subject matter
17  jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).  A district court has "a duty to
18  establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties
19  raised the issue or not." United Investors Life Ins. Co. v. Waddell & Reed, Inc., 360 F.3d 960,
20  967 (9th Cir. 2004).  "Thus, the court can, in fact must, dismiss a case when it determines that it
21  lacks subject matter jurisdiction, whether or not a party has a filed a motion." Page v. City of
22  Southfield, 45 F.3d 128, 133 (6th Cir. 1995).  In other words, a district court may remand a
23  removed case *sua sponte* if it determines that it lacks subject matter jurisdiction over the case.
24  See, e.g., Zuniga v. Chugach Maintenance Services, 2006 WL 769317, *4 (E.D.Cal. 2006);
25  Knutson v. Allis-Chalmers Corp., 358 F. Supp. 2d 983, 990 (D. Nev. 2005); Tortola Restaurants,
26  L.P. v. Kimberly-Clark Corp., 987 F. Supp. 1186, 1188 (N.D. Cal. 1997); cf. Kelton Arms
27
28                                                      5

Condo. Homeowners Ass'n v. Homestead Ins. Co., 346 F.3d 1190, 1192-93 (9th Cir. 2003) (holding that a court may not *sua sponte* remand for procedural defects in removal but noting a distinction between procedural and jurisdictional defects and that a "district court must remand if it lacks jurisdiction").

## DISCUSSION

**A. Motion to Dismiss - ERISA Preemption**

ERISA preemption is a ground for removal from state court to federal court. Aetna Health Inc. v. Davila, 542 U.S. 200, 206-07 (2004). In order to be removable to federal court, a claim concerning a plan governed by ERISA must be preempted by ERISA and must fall within the scope of ERISA's enforcement provisions. Providence Health Plan v. McDowell, 385 F.3d 1168, 1171 (9th Cir. 2004), *cert. denied*, – U.S. – , 125 S.Ct. 1726, *and cert. denied*, – U.S. – , 125 S.Ct. 1735 (2005) (citing Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 62-66)). A state law claim is preempted by ERISA if: (1) there is an "employee benefit plan" as defined by ERISA; and (2) the state law claim "relates to" the ERISA plan. 29 U.S.C. § 1144(a); Peralta v. Hispanic Business, Inc., 419 F.3d 1064, 1069 (9th Cir. 2005).

Generally speaking, a common law claim "relates to" an employee benefit plan governed by ERISA "if it has a connection with or reference to such a plan." Providence Health Plan, 385 F.3d at 1171; Blue Cross of Cal. v. Anesthesia Care Assocs. Med. Group, Inc., 187 F.3d 1045, 1052 (9th Cir.1999). In evaluating whether a common law claim has a "connection with" a plan governed by ERISA, the court is to evaluate whether the action has a genuine impact on a relationship governed by ERISA, such as the relationship between the plan and a participant. Abraham v. Norcal Waste Sys., Inc., 265 F.3d 811, 820-21 (9th Cir. 2001); Blue Cross of Cal., 187 F.3d at 1052-53. In evaluating whether a common law claim has a "reference to" a plan governed by ERISA, the focus is whether the claim is premised on the existence of an ERISA plan, and whether the existence of the plan is essential to the claim's survival. If so, a sufficient "reference" exists to support preemption. California Div. of Labor Standards Enforcement v.

Dillingham Constr., N.A., Inc., 519 U.S. 316, 324-25 (1997); Providence Health Plan, 385 F.3d at 1172. In short, if the adjudication of a claim requires no interpretation of an ERISA plan, no distribution of benefits, and no dispute regarding any benefits previously paid, a claim does not relate to an employee benefit plan. Peralta, 419 F.3d at 1069. However, where a claim requires interpretation of an ERISA plan or law, ERISA preemption exists. See id.

The issue before the court is whether Plaintiff's action, based on a state law breach of contract claim and misrepresentation claims, is preempted by ERISA. If this action is preempted by ERISA, the complaint must be dismissed. If this action is not preempted, the court lacks subject matter jurisdiction and the complaint must be remanded to state court.

Defendants contend that the complaint concerns medical services provided by Plaintiff to Patient B.G., who is a Member in Defendants' ERISA Plan. Because Plaintiff alleges Patient B.G. was entitled to benefits under the Plan, Defendants contend this action is preempted because it necessarily will require the court to interpret Patient B.G.'s ERISA benefits. Plaintiff contends that this action does not arise from the ERISA Plan to which Patient B.G. and Defendants are parties. Plaintiff states that it is **not** suing Defendants as an assignee of Patient B.G.'s benefits under the ERISA Plan. Rather, Plaintiff claims it is suing pursuant to its own contract with Defendants and for Defendants alleged misrepresentations to Plaintiff. Because these claims do not concern the ERISA Plan, Plaintiff argues there is no ERISA preemption.

