# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PIONEERS MEMORIAL HEALTHCARE DISTRICT, a California nonprofit corporation,<br><br>Plaintiff,<br>vs.<br>ROBERT F. KENNEDY FARM WORKERS MEDICAL PLAN, a California health plan; and DOES 1 through 25, inclusive,<br><br>Defendants. | CASE NO. 08cv747 WQH (CAB)<br><br>**ORDER** |

HAYES, Judge:

The matters before the Court are the Motion to Dismiss Complaint (Doc. # 3) and the Motion to Remand (Doc. # 5).

**Background**

On or about February 5, 2008, Plaintiff Pioneers Memorial Healthcare District ("Pioneers Memorial") initiated this action by filing a Complaint in the Superior Court of California, County of Imperial (Doc. # 1). On April 24, 2008, Defendant Robert F. Kennedy Farm Workers Medical Plan ("RFK") removed the action to this Court. *Not. of Removal,* p. 1.

The Complaint alleges that hospitals and/or physicians enter into a written contract with Community Care Network ("CCN Contract") whereby the hospitals and physicians would provide necessary services, supplies and/or equipment to individual enrollees of health

plans registered with CCN as "Payor" signatories to the CCN Contract. The Complaint alleges that in exchange, the Payor signatories agreed to pay the hospitals and/or physicians for the services, supplies and/or equipment, pursuant to payment terms specified in the CCN Contract. *Complaint,* ¶ 7. The Complaint alleges that RFK registered with CCN as a Payor signatory to the CCN Contract and "hence agreed to pay hospitals and/or physicians for the medically necessary services, supplies and/or equipment rendered to the individual enrollees of RFK's health plan pursuant to the terms of the CCN Contract." *Id.,* ¶ 8. The Complaint alleges:

> [U]nder the CCN Contract, Pioneers agreed to provide medically necessary services, supplies, and/or equipment to the individual enrollees of RFK's health plan; in exchange, RFK agreed to pay Pioneers the negotiated rates pursuant to the terms of the CCN Contract for the medically necessary services, supplies, and/or equipment rendered to the individual enrollees of RFK's health plan.

*Id.,* ¶ 10. The Complaint alleges that the "negotiated rates under the CCN Contract provided among other things for such impatient services to be paid at a 15% discount off the ordinary total billed charges submitted by Pioneers." *Id.,* ¶ 10.

The Complaint alleges that on June 28, 2005, Pioneers Memorial admitted an individual enrollee ("Patient") of RFK's health plan, and provided the Patient with medically necessary emergency services, supplies, and/or equipment until July 26, 2005, when the Patient was discharged. The Complaint alleges that on June 29, 2005, a RFK employee verified that the Patient was in fact enrolled under RFK's health plan, and stated that RFK would pay 100% of the first $1,500.00 in charges and 80% of charges thereafter. The Complaint alleges that "[n]o mention was made by RFK of any annual payment maximums associated with the [Patient's] healthcare policy." *Id.,* ¶ 13. The Complaint alleges that on June 29, 2005, Pioneers "telephoned CCN, RFK's agent," and that CCN employees authorized the Patient's treatment for June 28 through June 20, July 1 through July 1, and through July 25. *Id.,* ¶¶ 14-16.

The Complaint alleges that "Pioneers' ordinary total billed charges for rendering the medically necessary services, supplies, and/or equipment to [the Patient] from June 28, 2005 through July 26, 2005 totaled $122,616.91." *Id.,* ¶ 17. The Complaint alleges:

> Thus, according to the CCN Contract, RFK owed Pioneers a balance of $104,224,37 after application of the 15% discount of $18,392.54. Alternatively, based on the oral representations made by RFK or its agents to Pioneers, RFK owed Pioneers a balance of $98,393.53 - i.e. 100% of the first $1500 in charges and 80% of the remaining balance.

*Id.,* ¶ 18. The Complaint alleges that on or about September 6, 2005, Pioneers Memorial received a total payment of $26,755.90 from RFK. The Complaint alleges that "RFK failed to pay Pioneers for the remaining balance of either $77,468.47 based on the CCN Contract rates . . . , or $71,637.63 based on the oral contract created when RFK verified [the Patient's] benefits." *Id.,* ¶ 21.