ERISA does not preempt the state law claims of plaintiffs who are without standing to challenge ERISA violations. Harris v. Provident Life and Accident Ins. Co., 26 F.3d 930, 934 (9th Cir. 1994); Curtis v. Nevada Bonding Corp., 53 F.3d 1023, 1026-27 (9th Cir. 1995). If the plaintiff is not a participant, beneficiary, or fiduciary of an ERISA plan, then its state law claims fall outside of ERISA's sphere and are not subject to preemption. The Meadows v. Employers Health Insurance, 47 F.3d 1006, 1009-10 (9th Cir.1995); Scott v. Gulf Oil Corp., 754 F.2d 1499, 1505-06 (9th Cir. 1985).

Here, Plaintiff is a third-party health care provider suing an ERISA fiduciary. While the

parties in this action have cited no case with identical facts, several cases are informative on when a third-party health care provider's legal action is preempted by ERISA. In Meadows v. Employers Health Insurance, 47 F.3d 1006 (9th Cir. 1995), the Ninth Circuit held that ERISA does not preempt a third-party health care provider's independent state law claims against a plan because no claims related to" the administration of an ERISA plan. Id.at 1010. The plaintiff in Meadows was third-party health care provider who brought an action in state court against the defendant insurer for state law claims arising out of defendant insurer's alleged misrepresentation concerning whether patients were covered. Id. 1007-08. The Ninth Circuit found that the plaintiff's state law claims for misrepresentation and estoppel made no reference to and functioned irrespective of the existence of an ERISA plan. Id. at 1010. Because the claims concerned whether there was plan coverage, a fact which was allegedly misrepresented by the defendant to the detriment of the plaintiff, the Ninth Circuit found the state law claims were not preempted by ERISA. Id.

Other circuits that have also considered the issue of ERISA preemption of state law claims made by third-party health care providers for misrepresentation by ERISA plan administrators or insurers. Other circuits have also concluded that a health care provider's state law claims based on misrepresentation are not preempted by ERISA. See, e.g., Lordmann Enterprises, Inc. v. Equicor, Inc., 32 F.3d 1529, 1533 (11th Cir. 1994); Hospice of Metro Denver, Inc. v. Group Health Ins. of Oklahoma, Inc., 944 F.2d 752, 756 (10th Cir. 1991); Memorial Hosp. System v. Northbrook Life Ins. Co., 904 F.2d 236, 250 (5th Cir. 1990). In Memorial Hospital System v. Northbrook Life Ins. Co., 904 F.2d 236 (5th Cir.1990), the Fifth Circuit noted that courts have found preemption if "(1) the state law claims address areas of exclusive federal concern, such as the right to receive benefits under an ERISA plan; and (2) the claims directly affect the relationship among the traditional ERISA entities (the employer, the plan and its fiduciaries, and the participants and beneficiaries)." Meadows, 47 F.3d at 1009 (citing Memorial Hospital, 904 F.2d at 245). The Fifth Circuit held that a third-party health care

provider's independent claims for damages for misrepresentation of coverage against an ERISA plan do not fall within the scope of these two factors. Memorial Hospital, 904 F.2d at 245. In reaching this finding, the Fifth Circuit noted that Congress enacted ERISA to protect the interests of employees and their beneficiaries and that a third-party health care provider's claim against a plan does not infringe upon an area which Congress sought to regulate. Id. at 247.

Based on this authority, Plaintiff's claims for misrepresentation and quantum meruit are not preempted by ERISA. In these claims, Plaintiff seeks damages for Defendants' alleged misrepresentations regarding whether Patient B.G. was covered by the Blue Cross Contract. Claims by third-party health care providers for misrepresentation against ERISA plans that arise from misrepresentations over whether an individual is covered are simply not preempted by ERISA. See Meadows, 47 F.3d at 1010; Memorial Hospital, 904 F.2d at 245.

The complicating factor in this case is the presence of a breach of contract claim and the fact Plaintiff alleges in the complaint that Patient B.G. was covered under Defendants' ERISA plan. The parties dispute whether a third-party health care provider can sue for breach of contract outside of an ERISA cause of action. The Ninth Circuit has allowed third-party health care providers to sue under ERISA in some situations. In Misic v. Building Service Employees Health and Welfare Trust, 789 F.2d 1374 (9th Cir. 1986), the Ninth Circuit affirmed the principle that ERISA preempts state law claims of a health care provider suing as an assignee of a beneficiary's rights to benefits under an ERISA plan. Id. at 1379. The doctor in Misic provided dental services to the beneficiaries of an ERISA plan, and the beneficiaries assigned the doctor their rights to reimbursement from the plan. Id. at 1375. When the doctor sued the trust to recover his fees, the trust argued that the doctor lacked standing to sue under ERISA. Id. at 1377. The Ninth Circuit rejected the trust's arguments stating:

> These arguments mistakenly treat Dr. Misic as a suitor in his own right. Dr. Misic sues derivatively, as assignee of beneficiaries. As paragraph 12 of the complaint alleges, Dr. Misic "stands in the shoes of the [b]eneficiaries;" and Dr. Misic's assignors, beneficiaries under the Act, are expressly authorized by section 1132(a)(1)(B) to sue to recover benefits due under a plan.