The Complaint alleges that RFK "breached the CCN Contract by filing to pay Pioneers the CCN Contract Amount Due." *Id.,* ¶ 28. The Complaint alleges that RFK breached the oral contract, pursuant to which RFK represented that RFK would pay 100% of the first $1500 of Pioneers Memorial's billed charges and 80% of charges thereafter, by "failing to pay Pioneers the Oral Contract Amount Due." *Id.,* ¶ 34. The Complaint alleges that RFK's representations were false and made with the intent to induce Pioneers Memorial to continue rendering medical services, supplies and/or equipment, and that Pioneers Memorial reasonably relied on RFK's misrepresentations. The Complaint alleges the following causes of action: (1) breach of written contract, (2) breach of oral contract, (3) negligent misrepresentation, and (4) common count: goods and services rendered.

On April 30, 2008, RFK filed the Motion to Dismiss, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. RFK moves to dismiss on grounds that the claims alleged in the Complaint are preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. sections 1001, et seq., and because the Complaint fails to state any cognizable cause of action under ERISA. On May 16, 2008, Pioneers Memorial filed an opposition to the Motion to Dismiss (Doc. # 4). On May 16, 2008, Pioneers Memorial filed the Motion to Remand, pursuant to 28 U.S.C. section 1447(c). Pioneers

1  Memorial moves to remand on grounds that the Court lacks original jurisdiction over the
2  action because none of the claims alleged in the Complaint "relate to" ERISA. *Mot. to
3  Remand,* p. 4. On May 23, 2008, RFK filed a reply to the opposition to the Motion to
4  Dismiss (Doc. # 7). On June 23, 2008, RFK filed an opposition to the Motion to Remand
5  (Doc. # 9). On June 27, 2008, Pioneers Memorial filed a reply to the opposition to the
6  Motion to Remand (Doc. # 11).

7  On September 15, 2008, the Court heard oral argument (Doc. # 13).

## Standard of Review

9  Pursuant to 28 U.S.C. section 1441(a), a defendant may remove "any civil action
10 brought in a State court of which the district courts of the United States have original
11 jurisdiction." 28 U.S.C. § 1441(a). The burden of establishing removal jurisdiction under
12 28 U.S.C. § 1332(d) is on "the proponent of federal jurisdiction." *Abrego v. The Dow*
13 *Chemical Co.*, 443 F.3d 676, 680 (9th Cir. 2006).

## Analysis

15 Pioneers Memorial contends that the claims in the Complaint are not preempted by
16 ERISA because Pioneers Memorial is a third-party hospital, seeking recovery of damages
17 based on independent state-law-based contractual obligations owed by RFK. Pioneers
18 Memorial contends that it is not a plan participant or beneficiary seeking to recover for
19 improper processing of a claim for plan benefits or for breach of the plan contract. Pioneers
20 Memorial contends that it is not an assignee of a plan participant or beneficiary. Pioneers
21 Memorial contends that its claims do not relate to benefits under the terms of an ERISA plan,
22 but instead relate to damages suffered by Pioneers Memorial as a result of RFK's breach of
23 its contract with Pioneers Memorial. Pioneers Memorial contends that its claims do not
24 directly affect the relationship among traditional ERISA entities because "[w]hile Pioneers
25 Memorial alleges that it has a contract with RFK, it has not alleged that this contract in any
26 way is based on the patient's health plan." *Mot. to Remand,* p. 13. Pioneers Memorial
27 moves to remand on grounds that the Complaint does not plead any causes of action over
28 which the Court has original jurisdiction.

RFK contends that Pioneers Memorial's claim "is effectively a dispute over how much the Plan should pay Pioneer under the RFK Health Plan." *Opposition,* p. 4. RFK contends that this action is based on Pioneers Memorial's allegation that RFK did not pay enough of the medical claims incurred by the hospital. RFK contends that Pioneers Memorial's status therefore "derives from an ERISA regulated relationship between the RFK Plan and its participant/ patient." *Id.* RFK contends that Pioneers Memorial's claims are preempted by ERISA because they are "intertwined with the terms of the RFK Plan." *Id.* at. 9.