9

Misic, 789 F.2d at 1378. The Ninth Circuit in Misic did not address, however, the issue of preemption of state law claims by a health care provider suing, not as an assignee of an ERISA beneficiary, but as an independent entity seeking damages distinguished from a plan benefits to a plan beneficiary.

The court finds that Misic and its progeny are distinguishable from the breach of contract claim before this court because Plaintiff is not seeking benefits as an assignee of Patient B.G.'s ERISA benefits. The complaint alleges that Defendants breached the Blue Cross Contract between Defendants and Plaintiff. The complaint asks for damages based on the 71% contract term found in the Blue Cross Contract. Based on the complaint's allegations and Plaintiff's statements in the opposition, determining the amount owed to Plaintiff can be based on the terms of the Blue Cross Contract and will not include a review of the ERISA plan between Defendants and Patient B.G. Thus, the breach of contract action does not have the requisite "connection with" or "reference to" an ERISA plan. Plaintiff sues only as a third-party health care provider for claims that are non-derivative and independent of those Patient B.G.'s estate may have against Defendant. Plaintiff sues for damages and not for plan benefits. Based on the allegations in the complaint[1] Plaintiff is simply attempting, through contract and tort law, to enforce the reimbursement contract between Plaintiff and Defendants. Because adjudication of the breach of contract claim does not require interpreting the Plan, Plaintiff's breach of contract claim is not barred by ERISA.

Plaintiff's breach of contract claim and misrepresentation claims are not preempted by ERISA. As such, Defendants' motion to dismiss this action on the ground of ERISA preemption

---

[1] In considering a motion to dismiss, the court must accept as true the allegations of the complaint. Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976). Thus, the court must accept as true Plaintiff's representations that: (1) Plaintiff's breach of contract claim will only require an interpretation of the Blue Cross Contracts and not the ERISA Plan between Defendants and Patient B.G.; and (2) Plaintiff is not suing as an assignee of Patient B.G.'s rights under the ERISA plan. Because relief can be granted without considering the ERISA plan under a set of facts that are consistent with the complaint's allegations, the complaint states viable state law claims. See Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002).

must be denied.

**B. Remand, Attorney's Fees, and Costs**

This action was removed to this court based on ERISA preemption. For the reasons discussed above, this state law action is not preempted by ERISA. If at any time prior to judgment it appears that the court lacks subject matter jurisdiction over a removed action, the court should sua sponte remand the action to state court. 28 U.S.C. § 1447(c); United Investors Life Ins. Co. v. Waddell & Reed, Inc., 360 F.3d 960, 967 (9th Cir. 2004). This action must be remanded to state court because the only basis of this court's subject matter jurisdiction is ERISA preemption, and the court finds no ERISA preemption.

In the event the court finds this action is not preempted and remands it, Plaintiff asks for its costs and attorneys' fees. Title 28 U.S.C. § 1447(c) allows the court to award costs, including attorney's fees, incurred as a result of an improper removal to federal court. In Martin v. Franklin Capital Corp., 546 U.S. 132, 126 S.Ct. 704 (2005), the Supreme Court set forth the appropriate analysis for evaluating Section 1447(c) awards. The Supreme Court held that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Id. at 711.

The court finds that Defendants had an objectively reasonable basis for removing this action to federal court. No Ninth Circuit or Supreme Court case has addressed the issue of a third-party heath care provider's suit based on the heath care provider's own contract with an ERISA plan or insurance company as opposed to a third-party health care provider's suit based on the assignment of a beneficiaries's rights under an ERISA plan. In fact, the parties were unable to cite the court to any other breach of contract case in which assignment was not alleged. Thus, a reasonable litigant in Defendants' position could have concluded federal court was a proper forum in which to litigate the breach of contract claim because Defendants' duties to Patient B.D. are based on an ERISA Plan. The fact the court disagrees with Defendants does not

11

make their removal objectively unreasonable. In addition, there are no unusual circumstances to justify departing from Martin's requirement that objective unreasonableness is required for costs and attorney's fees. In Martin the Supreme Court explained that a decision to depart from the general rule should be "faithful to the purposes of awarding fees under § 1447(c)," i.e., to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, and to observe Congress's basic decision to afford defendants a right to remove as a general matter. Martin, 126 S.Ct. at 711. There is nothing in the record to suggest Defendants removed this action to federal court for an improper purpose, such as prolonging litigation or imposing costs. Thus, costs and fees are not warranted.

## ORDER

Based on the above memorandum opinion, the court ORDERS that:

1. Defendants' motion to dismiss is DENIED;
2. This action is REMANDED to the Fresno County Superior Court;
3. Plaintiff's request for attorney's fees and costs is DENIED; and
4. The Clerk of the Court is directed to serve a courtesy copy of this order upon the Fresno County Superior Court.

IT IS SO ORDERED.

Dated:   **December 19, 2006**          /s/ Anthony W. Ishii
9h0d30                                          UNITED STATES DISTRICT JUDGE