ERISA's preemption clause provides that the provisions of ERISA "supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). Although the Supreme Court has given the phrase "relate to" expansive meaning, the Supreme Court has held that not all state law claims are preempted. *Mackey v. Lanier Collection Agency & Service, Inc.,* 486 U.S. 825 (1988); *Hoag Memorial Hospital v. Managed Care Administrators,* 820 F. Supp. 1232, 1234 (C.D. Cal. 1993). The Ninth Circuit has articulated the following "unifying characteristics of cases where ERISA preemption was found: (1) the state law claims address areas of exclusive federal concern, such as the right to receive benefits under the terms of an ERISA plan; and (2) the claims directly affect the relationship among traditional ERISA entities - the employer, the plan and its fiduciaries, and the participants and beneficiaries." *Cedars-Sinai Medical Center v. National League of Postmasters of the United States,* 497 F.3d 972, 978 (9th Cir. 2007). (quoting *Memorial Hospital System v. Northbrook Life Insurance Co.,* 904 F.2d 236, 245 (5th Cir. 1990).

A party can avoid ERISA preemption if it identifies a separate contract between the parties or alleges a specific misrepresentation that does not require interpretation of the ERISA plan and would not affect the relationships of the ERISA participants. *Geweke Ford v. St. Joseph's Omni Pref. Care, Inc.,* 130 F. 3d 1355, 1358 (9th Cir. 1997); *see also Peralta v. Hispanic Business, Inc.,* 419 F.3d 1064, 1069 (9th Cir. 2005) (common law claims do not "relate to" an ERISA plan when the "adjudication of the claim required no interpretation of

the [ERISA] plan, no distribution of benefits, and no dispute regarding any benefits previously paid"). ERISA "does not preempt 'claims by a third-party who sues an ERISA plan not as an assignee of a purported ERISA beneficiary, but as an independent entity claiming damages' because such claims do not 'relate' to ERISA preemption." *Cedars-Sinai Medical Center,* 497 F.3d at 978. Courts distinguish between claims brought in the provider's derivative capacity as an assignee of plan benefits, which are preempted by ERISA, and those brought in its independent status as a third-party health care provider, which are not preempted. *Memorial Hospital,* 904 F.2d at 250; *see also Hoag Memorial Hospital,* 820 F. Supp. at 1236 ("Hoag Memorial's claims to recover promised payment from the employer and the administrator of the Plan must be distinguished from an action by an ERISA participant or beneficiary to recover benefits under the terms of the plan. It is this Court's opinion that ERISA's preemption provision was intended to preclude the latter, not the former."). The Ninth Circuit has reasoned that "depriving an independent third-party provider of a state-law cause of action does not further, but rather defeats, Congress's purpose behind enacting ERISA." *Cedars-Sinai,* 497 F.3d at 979 (citing *Memorial Hospital,* 904 F.2d at 250).

The claims alleged in the Complaint arise out alleged breach of contractual obligations owed by RFK to Pioneers Memorial. The Complaint alleges that RFK breached written contractual obligations owed to Pioneers Memorial under the CCN Contract, and oral contractual obligations owed to Pioneers Memorial pursuant oral representations made by RFK employees to Pioneers Memorial. The Complaint does not allege contractual obligations owed to Pioneers Memorial by RFK based on the RFK health plan. Interpretation of the CCN Contract and the representations allegedly made by RFK employees to Pioneers Memorial does not require interpretation of the RFK health plan. As alleged in the Complaint, Pioneers Memorial is suing RFK as an independent third-party provider, claiming damages, not in a derivative capacity as an assignee of plan benefits. The Court concludes that the claims alleged in the Complaint are not preempted by ERISA because they do not relate to an ERISA plan. The Court grants the Motion to Remand.

## Conclusion

IT IS HEREBY ORDERED that the Motion to Remand (Doc. # 5) is **GRANTED.** The Court **REMANDS** this action to the state court.

DATED: September 19, 2008

**WILLIAM Q. HAYES**
United States District Judge